UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:17 CR 220 (JAM) |
| v. | : | |
| ANDRE FLOTRON | : | |

**UNCONTESTED MOTION TO TOLL SPEEDY TRIAL CLOCK**

**I.      INTRODUCTION**

On November 7, 2017, the Court continued the trial in this matter from December 7, 2017, to April 6, 2018.  The Government moves that the period of time from today to this new trial date should be excluded from the calculation of time within which the trial of the offenses charged in this matter must commence (the "speedy trial clock").  As discussed more fully below, "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial."[1]

The attorney for the Government conferred with defense counsel, and defense counsel indicated that his client does not oppose the relief sought by the Government.

**II.     FACTS**

On September 12, 2017, defendant Andre Flotron was charged by complaint with conspiracy (in violation of 18 U.S.C. § 371), wire fraud (in violation of 18 U.S.C. § 1343), commodities fraud (in violation of 18 U.S.C. § 1348(1)), and spoofing (in

---

[1] 18 U.S.C. § 3161(h)(7)(A).

violation of 7 U.S.C. §§ 6c(a)(5)(C) & 13(a)(2)). (ECF 1.) The following day, he was arrested in New Jersey and, on September 26, was indicted by the Grand Jury on one count of conspiracy to commit wire fraud, commodities fraud, and spoofing (in violation of 18 U.S.C. § 371). (ECF 5, 14.) On October 5, defendant Flotron was arraigned, and jury selection was set for December 7. (ECF 25, 26.)

In short, defendant Flotron, a now former UBS commodities trader, trained and instructed another UBS trader in the practice of "spoofing," whereby a commodities trader would place spoof—or bogus—orders into the market for precious metals futures contracts, for the purpose of moving the price of the commodity and inducing other market participants to buy or to sell at times or prices that they otherwise would not. (ECF 14.) In addition, defendant Flotron placed his own spoof orders. (ECF 14.)

On November 6, a telephonic status conference was held with the Court, during which trial scheduling was discussed. (ECF 37; 11/6/2017 Tr. at 4–20.) In particular, defense counsel stated, "We're ready to go to trial as soon as we can review discovery," which he described as "three productions totaling over 100 gigabytes of information, including Excel files and 302s . . . a giant haystack of discovery." (11/6/2017 Tr. at 4, 22.[2]) Defense counsel went on to say, "[A]ssuming that there is a manageable number of trades that we can review, we're ready to go first week of April, first week of May, first week of June, whenever the Court can

---

[2] In fact, the three productions totaled 367.7 gigabytes. This includes over 93,000 documents, including voluminous trading records and over 160,000 images (or document pages).

2

accommodate us."   (11/6/2017 Tr. at 4.)   The Government further represented that it intended to supersede the Indictment by January 2018.   (11/6/2017 Tr. at 9.)

The Court then continued the trial to April 2018, with jury selection on April 6 and evidence commencing on April 9, setting aside three weeks for the trial of this matter.   (ECF 36; 11/6/2017 Tr. at 18–20.)

### III.  LEGAL STANDARD

The Speedy Trial Act, 18 U.S.C. § 3161, permits the court, on its own motion, to grant a continuance that will be excluded from the speedy trial clock, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   18 U.S.C. § 3161(h)(7)(A).   To do so, the court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."   *Id.*   Among the statutory factors to be considered are:

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> * * *
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the

3

>defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

## IV. ARGUMENT

Based on the facts of this case, the Court has grounds to find that the requested exclusion from the speedy trial clock should be granted.

As discussed during the November 6 status conference, this is a large and complex case. (E.g., 11/6/2017 Tr. at 14 (defense counsel citing the case's "complexity and size").) Already, nearly 400 gigabytes of data have been produced to the defense, and further productions will be forthcoming. As the Government stated during the status conference, it expects to supersede the Indictment by January 2018. In light of this complexity, defense counsel suggested an April, May, or June 2018 trial date (11/6/2017 Tr. at 4) and stated that an earlier trial date would be unacceptable (11/6/2017 Tr. at 14 (". . . I obviously can't go to trial in a case of this complexity and size in March.").)

Put simply, the nature of this case—including the voluminous discovery already provided and anticipated—is such that the "ends of justice" are served by excluding from the speedy trial clock the period of time from today to the new trial date of April 6, 2018. 18 U.S.C. § 3161(h)(7); *see also United States v. Naseer*, 38 F. Supp. 3d 269, 276 (E.D.N.Y. 2014) (stating that exclusions under Section 3161(h)(7)

4

were "justified by the nature of the case, the significant amount of discovery that the government is in the process of providing to the defendant, and the importance of ensuring that both parties have time to sufficiently prepare for a fair trial").

## V.     CONCLUSION

For all of the foregoing reasons, the United States's Uncontested Motion to Toll Speedy Trial Clock should be granted.   The Government has attached a proposed form of order for the Court's consideration, which is incorporated into this Uncontested Motion as if fully set forth herein.

Dated:   November 14, 2017.            Respectfully submitted,

                                            SANDRA MOSER
                                            Acting Chief, Fraud Section
                                            U.S. Department of Justice

                                 By:   s/ Michael J. Rinaldi
                                            Michael J. Rinaldi
                                            Matthew F. Sullivan
                                            Trial Attorneys
                                            Criminal Division, Fraud Section
                                            U.S. Department of Justice
                                            1400 New York Ave., N.W.
                                            Washington, D.C.   20530
                                            (202) 598-2508 (telephone)
                                            (202) 514-0152 (facsimile)
                                            Michael.Rinaldi@usdoj.gov
                                            Matthew.Sullivan2@usdoj.gov


                                            JOHN H. DURHAM
                                            U.S. Attorney

                                            Jonathan N. Francis
                                            Assistant U.S. Attorney
                                            U.S. Attorney's Office
                                            Connecticut Financial Center
                                            157 Church St., Floor 25
                                            New Haven, Connecticut   06510
                                            (203) 821-3811 (telephone)
                                            (203) 773-5376 (facsimile)
                                            Jonathan.Francis@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify, this fourteenth day of November, 2017, that I caused to be served a true and correct copy of the foregoing Uncontested Motion to Toll Speedy Trial Clock, through the Court's electronic filing system, upon the following:

>Marc L. Mukasey, Esq.
>Greenberg Traurig LLP
>MetLife Building
>200 Park Ave.
>New York, N.Y.   10166

<u>s/ Michael J. Rinaldi</u>
Michael J. Rinaldi