UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 17-cr-220 (JAM) |
| ANDRE FLOTRON, | December 3, 2017 |
| Defendant. | |

**DEFENDANT ANDRE FLOTRON'S OPPOSITION TO GOVERNMENT'S MOTION TO ADOPT PROPOSED TRIAL SCHEDULE**

This Memorandum is respectfully submitted in opposition to the government's Motion To Adopt Proposed Trial Schedule, dated December 1, 2017 (ECF No. 42). As set forth below, the voluminous discovery in this matter calls for a schedule that requires the government to disclose in a timely manner the specific dates and times of the allegedly "spoofed" orders, the alleged "primary" orders, the cancelled orders, and the executed trades it intends to prove up at trial, either in writing or by way of superseding indictment. Attached hereto is a Proposed Scheduling Order that accounts for timely disclosure while maintaining the trial date of April 9, 2018 (Exh. A).

**DISCUSSION**

On September 12, 2017, defendant Andre Flotron ("Flotron"), a retired trader of precious metals at UBS, was arrested by way of complaint and charged with conspiracy to commit fraud, in violation of Title 18 U.S.C. § 371; wire fraud, in violation of Title 18 U.S.C. § 1343; commodities fraud, in violation of Title 18 U.S.C. § 1348(1); and "spoofing," in violation of Title 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2). Out of the millions of trades that Flotron executed between 2008 and 2013, the complaint identified only two trades that were alleged to be fraudulent. *See* Complaint (ECF No. 1) ¶¶ 20, 32.

On or about September 26, 2017, a grand jury in the District of Connecticut issued a one count indictment that charged Flotron with conspiracy to commit wire fraud, commodities fraud and spoofing, in violation of Title 18 U.S.C. § 371. *See* Indictment (ECF No. 14). The indictment identified only one trade executed by Flotron between 2008 and 2013 that was alleged to be fraudulent – a trade that was previously identified in the complaint. *Compare id.* ¶ 15(c)*, with* Complaint ¶ 20.

Following a pretrial conference on October 6, 2017, the government produced in discovery hundreds of gigabytes of data that includes every one of the millions of buy orders, sell orders and completed trades that Flotron entered into the SwisKey system between 2008 and 2013, each listed at the second or millisecond at which it occurred. *See, e.g.*, Exh. B. The government also informed the defense that it intended to supersede the existing indictment to add more trades as substantive counts and/or overt acts in furtherance of the conspiracy. In the interest of fairness, and to facilitate appropriate trial preparation, including expert reports, defense counsel asked the government to identify as soon as possible which trades, among the millions that were produced in discovery, it intended to charge and/or introduce at trial. The government failed to respond.

On November 6, 2017, during the last (tele)conference in this matter, the defense made clear that, notwithstanding the voluminous discovery, it sought a trial of this matter in the spring of 2018. The defense also made clear that a fair trial of the case required timely identification of the trades that would be proved up at trial:

> MR. MUKASEY: We're ready to go to trial as soon as we can review discovery. And assuming that there is a manageable number of trades that we can review, we're ready to go first week of April. . . .
>
> [W]e've actually asked Mr. Rinaldi, the DOJ lawyer on the case, can you please tell us in advance of this conference how long -- when the superseder's coming and how many trades it's going to charge and how

2

> many different dates and how much data is going to be associated with those trades; and his answer is, "I can't commit to you, I don't know." . . . And you know, I don't think they should have brought a case where they didn't know what the proof is going to look like at trial.

Telephonic Status Conference of November 6, 2017 ("Status Conference"), Tr. 4:9-12, 8:9-18.

The government, for its part, acknowledged that it had yet to decide which trades it would add into the case:

> AUSA FRANCIS: We have to decide which of the spoofing trades that we believe are fraudulent are going to be our evidence. We're not going to attempt to bring them all in, but we need to make decisions. . . . We'll pick some trades, we'll charge those, we'll put the defense on notice of what trades we intend to offer, if there are any that are not charged as substantive counts as part of the scheme, and that will be our case.

*Id.* at 12:7-11, 14-18.

The government further stated that:

> AUSA FRANCIS: [W]e would like to supersede in December, but frankly it's just a question of scheduling with the grand jury. If we're not able to get in towards the end of December, then certainly we believe by January.

*Id.* at 9:14-18.

At the close of the (tele)conference, citing Mr. Flotron's restrictive bail conditions and right to a speedy trial, the Court set jury selection for April 6, 2018, and opening statements for April 9, 2018. *Id.* at 18:18-19:9.

In the month since the last (tele)conference, the defense has continued asking the government to identify which trades, among the millions produced in discovery, it intended to charge and introduce at trial. To date, the government has not identified even a single trade it intends to charge in the anticipated superseding indictment, or prove at trial, nor will it commit to a time frame by which it will do so.

In late November, the defense proposed to the government a discovery schedule that would have required the government to do either of the following by December 29, 2017:

3

supersede with any new trades, or, alternatively, identify in writing the additional trades, as the U.S. Attorney's Office for the District of Connecticut has done in prior cases that involved voluminous data. *See* Status Conference of July 1, 2016, *United States v. Shapiro et al.*, 15-cr-155 (RNC) (D. Conn.), Tr. 22:10-17 (noting that government provided an exhibit list four months prior to the start of trial which identified all trades it intended to prove at trial in addition to those already specified in the indictment). This would have given the government more than three months since Flotron's arrest to determine which of the allegedly "spoofed," "primary," cancelled, and executed transactions it wished to charge or introduce in evidence and still given the defense sufficient time to prepare. However, the government ignored the defense proposal. Instead, the government drafted its own proposed schedule, sent it to defense counsel at 4:37pm on Friday, December 1st, and requested a response by 6:30pm that same day.

The government's proposed order contains no deadline by which it will supersede the indictment or identify the universe of allegedly "spoofed" orders, alleged "primary" orders, cancelled orders, and executed trades it will introduce at trial. Without identification of those transactions and additional charges, all the other dates in the government's proposed order are meaningless – expert reports cannot be written, motions *in limine* cannot be drafted, and requests to charge cannot be formulated. Moreover, the government's proposed order does not contain a date for motions directed at the legal foundation of the indictment or the adequacy of the information supplied therein. Motions to dismiss or for a bill of particulars are pointless until the government identifies the trades it will charge and prove.

The defense remains committed to the April 9, 2018 trial date. We believe that date can be maintained with adoption of the defense's Proposed Scheduling Order (Exh. A).[1] But the defense cannot engage in meaningful investigation, motion practice, or trial preparation without identification of the specific trades the government will introduce at trial. The government's inability to figure out the broad outlines of its case-in-chief *five years* after the charged conduct and more than *three months* after indictment should not prejudice the defendant's right to a speedy and fair trial on April 9th.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's Motion To Adopt Proposed Trial Schedule and adopt defendant's Proposed Scheduling Order (Exh. A.).

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  /s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
Nathan J. Muyskens
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
*Attorneys for Defendant Andre Flotron*

---

[1] If the government intends to introduce evidence at trial regarding allegedly "spoofed" or "primary" orders other than those that will be identified in the forthcoming superseding indictment, we request a list identifying those transactions by December 29, 2017 in addition to the superseding indictment.

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2017, a copy of the foregoing Opposition To Government's Motion To Adopt Trial Schedule was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: December 3, 2017

 /s/ Marc L. Mukasey
Marc L. Mukasey
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com