UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRE FLOTRON,<br><br>            Defendant. | S1 17 Cr. 220 (JAM)<br><br>February 5, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, WITH PREJUDICE, COUNTS TWO THROUGH SEVEN FOR LACK OF VENUE**

Defendant Andre Flotron, by and through the undersigned counsel and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, respectfully submits this Memorandum of Law in support of his Motion to Dismiss, With Prejudice, Counts Two Through Seven for Lack of Venue, filed herewith.

**INTRODUCTION**

This motion is respectfully submitted to advise the Court about the government's improper conduct in connection with the Superseding Indictment (ECF No. 58) in this matter and to seek dismissal, with prejudice, of Counts Two through Seven of the Superseding Indictment. Those Counts are pleaded in the Superseding Indictment as having occurred "in the Northern District of Illinois." *Id.* ¶¶ 23, 25. The government has conceded that they presented those Counts to a grand jury sitting in the District of Connecticut *even though they knew there was no basis for venue as to those Counts in the District of Connecticut and they cannot be tried here.* That was an abuse of the grand jury process, a stark violation of the U.S. Attorneys' Manual, and an affront to traditional notions of fair play.

To make matters worse, the government appears to have proceeded this way in order to gain unfair leverage and compromise Mr. Flotron's rights. After knowingly presenting Counts

Two through Seven to a grand jury in an unsuitable district, the government now presents Mr. Flotron with several unacceptable choices: (1) waive venue on Counts Two through Seven so they may be tried in Connecticut, (2) face the daunting prospect of two trials – the trial of Count One in Connecticut and the trial of Counts Two through Seven in the Northern District of Illinois, or (3) consent to moving the entire case to the Northern District of Illinois. Each of these options requires Mr. Flotron to sacrifice substantial rights on account of the government's wrongdoing.

On April 9, 2018, Mr. Flotron will be ready, willing and able to proceed to trial before Your Honor on all properly charged and legally sufficient Counts. The government's manipulation of the grand jury process should not compromise Mr. Flotron's rights, nor his resources, nor his interest in resolving this matter completely and expeditiously. Therefore, as set forth more fully below, Counts Two through Seven of the Superseding Indictment should be dismissed with prejudice.[1]

**BACKGROUND**

On or about September 26, 2017, a grand jury in the District of Connecticut issued a one-count indictment that charged Mr. Flotron with conspiracy to commit wire fraud, commodities fraud, and spoofing **"in the District of Connecticut and elsewhere,"** Indictment (ECF No. 14) ¶¶ 12, 15, in violation of Title 18 U.S.C. § 371.

On or about January 30, 2018, a grand jury in the District of Connecticut issued a seven-count Superseding Indictment. Count One charged Mr. Flotron with conspiracy to commit commodities fraud **"in the District of Connecticut and elsewhere,"** Superseding Indictment

---

[1] The defense intends to submit additional motions tomorrow, but wished to bring to the Court's attention immediately the government's concession that it cannot prove venue over Counts Two through Seven, as well as the disturbing grand jury practice described herein.

2

¶ 12, in violation of Title 18 U.S.C. § 1349.  Counts Two through Four charged Mr. Flotron with commodities fraud **"in the Northern District of Illinois,"** *id.* ¶ 23, in violation of Title 18 U.S.C. §§ 1348 and 2.  Counts Five through Seven charged Mr. Flotron with spoofing **"in the Northern District of Illinois,"** *id.* ¶ 25, in violation of Title 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2) and Title 18 U.S.C. § 2.

It was only upon review of the Superseding Indictment that the defense first learned that the substantive counts are alleged to have occurred only in the Northern District of Illinois and not in the District of Connecticut.  Despite requests from the defense and a conference with this Court specifically dedicated to the government's identification of the substantive trades to be proven at trial, the government never informed the defense or the Court about this material legal issue.

