UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17CR220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | February 12, 2018 |

RESPONSE TO DEFENDANT'S MOTION TO DISMISS, WITH PREJUDICE,
COUNTS TWO THROUGH SEVEN FOR LACK OF VENUE

The defendant, Andre Flotron, has filed a motion pursuant to Federal Rule of Criminal Procedure 12 to dismiss Counts Two through Seven of the Superseding Indictment, with prejudice, for lack of venue, *see* Def.'s Mot. to Dismiss, with Prejudice, Counts Two through Seven for Lack of Venue (hereinafter, "Def.'s Mot.") (Doc. No. 64), as well as a supporting memorandum, *see* Mem. of Law in Support of Def.'s Mot. (hereinafter, "Def.'s Mem.) (Doc. No. 65). The government agrees that venue for these counts does not lie in the District of Connecticut; indeed, in accordance with Second Circuit precedent, the Superseding Indictment explicitly alleges that the relevant crimes occurred in the Northern District of Illinois. Hence, if the defendant elects not to waive the venue defect in the Superseding Indictment, Counts Two through Seven must be dismissed. But the proper remedy is to dismiss these counts *without* prejudice. Should the defendant elect not to waive venue, the government expects to file a motion under Federal Rule of Criminal Procedure 48(a) to dismiss the remaining count (*i.e.*, Count One) without prejudice so the entire case may be prosecuted in the Northern District of Illinois.

## I.   <u>Legal Standard</u>

"Both Rule 18 of the Federal Rules of Criminal Procedure and the Constitution require that a person be tried for an offense where that offense is committed." *United States v. Cabrales*, 524 U.S. 1, 5 (1998) (citations and internal quotation marks omitted). "[W]hen an indictment charges a defendant with multiple counts, venue must be proper with respect to each count." *United States v. Novak*, 443 F.3d 150, 160 (2d Cir. 2006) (internal quotation marks omitted).

If an indictment provides "clear notice" of a venue defect, a defendant may either raise an objection prior to trial or waive the defect. *United States v. Levasseur*, 816 F.2d 37, 45 (2d Cir. 1987); *see also Novack*, 443 F.3d at 161 ("When the defect in venue is apparent on the face of the indictment, a defendant waives the right to contest the issue if he or she fails to object prior to trial."); *United States v. Khan*, 821 F.2d 90, 93 (2d Cir. 1987); *United States v. Price*, 447 F.2d 23, 27 (2d Cir. 1971). If the defendant raises a successful challenge to venue before trial, the district court should dismiss the indictment without prejudice. *See, e.g.*, *United States v. Perlitz*, 728 F. Supp. 2d 46, 49-50 (D. Conn. 2010) ("This dismissal for improper venue does not prohibit the government from seeking an indictment against Perlitz in judicial district(s) in which venue would be proper . . . ."); *United States v. DeFabritus*, 605 F. Supp. 1538, 1543 (S.D.N.Y. 1985) (dismissing counts "without prejudice to seeking an indictment in the proper venue"). Indeed, even after trial, dismissal based on a venue defect often is without prejudice. *See United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 n.1 (9th Cir. 2000) ("When venue has been improperly laid in a district, the

district court should either transfer the case to the correct venue upon the defendant's request or, in the absence of such a request, dismiss the indictment without prejudice." (internal citation omitted)); *see also, e.g.*, *United States v. Salinas*, 373 F.3d 161, 170 (1st Cir. 2004) (dismissing indictment without prejudice after trial conviction based on lack of venue); *United States v. Brennan*, 183 F.3d 139, 151 (2d Cir. 1999) (same).

## II.   <u>Discussion</u>

### A.   **Absent A Waiver, The Court Should Dismiss Counts 2-7 Without Prejudice**

There is no dispute that venue does not lie in the District of Connecticut for Counts Two through Seven of the Superseding Indictment. The Superseding Indictment clearly alleges that venue exists for these counts in the Northern District of Illinois. *See* Superseding Indictment (Doc. No. 58) at ¶¶ 23, 25. In light of the defendant's objection, the Court must grant the motion to dismiss these counts. But there is no basis for dismissal with prejudice.

The government is not aware of *any* authority for dismissing an indictment (or specific counts therein) under Rule 12 with prejudice prior to trial based on a venue defect that was clear from the face of the charging document. Nor has the defendant cited any such authority. In fact, in the sole case relied upon by the defendant, dismissal was without prejudice. *See Perlitz*, 728 F. Supp. 2d at 49-50 (cited in Def.'s Mem. at 5).

