UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRE FLOTRON,<br><br>　　　　　　　　　Defendant. | S1 17 Cr. 220 (JAM)<br><br>February 12, 2018<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS, WITH PREJUDICE,
COUNTS TWO THROUGH SEVEN FOR LACK OF VENUE**

Defendant Andre Flotron, by and through the undersigned counsel and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, respectfully submits this Reply Memorandum of Law in further support of his Motion to Dismiss, With Prejudice, Counts Two Through Seven for Lack of Venue (ECF No. 64).  Mr. Flotron respectfully requests oral argument at the earliest possible date.

**INTRODUCTION**

There is neither precedent nor justification for knowingly presenting to a grand jury counts that cannot be tried in the grand jury's own district.  So, rather than trying to explain its improper tactics, the government's Memorandum of Law in Opposition (ECF No. 71) doubles down on its attempt to coerce Mr. Flotron into surrendering valuable rights.  Ignoring the fact that it ran roughshod over the U.S. Attorneys' Manual, the government continues to offer Mr. Flotron a Hobson's Choice: (1) waive venue, which the government knew it could never prove in the first place, and submit to a trial of all Counts in Connecticut, or (2) jettison his Speedy Trial rights, write-off five months of trial preparation, absorb tens of thousands of dollars in hotel,

travel, and other expenses, and move lawyers, paralegals, technical support, and the defendant himself, under house arrest, and await a new trial date in Chicago. Neither choice is acceptable.

Nowhere in its Response does the government explain why it proceeded in a manner it knew would require a criminal defendant to waive an essential element of the alleged crime. Nor does the government address why it used methods it knew would result in prejudicial delay in a case where the defendant has been outspoken about his desire for a speedy trial.

The government also ignores the colossal waste of judicial and administrative resources they will cause by re-filing in Chicago. They pay no heed to the substantial cost of flights, hotels, and research already incurred by the defense in preparation for the April trial in New Haven. They care not a whit that Mr. Flotron has already spent three weeks in jail and has agreed to live under highly restrictive conditions, in exchange for the certainty of the approaching, fixed New Haven trial date. Finally, the government's failure to inform the defense or the court of its "waive venue or move to Chicago" strategy until the last possible moment is not only unbelievable, it is inexcusable.

The cases the government cites to support its claim that it acted properly are inapposite. In those cases, the courts held that where venue was improper on the face of the indictment, the defendants' failure to object to venue prior to trial constituted waiver. *United States v. Khan*, 821 F.2d 90, 93 (2d Cir. 1987) (refusing to overturn conviction where defendant waived venue objection by failing to raise objection before trial); *United States v. Levasseur*, 816 F.2d 37, 45 (2d Cir. 1987) (same); *United States v. Price*, 447 F.2d 23, 27 (2d Cir. 1971) (same); *United States v. Johnson*, 297 F.3d 845, 860-61 (9th Cir. 2002) (same). In none of the cases cited above did the government proceed to the grand jury *knowing* it had no venue and then leverage the

resulting indictment in order to manufacture venue through waiver or threat of delayed proceedings in a new jurisdiction.

Andre Flotron stands ready, willing and able to proceed to trial in the District of Connecticut in April 2018 to resolve all legally sufficient aspects of this matter. He is not prepared to sacrifice his rights nor endure the possibility of months of delay in a new jurisdiction due to the government's questionable tactics. The resulting lose-lose situation for Mr. Flotron will cause irreparable harm to his defense and violates his fundamental rights. Dismissal of Counts Two through Seven with prejudice is required.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Flotron's motion to dismiss, with prejudice, Counts Two through Seven for lack of venue.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
Nathan J. Muyskens
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
*Attorneys for Defendant Andre Flotron*

**AFFIRMATION OF SERVICE**

I hereby certify that on February 12, 2018, a copy of the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss, With Prejudice, Counts Two through Seven for Lack of Venue was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
       February 12, 2018

 /s/ Marc L. Mukasey
Marc L. Mukasey
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com