

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

---

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut   06510* | *www.justice.gov/usao-ct* |

February 15, 2018

The Honorable Jeffrey Alker Meyer
Richard C. Lee United States Court House
141 Church Street
New Haven, Connecticut 06510

      Re:    *United States v. Andre Flotron*, 3:17cr220(JAM)

Dear Judge Meyer:

Following this morning's oral argument, the Government respectfully submits this letter in response to the Court's inquiries regarding the scope of its discretion under Federal Rule of Criminal Procedure 48(a).

Rule 48(a) provides that, "[t]he Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate." Fed. R. Crim. P. 48(a). Although the Rule requires "leave of the court," a "court is generally required to grant a prosecutor's Rule 48(a) motion unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Pimentel*, 932 F.2d 1029, 1033 n.5 (2d Cir. 1991) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)); *see also United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citing *Cowan*); *United States v. Miller*, 722 F.2d 562, 566 (9th Cir. 1983).

"Dismissal pursuant to Rule 48(a) is generally without prejudice." *United States v. Doody*, No. 01 CR. 1059(SAS), 2002 WL 562644, at *2 (S.D.N.Y. Apr. 16, 2002); *see also United States v. Ortega-Alvarez,* 506 F.2d 455, 458 (2d Cir. 1974). "Courts dismiss cases under Rule 48(a) with prejudice or deny such motions only where the prosecutor acted in bad faith, or where dismissal followed by recharge would amount to prosecutorial harassment." *Doody*, 2002 WL 562644, at *2; *see also United States v. Smith,* 55 F.3d 157, 159 (5th Cir. 1995). In determining whether either of these factors are present, there is a presumption of good faith on the part of the prosecutor. *United States v. Rosenberg*, 108 F. Supp. 2d 191, 203 (S.D.N.Y. 2000). In making its assessment, "the trial judge must look to the motivation of the

prosecutor at the time of the decision to dismiss." *United States v. Hamm*, 659 F.2d 624, 629 (5th Cir. 1981); *see also Rinaldi v. United States*, 434 U.S. 22, 30 (1977) ("The salient issue, however, is not whether the decision to maintain the federal prosecution was made in bad faith but rather whether the Government's later efforts to terminate the prosecution were similarly tainted with impropriety.").

Here, assuming the Court dismisses without prejudice Counts Two through Seven on venue grounds, the Government's motion for dismissal without prejudice of Count One of the Superseding Indictment under Rule 48(a) would be premised upon principles of judicial economy. In charging Counts Two through Seven in this District, the Government was attempting to avoid piecemeal litigation. The Government initially sought an indictment in Connecticut because, among other reasons, the conspiracy began in Connecticut during the defendant's time working in Stamford, and thus venue was clearly proper in Connecticut. Based on the evidence reviewed to that point, the Government in good faith believed that Connecticut would also have venue over substantive counts of spoofing and commodities fraud that would come as a part of a superseding indictment. Subsequently, in the course of months of additional document review of thousands of transactions, the Government concluded that its initial belief was incorrect—the Government was not able to identify any substantive counts (at least those that fell within the statute of limitations) for which venue lay within Connecticut, and the obvious alternative was the Northern District of Illinois, where the commodities exchange is located. Rather than simply indict a second case in the Northern District of Illinois, as it clearly could have, the Government opted to seek substantive charges in Connecticut and give the defendant an opportunity to remain in Connecticut where, in his counsel's own words, he wants to be. The Government believed that its venue decision was consistent with precedent in the Second Circuit and elsewhere. *See, e.g.*, *United States v. Johnson*, No. 1:16-cr-00457-NGG-PK (Doc. No. 9) (Indictment). Thus, although "the government's actions in bringing the Indictment are irrelevant to a Rule 48(a) motion," *Doody*, 2002 WL 562644, at *2 (citing *Rinaldi*, 434 U.S. at 30), the Government acted in good faith here.

The significant fact under the case law is that the Government is not acting in bad faith *now*. The Government will seek a dismissal under Rule 48(a) only to facilitate a single trial, in a proper judicial district. *See Doody*, 2002 WL 562644, at *4-5 (granting Rule 48(a) motion to facilitate change of venue). The Government has represented to the Court that, if its Rule 48(a) motion is granted, the Government will seek to refile charges in Chicago within two weeks of dismissal, and will not seek to delay the trial. Thus, dismissal here is unlikely to "create[] the kind of unnecessary delay in bringing a defendant to trial that warrants Rule 48(b) dismissal with prejudice." *Id.* at *4 (internal quotation marks omitted) (observing in grant of Rule 48(a) motion that grand jury in proper district had already returned indictment, and trial would be delayed only by a month and a half); *cf. United States v. Crutch*, 461

F.3d 1200, 1202 (2d Cir. 1972) (reversing district court's denial of Rule 48(a) motion despite "short delay," because while dismissal "would have delayed the trial for a short period, it would have saved a second trial").

      The Government respectfully submits that, if the Court dismisses Counts Two through Seven without prejudice, it should also grant the Government's Rule 48(a) motion and dismiss Count One without prejudice so that the defendant can be tried on all related crimes in a single trial in the Northern District of Illinois.

      Respectfully submitted,

      JOHN H. DURHAM
      UNITED STATES ATTORNEY

      AVI M. PERRY
      ASSISTANT UNITED STATES ATTORNEY
      United States Attorney's Office
      157 Church Street, 25th Floor
      New Haven, CT 06510
      (203) 821-3700 (telephone)
      (203) 773-5377 (fax)
      avi.m.perry@usdoj.gov
      Federal Bar No. phv07156


      SANDRA MOSER
      Acting Chief, Fraud Section
      U.S. Department of Justice

      /s/ Nicholas E. Surmacz
      Nicholas E. Surmacz
      Assistant Chief, Fraud Section
      U.S. Department of Justice
      1400 New York Ave., N.W.
      Washington, D.C. 20530
      (202) 353-0647 (telephone)
      (202) 616-1660 (fax)
      Nicholas.Surmacz@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on February 15, 2018, a copy of the foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY