UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17CR220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | March 8, 2018 |

## GOVERNMENT'S MOTION IN LIMINE

The Government respectfully requests that the Court issue an order permitting the Government to offer evidence and argument regarding the defendant's manipulative trading activity that occurred prior to the time period of the alleged conspiracy, and an order precluding the defendant from introducing (i) expert testimony regarding the defendant's mental state, and (ii) evidence or argument that would question the adequacy of the Government's investigation or the Government's motives in investigating and charging the defendant.

### I. Evidence Regarding the Defendant's Manipulative Trading Activity Prior to the Alleged Conspiracy Should be Permitted

The Government seeks to present evidence and argument that the defendant engaged in manipulative trading activity in precious metals futures contracts prior to the beginning of the charged conspiracy.

The Superseding Indictment alleges that the defendant engaged in a conspiracy to commit commodities fraud beginning in approximately July 2008 and continuing through approximately November 2013. *See* Superseding Indictment ¶ 12. The Government intends to present evidence that, at least as early as January 2008, the defendant engaged in the same type of manipulative trading activity that he engaged in as part of the charged conspiracy.

Under the Second Circuit's "'inclusionary approach,' prior act evidence is admissible if offered 'for any purpose other than to show a defendant's criminal propensity.'" *United States v. Mejia*, 545 F.3d 179, 206 (2d Cir. 2008) (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)); *see also United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994) ("We follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence."). Evidence of other bad acts "may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense." *Inserra*, 34 F.3d at 89; *see also United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999) (noting evidence of prior actions is admissible "to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators") (quotation omitted); *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("Prior act evidence may be admitted to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between participants in the crime developed"); *United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("[T]he trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the

events alleged in the indictment.").

In addition, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (quotation omitted). Even if the evidence is subject to Rule 404(b), that rule does not bar admission if the evidence is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b)(2). Evidence of prior acts is admissible as probative of knowledge and intent if the evidence is relevant to the charged offense— that is, if there is a similarity or connection between the charged and uncharged acts. *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006).

In this case, the evidence of the defendant's pre-conspiracy manipulative trading activity is not propensity evidence and is clearly relevant because it shows that the defendant was engaged in manipulative trading activity prior to the charged conspiracy, and therefore was in a position to teach other co-conspirators how to engage in such activity. *See* Superseding Indictment ¶ 19 ("FLOTRON demonstrated, explained, and trained at least one coconspirator at UBS in the process of placing Trick Orders, placing Genuine Orders, and canceling the Trick Orders."). The probative value of the evidence is not substantially outweighed by any potential

prejudice because the conduct is the same as that charged in the conspiracy and is probative of the defendant's knowledge and intent. *See United States v. Roldan–Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (evidence not unfairly prejudicial when it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

Accordingly, the Government should be permitted to introduce evidence and argument that the defendant engaged in manipulative trading activity in precious metals futures contracts prior to the beginning of the charged conspiracy in June 2008.

## II. Expert Testimony Regarding the Defendant's Mental State Should be Precluded

Consistent with Federal Rule of Evidence 704(b), the Government seeks to preclude the defendant from presenting expert testimony regarding the mental state of the defendant.

Rule 704(b) states that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." This rule "disables even an expert from expressly stating the final conclusion or inference as to a defendant's actual mental state at the time of a crime." *United States v. DiDomenico*, 985 F.2d 1159, 1164 (2d Cir. 1993) (quotation omitted); *see also United States v. Dupre*, 339 F. Supp. 2d 534, 542 (S.D.N.Y. 2004) ("[E]xperts are precluded from reaching a definite conclusion

about what mental state a defendant actually possessed at the time of the offense because such testimony poses a uniquely heightened danger of intruding on the jury's function.") (quotation omitted). Expert testimony may not "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999). Accordingly, the defendant should be precluded from eliciting expert testimony as to the defendant's mental state, including, *inter alia*, whether the defendant had the intent to defraud; the intent, at the time he placed certain orders, to cancel those orders before execution; and the intent to deceive other market participants.

### III. Evidence Concerning the Government's Motives or Investigation of the Defendant Should be Precluded.

The Government seeks to preclude the defendant from presenting any evidence or argument that attempts to question the adequacy of the Government's investigation or the Government's motives in investigating and charging the defendant.

The defendant has previously argued, among other things, that the Government's case is "brought on a relatively novel theory" and that there is "a big issue here as to whether or not this is a Government-created crime." Rule 5 Hearing Transcript at 13:15-16, 14:09-10, *United States v. Flotron*, 17-mj-4149 (D.N.J. Sept. 13, 2017).

Like any defense based on alleged defects in the institution of the prosecution, a defense that questions or attacks the Government's decision to prosecute is not properly put before a jury. *See United States v. Cote*, 544 F.3d 88, 104 n.5 (2d Cir. 2008). A selective prosecution claim must be directed to the court, not the jury, because it raises an issue regarding the Government's subjective intention or motivation that is independent of the question of the defendant's guilt or innocence. *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997); *see also United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) ("In this Circuit, a defendant who advances a claim of selective prosecution must do so in pretrial proceedings."); *United States v. Taylor*, 562 F.2d 1345, 1356 (2d Cir. 1977). Such a claim is never properly put to the jury. *See United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973); *United States v. Stewart*, No. 03 CR.717(MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) ("[A]ny evidence that raises questions of prosecutorial bias against Stewart has no bearing on the issues properly before the jury, including the credibility of cooperating witnesses. Therefore, such evidence is inadmissible."); *United States v. Danielson*, No. 97 Cr. 295 (RPP), 1998 WL 226200, at *1 (S.D.N.Y. May 5, 1998) ("[A] selective prosecution claim is a claim based on alleged defects in the institution of a prosecution" and therefore must be raised before trial); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("The defendant does not have the right to present a selective prosecution claim to a jury.").

The defendant should be precluded from asking the jury to question the Government's motives or investigation in this case. Such argument would be offered for the improper purpose of presenting a selective prosecution claim to the jury, and also would require the Government to put on evidence of why it made certain investigative or prosecutorial decisions. These topics are irrelevant under Federal Rule of Evidence 401 because they have nothing to do with the defendant's guilt or innocence, and they would be unfairly prejudicial and cause needless confusion of the issues in violation of Federal Rule of Evidence 403.

Accordingly, the defendant should not be permitted—through his own testimony, cross-examination of Government witnesses, argument, or otherwise—to introduce evidence or argument regarding the adequacy of the Government's investigation or the Government's motives in investigating and indicting the defendant.

## **CONCLUSION**

For the foregoing reasons, the Government's Motion in Limine should be granted.

Respectfully submitted,

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

/s/ *Robert Zink*
Robert Zink
Acting Principal Deputy Chief

Michael J. Rinaldi  
Matthew F. Sullivan  
Trial Attorneys  
Criminal Division, Fraud Section  
U.S. Department of Justice  
1400 New York Ave., N.W.  
Washington, D.C. 20530  
(202) 514-2000 (telephone)  
(202) 514-0152 (fax)  
Robert.Zink@usdoj.gov  
Michael.Rinaldi@usdoj.gov  
Matthew.Sullivan2@usdoj.gov  

JOHN H. DURHAM  
UNITED STATES ATTORNEY  

AVI M. PERRY  
ASSISTANT UNITED STATES ATTORNEY  
United States Attorney's Office  
157 Church Street, 25th Floor  
New Haven, CT 06510  
(203) 821-3700 (telephone)  
(203) 773-5377 (fax)  
avi.m.perry@usdoj.gov  
Federal Bar No. phv07156

CERTIFICATE OF SERVICE

This is to certify that on March 8, 2018, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Robert Zink*
Robert Zink