UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRE FLOTRON,<br><br>Defendant. | S1 17 Cr. 220 (JAM)<br><br>March 8, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE QUESTIONING OR TESTIMONY USING THE TERMS
"MANIPULATE," "TRICK," "GENUINE," OR "LEGITIMATE"**

Defendant Andre Flotron respectfully submits this memorandum of law in support of his motion *in limine* to preclude, pursuant to Rule 403 of the Federal Rules of Evidence, questioning or testimony using the terms "manipulate," "trick," "genuine," or "legitimate."[1] The use of these terms would be unfairly prejudicial to Mr. Flotron. They have no probative value, and therefore should be precluded.

### BACKGROUND

Count One of the Superseding Indictment (ECF No. 58) charges Andre Flotron with conspiracy to commit commodities fraud between 2008 and 2013, in violation of 18 U.S.C. § 1349. The object of the conspiracy charged in Count One is commodities fraud, defined in 18 U.S.C. § 1348(1) and (2). As relevant here, the commodities fraud statute prohibits "defraud[ing] any person in connection with any commodity for future delivery . . . ." 18 U.S.C. § 1348(1) and "obtain[ing], by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery," 18 U.S.C. § 1348(2).

---

[1] Mr. Flotron also seeks to preclude questioning or testimony referencing derivative terms, such as "manipulation" or "tricked."

Based on language in the Superseding Indictment, testimony from the trial in *United States v. Coscia*, 14 Cr. 551 (N.D. Ill.), and interview memoranda with potential government witnesses, the defense expects that the government will elicit testimony from certain witnesses that Mr. Flotron's orders constituted "manipulation" of the markets and were not part of any "legitimate" trading strategy. The defense also expects that the government will elicit testimony from witnesses that Mr. Flotron placed certain "trick" orders that he hoped to cancel and certain "genuine" orders that he hoped to execute.

**ARGUMENT**

A.  <u>Legal Standard</u>

Under Rule 403 of the Federal Rules of Evidence, courts regularly preclude litigants from using "pejorative terms when [the] categorizations [a]re inflammatory and unnecessary to prove a claim." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Cv. 10014, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (precluding party "from making inflammatory remarks," such as using the term "tax haven"); *see also MF Global Holdings, Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. Feb. 3, 2017) (precluding use of "any language that is unrelated to the issues being tried and unnecessary to prove the claims at issue in this case," including "vulture funds" and "treasure hunters"); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 192-93 (S.D.N.Y. 2008) (precluding references to the terms "securities fraud," "insider trading," "inside information," and "market manipulation" where "the only apparent reason for such trial strategy would be to show the jury that defendants are bad people") (internal quotation marks omitted); *cf. United States v. Hubbard*, 474 F. Supp. 64, 83 (D.D.C. 1979) (striking words in an indictment that were "unnecessarily loaded").

When weighing the probative value of evidence against its prejudicial value, courts may consider "'evidentiary alternatives'" in the form of "alternative means to present similar evidence." *United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006) (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)).

B.  The Government Should Be Precluded From Using The Term "Manipulate"

The government should be precluded from using the term "manipulation" or referring to trading practices that are claimed to "manipulate" the market because those are conclusory legal terms that have no place in this trial. Therefore, the use of those terms would be inflammatory and prejudicial and without any probative value.

"Manipulation" is a legal term that defines a precise kind of unlawful conduct that "is specifically forbidden" by the Commodity Exchange Act. *Strobl* v. *New York Mercantile Exchange*, 768 F.2d 22, 27 (2d Cir. 1985). One section of the Commodity Exchange Act makes it a felony "to manipulate or attempt to manipulate the price of any commodity." 7 U.S.C. § 13(a)(2). "[T]he offense of price manipulation . . . , broadly stated, is an intentional exaction of a price determined by forces other than supply and demand." *Frey* v. *CFTC*, 931 F.2d 1171, 1175 (7th Cir. 1991). Another section of the Commodity Exchange Act prohibits manipulation by fraud, that is, "to use or employ," in the commodities context, "any manipulative or deceptive device or contrivance, in contravention of" CFTC rules. 7 U.S.C. § 9(1); *see also* 7 U.S.C. § 13(a)(5) (making it a felony to wilfully violate 7 U.S.C. § 9(1)). The CFTC has implemented this provision by prohibiting "fraud and fraud-based manipulations" by any person acting intentionally or recklessly in connection with a commodity. 76 Fed. Reg. 41,398, 41,400 (2011).

Critically, Mr. Flotron is not charged with violating these provisions of the Commodities Exchange Act. Rather, Mr. Flotron is charged with violating only 18 U.S.C. § 1349, conspiracy

3

to commit commodities fraud, for which the only alleged object is a violation of the commodities fraud statute, 18 U.S.C. § 1348. Superseding Indictment at 5-6.

Neither § 1349 nor § 1348 addresses "manipulation," and manipulation has no role in this case. Nevertheless, the government may seek to use the term "manipulate" or "manipulation" to describe the effect of Mr. Flotron's orders. Any use of those terms would be inflammatory and unduly prejudicial while having absolutely no probative value because those allegations simply are not present in this case. *See Aristocrat*, 2009 WL 3111766, at *7; *MF Global*, 232 F. Supp. 3d at 570; *see also Highland*, 551 F. Supp. 2d at 194 ("Given the notoriety of insider trading, mere use of the term 'inside information' may lead a juror to believe that the [defendants] engaged in improper or illegal conduct. Thus, any probative value of the term is outweighed by its misleading nature."); *Isbell v. John Crane, Inc.*, 74 F. Supp. 3d 893, 900-01 (N.D. Ill. 2014) (precluding use of term that would create "inaccurate inference" about one of the parties). All references to "manipulate" or "manipulation" in questioning or testimony should be precluded.

C.  The Government Should Be Precluded From Using The Terms "Trick," "Genuine," Or "Legitimate" To Describe Orders Placed In The Market

Likewise, the government should be precluded from using the terms "trick" order or "genuine" order, or referencing "legitimate" trading strategies or trading activities that are not "legitimate."

It is the government's burden to prove that Mr. Flotron and his alleged co-conspirators agreed to commit commodities fraud. However, at trial, describing Mr. Flotron's orders as "trick" orders is improper because it *pre-supposes* the conclusion that Mr. Flotron's orders were somehow fraudulent or improper. *See Aristocrat*, 2009 WL 3111766, at *7 (precluding reference to "tax havens"); *see also MF Global*, 232 F. Supp. 3d at 569-70; *Highland*, 551 F. Supp. 2d at 194. Likewise, using the term "genuine" to describe certain orders conveys that other orders

4

placed by Mr. Flotron were not bona fide, valid, executable orders. Testimony about an "illegitimate" trading strategy is nothing other than a euphemism for a "fraudulent" trading strategy and is therefore tantamount to a finding of guilt.

It is the jury that must determine the intent behind the orders, not the stylings of the government and its witnesses. *See Isbell*, 74 F. Supp. 3d at 901. Thus, these terms are prejudicial to Mr. Flotron, and would unfairly influence the jury's factual determination of whether certain orders were made with fraudulent intent or were, in fact, executable, bona fide orders.

There are undoubtedly less prejudicial and more accurate terms available to the government. For example, each of the government's alleged spoof episodes involves "smaller orders" and a "larger order," or alternatively, "sell orders" and a "buy order," or alternatively the numerical amounts of each order. Any of these factual sets of terms would sufficiently identify the orders at issue in the Indictment without prejudicially framing such orders to the jury as improper "tricks." *See Awadallah*, 436 F.3d at 132 (noting that courts may consider "evidentiary alternatives" when balancing the probative value of evidence against its prejudicial effect). Indeed, in other criminal actions brought by the government alleging spoofing conduct, the government used this type of less prejudicial language when presenting allegations in key filings. *See, e.g.*, Crim. Compl., ¶¶ 21-53, *United States v. Zhao*, No. 18 Cr. 24 (N.D. Ill. Jan. 11, 2018) (Dkt. No. 1) (alleging spoofing through a pattern of "Primary Orders" and "Opposite Orders").

All references to "trick" orders, "genuine" orders, or "legitimate" or "illegitimate" trading strategies in questioning or testimony should be precluded.

**CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that the Court grant his motion *in limine* precluding questioning or testimony using the terms "manipulate," "trick," "genuine," or "legitimate."

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (ct29885)
Nathan J. Muyskens (phv09472)
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
*Attorneys for Defendant Andre Flotron*

## AFFIRMATION OF SERVICE

I hereby certify that on March 8, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
March 8, 2018

    /s/ Marc L. Mukasey
Marc L. Mukasey (ct29885)
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com