

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*          *(203) 821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut  06510*          *www.justice.gov/usao-ct*

March 23, 2018

The Honorable Jeffrey Alker Meyer
Richard C. Lee, United States Courthouse
141 Church Street
New Haven, Connecticut 06510

      Re: *United States v. Andre Flotron*, 3:17cr220(JAM)

Dear Judge Meyer:

      There is no dispute from the government's perspective.  Yesterday evening, the government identified, pursuant to this Court's order, the "additional transactions from the list of omnibus trades that it intends to use in examining its witnesses and without prejudice to the right of defendant to dispute the eliciting of such additional evidence." (Doc. No. 127). Specifically, the government identified 18 trade sequences from GX 126 (Omnibus Collection of 538 Flotron Trading Episodes), as well as 7 trade sequences from GX 127 (Omnibus Collection of 274 Chan Trading Episodes) (collectively, the "Omnibus Trades"). In all, the government thus identified 25 sequences from over 812 total trade sequences—just over 3%.

      The government notes the following timeline for the Court's consideration:

- December 13 and 29, 2017:  Pursuant to this Court's order (Doc. No. 45), the government produced and identified 1273 trade sequences (and associated trade details) relating to the defendant and one of the government's cooperating witnesses. All 25 of the Omnibus Trades were included in the government's December disclosures to the defendant.

- March 2, 2018: The government filed its exhibit list. In the government's exhibit list, the government identified GX 126 (Flotron Omnibus Trades) and 127 (Chan Omnibus Trades). The defendant did not identify its summary charts and exhibits. (The defense disclosed its list of summary charts for the first time today—some 21 days after the Court ordered him to do so).

- March 6, 2018:  The government identified and produced specific trade detail for all of the trading sequences contained in GX 126 and GX 127. Once again, all 25 of the Omnibus Trades were included in the trading detail provided to the defendant.

- March 22, 2018:  The government identified the specific trading sequences associated with GX 126 and GX 127 that it intends to use with testifying witnesses in this case (18 for Mr. Flotron and 7 for Mr. Chan).

It is the frequency, regularity, and similarity of the trading episodes by and between the co-conspirators that is among the most compelling evidence in this case. To be clear, the 25 Omnibus Trades are not identical to one another; the government does not intend simply to make the same point over and over to the jury. The deceptive trading activity in this case does not fit a single, cookiecutter model. There are various categories of "spoofing" episodes—"buy" side, "sell" side, episodes where the spoof order is modified, etc. The government must be able to depict and explain to the jury how in multiple and variegated ways, the defendant engaged in deceptive trading activity.

From the outset of this case, defense counsel has attempted to limit the government from showing this compelling pattern evidence to the jury. Counsel has done so by striving to narrow, from an early stage, the number of trades that the government is able to show its witnesses (and by implication, the jury) during its case-in-chief. While the government, at all times, has committed to the Court that it will be efficient in its presentation of evidence, it must not be precluded from showing a critical mass of trading episodes to the jury in order to convey the breath, scope, and similarity of the defendant's (and his co-conspirator's) deceptive trading activity. As matters stand, the government has identified 37 total trading episodes—25 in total from GX 126 and GX 127, and 12 previously identified in the governmenet's amended exhibit list. That is a small fraction of the total number of episodes at issue in this case.

The defendant is entitled, under the U.S. Constitution and the Speedy Trial Act, to a prompt trial, and the government stands ready and able to proceed to trial on April 9. By the defendant's own admission, however, this is a complex case involving voluminous trading data. From the outset, the defendant has sought to have it both ways.  On the one hand, the defendant seeks a speedy disposition of the criminal charges against him, and on the other, seeks to limit the government's proof at trial on grounds that trial is quickly approaching and he cannot be prepared in time. The defendant, from December 2017, has had the specific trading information that the government seeks to put at issue in this case. This month, the government again narrowed the universe of trading episodes to 812 and specifically identified, for the defendant, the 812 trades at issue. And yesterday evening, the government further identified the specific trading episodes it intends to review with its witnesses.

The defendant, conversely, has not fully reciprocated. Not until today, for the first time (and despite government requests), did the government receive a list of the defendant's summary charts, in violation of this Court's order. Further, the government today offered to limit its presentation to a smaller number of trades, provided defense counsel would commit not to cross-examine beyond the same subset of trades. Defense counsel refused. The government cannot be in a position where it is limited to showing the jury only a handful of trades spanning a multi-year conspiracy, while the defense is left to cross-examine on matters well beyond the scope of direct examination concerning an unlimited number of unspecified trading episodes, patterns, and practices.

The government respectfully submits that, at bottom, there is no discovery dispute. What exists is an attempt by defense counsel to preclude the government, once again, from illustrating for the jury the full scope of conduct in this case, knowing full well that such a result would render it profoundly difficult for the government to prove the defendant's knowledge of, and role in, an over five-year criminal fraud conspiracy. The government has consented to a one-week adjournment and respectfully requests that trial proceed on either April 9 (as scheduled) or April 16.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 (telephone)
(203) 773-5377 (fax)
avi.m.perry@usdoj.gov
Federal Bar No. phv07156

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

/s/ Robert Zink
Robert Zink
Acting Principal Deputy Chief, Fraud
Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 616-0429 (telephone)
(202) 616-1660 (fax)
robert.zink@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on March 23, 2018, a copy of the foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY