

Marc L. Mukasey
Tel 212.801.6832
Fax 212.801.6400
mukaseym@gtlaw.com

March 24, 2018

<u>VIA CM/ECF</u>

The Honorable Jeffrey A. Meyer
U.S. District Judge for the District of Connecticut
Richard C. Lee U.S. Courthouse
141 Church Street
New Haven, Connecticut 06510

Re:   *United States v. Flotron*, S1 17 Cr. 220 (JAM)

Dear Judge Meyer:

The government's addition of 25 new trades on March 22, 2018, makes it impossible for the Defendant to respond to the evidence against him. The goalposts keep moving.

For months the Court and the Defendant have operated with an understanding that the Defense would be aware of the trades and evidence being introduced at the trial. Allowing the government to yet again change the focus of the trial by tripling the set of trades from the last iteration – the Revised Exhibit List – would unfairly prejudice the Defendant. As the government concedes, the trade sequences at issue in this case "do[] not fit a single, cookiecutter model." (ECF No. 159 at 2). Thus, every time the government identifies new trades to the Defense that it may focus on at trial, we must undertake extensive review and analysis of those trades.[1]

As the Court is aware, when the government swapped out nearly all of the trades on its December 2017 Top 25 List with new trades on March 2, 2018, the Defense objected. In an apparent attempt to alleviate some of the prejudice caused to the Defendant, the government removed several of those trades in its Revised Exhibit List during oral argument on March 12, 2018. However, at the same time, the government stated it would identify an additional "five or ten" or a "handful" of new trades from the Omnibus Trade Exhibits GX 126 and 127, which it might ask about in a more general way during testimony of government witnesses Mike Chan or Lisa Pinheiro.[2] *See* March 12, 2018 Conf. Tr. at 47:10-14; 56:3-6. Then we get hit with 25 new trades.

---

[1] We note that of the newly identified 25 trade sequences, only two were included on the government's original Top 25 List. Consequently, the Defense must review and analyze the vast majority of these trades from scratch to prepare for trial.

[2] Although the government's March 23 Letter indicates the additional 25 trades identified on March 22 would be "used with testifying witnesses," any such new trades allowed should only be used with Mr. Chan or Ms. Pinheiro,

Letter to Hon. Jeffrey A. Meyer
March 24, 2018
Page 2

      The government has also refused to identify for the Defense what, if any, quantitative parameters were used to generate the Omnibus Trade Exhibits GX 126 and 127. Furthermore, while the government contends in its March 23 Letter that its original December 2017 List of 1273 Orders of Interest was "narrowed" to the 812 trades in the Omnibus Exhibits, that does not appear to be the case. Indeed, the current crop of 274 Chan trades in Omnibus Exhibit GX 127, provided on March 6, 2018, appear to be significantly different from the Orders of Interest. Approximately 90 Chan trades were dropped and approximately 70 new trades were added. The government's rationale for such changes is unclear, but we observe that these revisions alter the nature of the trade exhibits. Defendant's expert had used the characteristics of the original list of 1273 to calculate overall and average characteristics of the trading patterns, the subject of which had been disclosed to the government on February 16, 2018. However, when the government revised the list and added 70 new Chan trades, these overall, average characteristics significantly changed. It would be regrettable if trial exhibits are manipulated in a way to obfuscate rather than illuminate the facts.

      Finally, we wish to address the government's claim that the defense has not complied with its discovery obligations. On March 2, 2018, the parties exchanged their initial exhibit lists. The government did not at that time, nor has it yet, provided defense counsel with a single summary chart or exhibit. What the government provided on March 2 was merely a list of approximately 75 generically named placeholders that purportedly describe statistical exhibits that the government may introduce at trial. *See, e.g.*, GX 139 ("Flotron Large Orders – Average/Median Size"); GX 141 ("Percentage Iceberg Order"); GX 168 ("Flotron and Chan (Gain)"); GX 170 ("Averages: Flotron Episodes").

      Most of these placeholder exhibit titles are not specific enough to serve any useful purpose. The government should have provided the actual summary exhibits they intend to introduce at trial. While the defense disclosed in February several pages of anticipated testimony by its data expert describing the types of analyses he may present at trial, the government did not provide any similar expert disclosure of statistical analyses. The government's placeholder exhibits simply identified in chart form the types of statistical analyses that the defense had already identified in its expert disclosure. Although the government's list of trades has continued to change, on March 23, 2018, in response to the government's request, the Defense attempted to provide the government with a similar list of placeholder summary exhibits. In any event, this issue has no bearing on the dispute currently before the Court.

      Accordingly, we respectfully request that the Court order the government to cull its list of newly identified trade sequences to be used with Mr. Chan or Ms. Pinheiro to ten or fewer by 5 p.m. on Monday, March 26, 2018.

---

not with any counterparties, as was clearly acknowledged by the government. *See* March 12, 2018 Conf. Tr. at 44-47. In reliance on such representations, we have negotiated discovery with the algorithm counterparties concerning only the identified trades that the government stated it would present with such counterparties.

Letter to Hon. Jeffrey A. Meyer
March 24, 2018
Page 3

    Respectfully submitted,

    GREENBERG TRAURIG LLP

By: /s/ Daniel P. Filor
    Marc L. Mukasey (ct29885)
    Nathan J. Muyskens (phv09472)
    Daniel P. Filor (phv08911)
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 801-6832
    Facsimile: (212) 801-6400
    *Attorneys for Defendant Andre Flotron*

**AFFIRMATION OF SERVICE**

I hereby certify that on March 24, 2018, a copy of the foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
March 24, 2018

/s/ Marc L. Mukasey
Marc L. Mukasey (ct29885)
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
*Attorneys for Defendant Andre Flotron*