UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17CR220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | March 26, 2018 |

## GOVERNMENT'S PROPOSED VOIR DIRE

The United States submits the following proposed questions for jury selection:

1. Do you, your relatives, or close friends, to the best of your knowledge, know the defendant in this case, Andre Flotron?

    a. If so, how do you, your family member, or friend know the defendant?

    b. Would that relationship prevent you from rendering a fair verdict based solely on the evidence brought out at trial?

2. Do you, your relatives, or close friends, to the best of your knowledge, know any of the defense attorneys in this case, professionally or personally? If so, would that relationship affect your ability to render a fair and impartial verdict in this case?

3. Do you, your relatives, or close friends, to the best of your knowledge, know the Assistant United States Attorney prosecuting this case, Avi Perry, or any of the Department of Justice attorneys prosecuting this case, Robert Zink, Michael Rinaldi, and Matthew Sullivan?

4. The following attorneys, in addition to Mr. Perry, and John H. Durham, who is the United States Attorney, are Assistant United States Attorneys in the U.S. Attorney's Office for the District of Connecticut who handle federal criminal prosecutions and all civil cases in which the United States is involved:

Vanessa Avery

Patrick F. Caruso
Harold H. Chen
Heather L. Cherry
Lauren Clark
Patricia Collins
Natalie N. Elicker
Jonathan N. Francis
Natasha Freismuth
Nancy V. Gifford
Sandra S. Glover
Brenda M. Green
Michael J. Gustafson
H. Gordon Hall
David T. Huang
John B. Hughes
Carolyn A. Ikari
Peter S. Jongbloed
Rahul Kale
Jocelyn Kaoutzanis
Anthony E. Kaplan
Sarah P. Karwan
Anastasia M. King
Henry K. Kopel
Jennifer R. Laraia
John W. Larson
Brian P. Leaming
Peter D. Markle
Michelle McConaghy
Michael S. McGarry
Raymond F. Miller
Richard M. Molot
Douglas P. Morabito
Ndidi Moses
Sarala Nagala
William J. Nardini
Lauren M. Nash
David C. Nelson
David E. Novick
Neeraj Patel
John T. Pierpont
Alina P. Reynolds
Stephen B. Reynolds
Vanessa Richards

    Jacabed Rodriguez-Coss
    Christopher W. Schmeisser
    Christine L. Sciarrino
    David J. Sheldon
    Marc Silverman
    Deborah R. Slater
    Alan M. Soloway
    Jessica Soufer
    Robert M. Spector
    Geoffrey M. Stone
    David X. Sullivan
    Anne Thidemann
    Julie G. Turbert
    S. Dave Vatti
    Joseph Vizcarrondo
    Susan L. Wines

Do you, your relatives, or close friends, to the best of your knowledge, know any of these individuals professionally or socially?

5. Do you, your relatives, or close friends, to the best of your knowledge, know the FBI agents investigating this case, Special Agents Jonathan Luca and Michael Savona?

6. During the course of the trial you may hear from or about the following witnesses and individuals:

    Roger Boehler
    Kar-Hoe (Mike) Chan
    Hovannes Dermenchyan
    Daniel Driscoll
    Jonathan Eddy
    Alexander Gerko
    John Huth
    William Ishmael
    Wolfgang Kajewski
    Ralph Klonowski
    Francis Koh
    David Liew
    Jonathan Luca
    Michael Meier
    Thomas Mulroy
    Raymond Ng

      James Oates
      Niall O'Riordan
      Christian Pfeiffer
      Lisa B. Pinheiro
      Samantha Slattery
      Sergio Soler
      Anand Twells
      Jessica Volchko
      Lai Yuk-Nyen

Do you know any of these individuals professionally or socially?

7. Have any of you read or heard any publicity, news, or other information relating to this trial?

   a. Is there anything that you have read or heard that has caused you to form an opinion in this case as to the guilt or innocence of the defendant or that might influence your ability to be a fair and impartial juror and deliberate solely on the evidence presented at trial?

   b. Do any of you have any personal knowledge of the facts in this case other than what you have heard in this courtroom today?

8. Do you have any strong opinions about the criminal justice system that could affect your ability to serve as a juror in this case?

9. Federal law enforcement agents or officers may testify in this case. Do you believe that the testimony of a government law enforcement agent or employee is entitled to any greater weight than any other witness simply because he is a law enforcement officer?

10. Do you believe that the testimony of a federal law enforcement agent or officer is entitled to less weight than any other witness?

11. The government may call as witnesses Special Agents with the Federal Bureau of Investigation. Do you harbor any ill feelings or have any negative opinions about the Federal Bureau of Investigation?

12. Have any of you had any disputes with the federal government, or with any state or local government, concerning a legal matter such as social security benefits, veteran's benefits, a dispute over taxes, or any other matter?

    a. If so, what was the nature of the dispute and which agency or governmental entity was involved?

    b. Is there anything about your dispute with that governmental entity that might influence your ability to be a fair and impartial juror and deliberate solely on the evidence presented at trial?

13. Have you, any member of your family, or a close friend ever been involved in any civil suit or case involving the United States Government, or with any state or local government?

14. Have any of you had any legal or law enforcement training? If so:

    a. What kind of training?

    b. Would that training affect your ability to follow the court's instructions on the law that should be applied in this case?

15. Do any of you have immediate relatives or close friends who are law enforcement officers or employed by a division of law enforcement, whether it be on the federal, state, or local level? If so:

    a. Who?

    b. When were they employed?

    c. With what agency?

    d. Is your family member, or friend still so employed? If not, why did your family member or friend leave that job?

16. Have any of you, a close friend, or relative, ever been employed by the federal government or by any state or local government? If so:

    a. Who?

    b. When were they employed?

    c. With what agency?

    d. Are you, your family member, or friend still so employed? If not, why did you, your family member, or friend leave that job?

17. Do any of you have immediate relatives or close friends who are lawyers or law students?

18. Have any of you ever served on a jury, federal or state, before? If so:

    a. Was it a criminal or civil case?

    b. If a criminal case, without telling us the result, were you able to reach a verdict in that case?

19. Have any of you, or close friends or relatives, ever been charged with, convicted of, or investigated concerning a criminal offense, other than minor traffic violations? If so:

    a. Who was the person investigated or charged with the offense?

    b. How long ago?

    c. What was the nature of the offense?

    d. If there were criminal charges, what happened after the charges were brought?

    e. Would that experience prevent you from rendering a fair and impartial verdict based solely on the evidence in this case?

20. This case involves a charge that the defendant conspired to commit commodities fraud so that he and others could make illicit profits or avoid losses. Have any of you, either personally or through a close friend or family member, had any experiences that would make it difficult for you to be impartial in judging a case involving the offense charged?

21. Have you, or close friends or relatives, ever been employed in or associated with any commodities, securities, investment advisory, or financial services business? If so:

    a. Who?

    b. Where?

    c. In what capacity?

    d. For how long?

    e. Is the person still so employed or associated and, if not, why not?

22. Have you, or close friends or relatives, ever been employed by or associated with UBS AG or any of its subsidiaries or affiliates? If so:

    a. Who?

    b. Where?

    c. In what capacity?

    d. For how long?

    e. Is the person still so employed or associated and, if not, why not?

23. Have you, or close friends or relatives, ever engaged in commodities trading, either personally or through a broker or other professional? If so:

    a. Who?

    b. Which commodities or types of commodities?

    c. Did you personally engage in the transactions, or were they done by a broker or other professional?

24. Would you tend to excuse or overlook a criminal offense if you believed it was committed for motives, reasons, or purposes with which you are sympathetic?

25. Would you be able to follow the Court's instructions on the law in this case and remain impartial even if you thought the law should be interpreted differently?

26. If the United States proves its case beyond a reasonable doubt, do you have any reason—morally, philosophically, or ethically—why you would not convict the defendant?

27. Some people have religious views that prevent them from voting as jurors and in effect being a judge over another person. Do you have any religious or other beliefs that would affect your ability to deliberate or find the defendant in this case guilty or not guilty of the charge against him?

28. The law requires that you base your verdict on the facts as you find them to be from the evidence presented at trial. The law does not permit you to consider any emotions such as sympathy, prejudice, vengeance, fear, or hostility. Do any of you believe you cannot put these emotions out of your mind while listening to the evidence in this case or when you are deliberating toward reaching a verdict?

29. Your duty as jurors is to judge guilt or innocence based on the evidence. It is my duty to determine punishment if you vote guilty. The law does not permit you to consider the issue of punishment because there are other factors which have nothing to do with this trial which will determine the lenience or harshness of a sentence. Would you vote "Not Guilty" merely because this crime may result in a prison sentence even though you do not know whether it will or not?

30. Is there any reason why any of you, if chosen to sit as a juror, could not render a fair and impartial verdict in this case based solely on the evidence presented and the law as the Court will instruct at the conclusion of this case?

31. Do any of you anticipate that the duration of this trial would cause any severe hardship or difficulty for you because of your employment, family circumstances, health, or other reasons?

32. Do you have any physical or medical problems that would make it difficult for you to sit as a juror?

33. Does anyone have difficulty reading or understanding the English language?

34. If selected as a juror, you will be instructed that you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone,

smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with jurors during deliberations.

Further, you may not use these electronic means to investigate or communicate about this case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. A juror is permitted to discuss the case with his or her fellow jurors only during deliberations. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. Does anyone feel they would be unable to abide by these instructions?

35. Do you understand that despite what may be implied or dramatized in movies or television programs related to law enforcement such as CSI or Law & Order, there is no legal requirement that the government use any specific investigative techniques to prove its case? Would you be able to follow an instruction from the Court that your duty is to determine whether, based on the evidence that is presented, the defendant's guilt has been proved beyond a reasonable doubt?

36. Is there anything about the nature of the charge in this case which would prevent you from being fair and impartial to either side?

37. Is there any other information that you feel is relevant to your role as juror in this particular case?

      Respectfully submitted,

      JOHN H. DURHAM
      UNITED STATES ATTORNEY


      AVI M. PERRY
      ASSISTANT UNITED STATES ATTORNEY
      United States Attorney's Office
      157 Church Street, 25th Floor
      New Haven, Connecticut  06510
      (203) 821-3700 (telephone)
      (203) 773-5377 (facsimile)
      avi.m.perry@usdoj.gov
      Federal Bar No. phv07156

      SANDRA MOSER
      Acting Chief, Fraud Section
      U.S. Department of Justice

      s/ Michael J. Rinaldi
      Robert Zink
      Acting Principal Deputy Chief
      Michael J. Rinaldi
      Matthew F. Sullivan
      Trial Attorneys
      Criminal Division, Fraud Section
      U.S. Department of Justice
      1400 New York Ave., N.W.
      Washington, D.C.  20530
      (202) 616-0429 (telephone)
      (202) 616-1660 (facsimile)
      robert.zink@usdoj.gov
      michael.rinaldi@usdoj.gov
      matthew.sullivan2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, a copy of the Government's Proposed Voir Dire was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael J. Rinaldi
MICHAEL J. RINALDI
TRIAL ATTORNEY