On February 2, 2018, counsel for the government conceded during a telephone conference between the parties that the government could not establish venue for any of the substantive counts (Counts Two through Seven) in the District of Connecticut and hence pleaded them as having occurred in the Northern District of Illinois.  The government therefore conceded that it had asked the grand jury to vote on those Counts despite knowing that those Counts cannot be tried here.  The government then had the audacity to propose that Mr. Flotron waive venue on the six substantive counts and try the whole case in Connecticut, submit to one trial in Connecticut on the conspiracy count (Count One) followed by another trial in Illinois on the substantive counts (Counts Two through Seven), or request a transfer of the entire matter to the Northern District of Illinois.  Each of the unacceptable alternatives is, in effect, asking the defense to acquiesce to the government's misguided actions.

## APPLICABLE LEGAL PRINCIPLES

The Supreme Court has recognized that:

> Proper venue in criminal proceedings was a matter of concern to the Nation's founders. Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists "beyond Seas to be tried." The Constitution twice safeguards the defendant's venue right: Article III, § 2, cl. 3, instructs that "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"; the Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed." Rule 18 of the Federal Rules of Criminal Procedure, providing that "prosecution shall be had in a district in which the offense was committed," echoes the constitutional commands.

*United States v.* Cabrales, 524 U.S. 1, 6 (1998).

Rights conferred on a criminal defendant by the Fifth and Sixth Amendments to the Constitution "mean that a grand jury should return an indictment only in a district where venue lies." *United States v. Cessa*, 856 F.3d 370, 372 (5th Cir. 2017). "Otherwise, the resulting indictment can be dismissed for lack of trial venue." *Id.* (citing *Cabrales*, 524 U.S. at 10). "Grand juries' investigating crimes located within their district of empanelment is also consistent with the grand jury's roots as a local institution." *Id.* (citing Mark Kadish, *Behind the Locked Door of an American Grand Jury: Its History, Its Secrecy, and Its Process*, 24 FLA. ST. U.L. REV. 1, 6-11 (1996)); *see also id.* (noting there is a "strong tradition of grand juries charging only local crimes").

Of course, venue must be proper for each separate count in the indictment. *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989). Even in cases with multiple counts, venue for *each* count must be proper; there is no supplemental venue. *Id.* ("The burden is on the government to prove that the crime was committed in the district in which the prosecution is brought, and when a defendant is charged in more than one count, venue must be proper with respect to each count.") (citations omitted); *see also United States v. Gross*, No. 15-

4

CR-769 (AJN), 2017 WL 4685111, at *36 (S.D.N.Y. Oct. 18, 2017) ("Venue must be proper as to each count.").

Where, as here, an indictment includes both conspiracy counts and substantive offenses related to the conspiracy, venue is only proper where *all* counts may be tried. *United States v. Saavedra*, 223 F.3d 85, 89 (2d Cir. 2000) ("Where . . . a defendant is charged with conspiracy as well as substantive offenses, venue must be laid in a district where all the counts may be tried. Thus, the venue potential in a conspiracy case for the prosecutor to choose from is narrowed by the substantive counts the government wishes to prosecute."). Dismissal is proper where the indictment does not allege that the crime occurred in the district. *United States v. Perlitz*, 728 F. Supp. 2d 46, 58 n.11 (D. Conn. 2010).

The United States Attorneys' Manual recognizes the history of the grand jury process and the relevant case law and therefore dictates that "[a] case should not be presented to a grand jury in a district *unless venue for the offense lies in that district.*" U.S. Attorneys' Manual § 9-11.121 (emphasis added); *see also id.* § 9-11.101 ("The grand jury's principal function is to determine whether or not there is probable cause to believe that one or more persons committed a certain Federal offense *within the venue of the district court.*") (emphasis added).

## DISCUSSION

Two things are manifestly clear. First, under the prevailing law, as the government concedes, there is no venue in this District over Counts Two through Seven of the Superseding Indictment. Those Counts should therefore be dismissed.

Second, Counts Two through Seven should be dismissed with prejudice because the government withheld information from the defense and the Court and attempted to circumvent the venue requirement in Connecticut through coercive tactics, that is, the threat of Mr. Flotron

5

having to endure months – perhaps years – of more litigation in Illinois. Moreover, the government knowingly and willfully ran afoul of Justice Department guidelines and standard practice in seeking the return of charges *over which it knew it could not establish venue*. That misstep was compounded by then asking the defendant, in essence, to choose between three equally unacceptable options: (1) consent to venue in Connecticut, (2) seek a transfer of the substantive Counts and endure a second trial in Illinois, or (3) submit to trial of the entire matter in Northern District of Illinois. Mr. Flotron should not be made to submit to any of those offensive alternatives.

Choice (1) asks the defendant to waive his rights, and be tried in a district with no connection to the alleged substantive crimes. Choices (2) and (3) would subject Mr. Flotron to undue and prolonged harassment by having this matter continue on to Illinois. Mr. Flotron has already endured the government's shocking motion to remand him pending trial (later reversed by a Magistrate Judge) and he has been living under highly restrictive conditions – including house arrest and wearing a GPS monitor – while he awaits the speedy trial he requested in Connecticut. Trying the case – in whole or in part – in Illinois will prolong this matter for Mr. Flotron and his family in violation of his Speedy Trial rights, will add millions of dollars to the defense costs, and will upend the lives of dozens of witnesses, lawyers, and court personnel. Defense counsel has undertaken to clear their schedules, review millions of documents (including approximately 600,000 pages that have yet to be produced), hire and schedule expert witnesses, and reserve blocks of hotel rooms in Connecticut in order to preserve the April 9, 2018 trial of all legally cognizable aspects of this matter. In addition, dismissing the substantive Counts without prejudice and allowing the government to recharge the case in Illinois would reward the government for its misuse of the grand jury and its failure to disclose this issue.

The Court should also reject any government motion, under Fed. R. Cr. P. 48, to dismiss Counts Two through Seven without prejudice in order to transfer the case to the Northern District of Illinois. Courts dismiss cases under Rule 48(a) with prejudice or deny such motions where the prosecutor acted in "bad faith," *United States v. Smith*, 55 F.3d 157, 159 (5th Cir. 1995); *United States v. Rosenberg*, 108 F. Supp. 2d 191, 204 (S.D.N.Y. 2000), or where dismissal followed by recharge would amount to "prosecutorial harassment," *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982); *Rosenberg*, 108 F. Supp. 2d at 204; *see also United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486-87 (S.D.N.Y. 1964).

Dismissal of all or part of this matter only to allow the government to recharge in the Northern District of Illinois would subject Mr. Flotron to undue harassment for the reasons set forth above. The case of *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989), is on point. In that case, the government moved pursuant to Fed. R. Cr. P. 48(a), to dismiss Counts Two and Three of the indictment which charged theft of government property and wire fraud. The only dispute between the parties was whether the dismissal should have been with or without prejudice. The District Judge observed:

> The considerations in favor of a dismissal with prejudice are enhanced by the singular circumstance that the government is in this case not merely seeking to dismiss with a view later to re-file an entire indictment, but is attempting to pick and choose among several charges in a single indictment, proceeding to trial on some, and asking to delay until some future, indefinite date, the resolution of others. The government has not cited, and the Court has not found, any precedent endorsing such an approach. In any event, that kind of selectivity must be viewed with suspicion and disfavor, for it clearly lends itself to abuse and is particularly invasive of a defendant's legitimate expectations.

*Poindexter*, 719 F. Supp. at 12.

The same holds true here. The government's approach was, at bottom, an attempt to circumvent the venue requirement in Connecticut through coercive tactics, that is, the threat of having to endure months – perhaps years – of more litigation in Illinois. The government should not be permitted to "proceed[] to trial on some [counts], and asking to delay until some future, indefinite date, the resolution of others." *Id.* Mr. Flotron and the limited resources of the defense and the courts should not have to bear the burden at a second trial of the government's frolic in the grand jury. Counts Two through Seven should be dismissed for lack of venue, with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Flotron's motion to dismiss, with prejudice, Counts Two through Seven for lack of venue.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
Nathan J. Muyskens
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
*Attorneys for Defendant Andre Flotron*

## AFFIRMATION OF SERVICE

I hereby certify that on February 5, 2018, a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss, With Prejudice, Counts Two through Seven for Lack of Venue was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
February 5, 2018

    /s/ Marc L. Mukasey
Marc L. Mukasey
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com