The defendant attempts to bypass this roadblock by claiming, with no basis, that the government acted improperly. He is wrong on the law and on the facts.

First, it was not "an abuse of the grand jury process," Def.'s Mem. at 1, to present a grand jury in this District with some charges that were plainly venued elsewhere; indeed, there is precedent for this practice in the Second Circuit. *See Khan*, 821 F.2d at 93 (plain from face of indictment that venue lay in other judicial district); *Levasseur*, 816 F.2d at 45 (same); *Price*, 447 F.2d at 27 (same); *see also United States v. Johnson*, 297 F.3d 845, 861 (9th Cir. 2002) (same).

Second, the defendant mischaracterizes the government's conduct and the parties' discussions regarding venue, which the government initiated in good faith. The Superseding Indictment was returned on January 30, 2018. During a telephone call between the parties three days later, the government alerted counsel to the venue allegations in Counts Two through Seven. The government clearly stated that it had no interest in having two trials and that, if the defendant did not wish to waive venue over Counts Two through Seven (as is his right), the government would seek to pursue the entire case in the Northern District of Illinois in an effort to conserve judicial and prosecutorial resources. At the end of the call, counsel for the defendant represented to the government that they would let government counsel know how the defendant wished to proceed.  Instead of responding, however, the defendant filed the instant motion the next business day alleging, among other things, that the government engaged in improper and coercive tactics by threatening additional litigation in Illinois, *see* Def.'s Mem. at 5-6, 8.[1]

---

[1] If the Government *had* been interested in trying this case twice, it could have simply presented the grand jury here with the conspiracy charge in Count One and presented a grand jury in the Northern District of Illinois with the remaining charges.  While this would not have been improper, it also would not have been as efficient as a single trial on all counts, which is what the government seeks.

**B.**     **If The Court Dismisses Counts 2-7, A Government Motion to Dismiss Count One Should Be Granted**

The defendant also argues that the Court should deny any forthcoming motion by the government under Rule 48(a) to dismiss Count One without prejudice so that the charge may be refiled in the Northern District of Illinois. The defendant contends that such a motion by the government would constitute "prosecutorial harassment." That accusation is not supported by either logic or the law.

First, moving to dismiss Count One would not unfairly advantage the government or disadvantage the defendant. Like the Court, the government has an institutional interest in avoiding piecemeal litigation of the same scheme. Likewise, there is no reason to believe that repeated trials on the same subject would be to the defendant's advantage, as his pre-emptive motion shows. Thus, rather than an unfair move to put the defendant at a tactical disadvantage, a government motion to dismiss Count One would simply avoid a procedural inefficiency that no party actually wants.

Second, the defendant fails to identify any precedent for the extreme relief that he seeks, and the cases he does cite are inapposite. *See* Def.'s Mem. at 7. For instance, in *United States v. Smith*, the Fifth Circuit explained that it would be proper to deny a motion by the government to dismiss charges if the motion were made in bad faith, including due to "the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." 55 F.3d 157, 159 (5th Cir. 1995). There are no such allegations here. And in *United States v. Poindexter*, the government moved to dismiss only certain counts of the indictment in order to gain a tactical advantage, subjecting the defendant to the possibility of seriatim prosecutions. 719

5

F. Supp. 6, 12 (D.D.C. 1989). As described above, the government would only move to dismiss Count One precisely to avoid that outcome. Therefore, if the Court dismisses Counts Two through Seven without prejudice based on the defendant's venue challenge, the government would subsequently seek to have Count One dismissed without prejudice, so the entire case may be prosecuted in a single place, at a single time.

In sum, the defendant's rights have not been abridged. He has exercised his right to be tried in "a district in which the offense was committed," Fed. R. Crim. P. 18, and (absent a waiver) the Court should grant that motion and dismiss Counts Two through Seven without prejudice. But he does not have the right to avoid prosecution entirely. *See Perlitz*, 728 F. Supp. 2d at 49-50; *DeFabritus*, 605 F. Supp. at 1543.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 (telephone)
(203) 773-5377 (fax)
avi.m.perry@usdoj.gov
Federal Bar No. phv07156

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

/s/ Nicholas E. Surmacz
Nicholas E. Surmacz
Assistant Chief, Fraud Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 353-0647 (telephone)
(202) 616-1660 (fax)
Nicholas.Surmacz@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on February 12, 2018, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY