UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17CR220 (JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | March 26, 2018 |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government submits the following proposed jury instructions for use in connection with the upcoming trial in the above-captioned case.

The proposed instructions, unless otherwise noted in bold-faced type, are taken from the Court's jury charge in *United States v. Noze*, No. 3:16CR100 (JAM) (D. Conn.).

The language that appears in bold-faced type was not used in the *Noze* trial, but instead is derived from outside authority or has been included to fit the facts of the case. To the extent the proposed language in bold-faced type refers to substantive legal principles, the government has noted its authority for such language in a corresponding footnote.

The Government respectfully requests permission to supplement these proposed instructions as necessary during the course of trial.

## TABLE OF CONTENTS

Introduction ...................................................................................................4

**SECTION I: GENERAL INSTRUCTIONS**

Role of Judge and Court .............................................................................6

Instructions to be Considered as a Whole...........................................7

Duties of the Jury.........................................................................................8

Unanimous Jury ...........................................................................................9

Burden of Proof and the "Beyond a Reasonable Doubt" Standard ...............10

**SECTION II: ISSUES IN THIS CASE**

The Charge ..................................................................................................14

Conspiracy to Commit Commodities Fraud ....................................15

Elements of Conspiracy to Commit Commodities Fraud ..............18

      Element One—Existence of a Conspiracy ..........................................20

      Element Two—Membership in a Conspiracy.......................................22

Dates ...........................................................................................................27

Conspiracy After May 20, 2009 ...........................................................28

Motive .........................................................................................................29

Commodities Fraud ..................................................................................30

Elements of Commodities Fraud ..........................................................31

Relationship Between Substantive Statute and Conspiracy to Commit Offense ........................................................................................33

**SECTION III: INSTRUCTIONS FOR DELIBERATIONS**

What Is and Is Not Evidence .................................................................35

Witness Credibility—General ...............................................................37

Testimony of Law Enforcement and Government Officials ...........39

Interest in Outcome of This Trial ........................................................40

Acts and Declarations of Co-Conspirators .......................................41

Cooperating Witness Testimony ...........................................................43

Impeachment of Witnesses ....................................................................45

Defendant's Constitutional Right Not to Testify [if the Defendant Does Not Testify]..................................................................................................46

Summary Exhibits ...............................................................................47

Nature of Crime ................................................................................48

Possible Punishment ...........................................................................49

Negligence of Victims is Not a Defense ...................................................50

Race and National Origin ....................................................................51

Closing Arguments .............................................................................52

Attorneys' Arguments Are Not Evidence ...................................................53

Conclusion ........................................................................................54

## **Proposed Instruction 1**

### **INTRODUCTION**

Members of the jury, you've now heard all of the evidence. At this point, I will instruct you about the law that applies to this case. You've been provided with a copy of my instructions so that you can read along as we go, and please feel free to write on these copies.  You'll be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the Court and the duty of a jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I'll give you some rules and guidelines for your deliberations.

Before we begin, I am just going to ask you to take a look at the verdict form.

After I've given these instructions and you've heard the closing arguments of counsel, you'll go back into the jury room to deliberate. When you're done deliberating, you will use **the verdict form** to report your verdict to the Court and to the parties.

4

**SECTION I: GENERAL INSTRUCTIONS**

## **Proposed Instruction 2**

## **ROLE OF JUDGE AND COURT**

As judge, I perform basically two functions that you've seen during the trial. First, I decide what evidence you may consider. You've heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in the case. I gave you some preliminary instructions before the trial began, and some during the course of the trial, but it's now at the close of evidence that most of the instructions are given.  Please be patient and listen closely. If any of the attorneys in their closing arguments should happen to state the law differently from the way I'm explaining it to you now, you must follow my instructions.

**Proposed Instruction 3**

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE**

You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. I should also point out that, although you've been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all that's different from what's written, you must follow what I say here in court. Of course, do not read into these instructions or even into the way I read them, or anything I have said or done throughout the trial, to reflect any opinion or suggestion about what verdict you should return. That is a matter for you alone to decide.

**Proposed Instruction 4**

**DUTIES OF THE JURY**

It's your solemn duty to find the facts from all the evidence in the case. In reaching a verdict, you must very carefully and wholly impartially consider all of the evidence in the case and then apply the law as I've explained it to you. You must go into your deliberations with an open mind regardless of whether you might think at this point that you tend to favor one side over another. And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

## **Proposed Instruction 5**

### **UNANIMOUS JURY**

The **verdict** you reach of either "guilty" or "not guilty" must be unanimous; that is, agreed upon by each of you. You must each decide the case for yourself, but do so only after impartial consideration of the evidence in this case with your fellow jurors.

**<u>Proposed Instruction 6</u>**

**BURDEN OF PROOF AND THE
"BEYOND A REASONABLE DOUBT" STANDARD**

Because this is a criminal case, the prosecution has the burden of proving every element of the crime beyond a reasonable doubt. **Although Mr. Flotron has been charged with a crime**, which I'll describe for you in a few moments, you must remember that these charges are only accusations. They are not evidence. The **defendant has** pleaded not guilty, and the law presumes **him** to be innocent. The burden is on the prosecution to prove the guilt of **Mr. Flotron** beyond a reasonable doubt. This burden never shifts to the **defendant** for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness, testifying, or producing any evidence. For that reason, you must presume that **the** defendant is innocent throughout your deliberations until such time, if any or if ever, that you are satisfied that the prosecution has proven his guilt beyond a reasonable doubt.

In short, **Mr. Flotron** began the trial with a clean slate and no evidence against **him**. This presumption of innocence alone is sufficient to acquit **him**—that is, to render **a verdict** of not guilty—unless, after careful and impartial consideration of all the evidence in the case, you as jurors are unanimously convinced of guilt beyond a reasonable doubt.

10

So what is a reasonable doubt? Reasonable doubt is doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. If you are not convinced to a near certitude that the prosecution has proved each and every element of a crime, then the prosecution has not proved that crime beyond a reasonable doubt.

The reasonable doubt standard does not require the prosecution to prove **Mr. Flotron's** guilt beyond all possible doubt, but only beyond a reasonable doubt. Reasonable doubt is not a caprice or a whim. It is not speculation or suspicion or sympathy. Reasonable doubt is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or any lack of evidence.

The mosaic of evidence that constitutes the record before you may include both the evidence and the lack of evidence. An absence of evidence may provide the reasonable doubt upon which a jury decides to find a defendant not guilty.

If, after fair and impartial consideration of all the evidence and any absence of evidence against **the** defendant, you have a reasonable doubt on

11

any element of the **crime** charged against him, it is your duty to find him not guilty of that crime. On the other hand, if after fair and impartial consideration of all the evidence against **the** defendant, you are convinced beyond a reasonable doubt of every element of the **crime** charged against him, you should vote to find him guilty of that crime.

One more thing: wherever I may say in these instructions that the prosecution must prove a fact or an element or that you must find or decide or determine a fact or an element, what I mean is that the prosecution must prove and that you must find that element beyond a reasonable doubt.

**<u>SECTION II: ISSUES IN THIS CASE</u>**

**<u>Proposed Instruction 7</u>**

**THE CHARGE**

The prosecution accuses **Mr. Flotron of one charge or "count" of conspiracy to commit commodities fraud**.

**Proposed Instruction 8**

**CONSPIRACY TO COMMIT COMMODITIES FRAUD**

**Mr. Flotron is charged in Count One with conspiracy to commit commodities fraud, in violation of 18 U.S.C. § 1349.** A conspiracy is a crime of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy is an independent crime separate and distinct from the violation of **other** specific federal **laws** such as the **law** prohibiting **commodities fraud**.

**Before I describe to you the elements of conspiracy to commit commodities fraud, I will describe what the prosecution alleges occurred as part of the alleged conspiracy. Please keep in mind that these are allegations only and that your responsibility is to determine if what the prosecution alleges is true.**

**In this case, the prosecution alleges that from approximately July 2008 and continuing through approximately November 2013, the defendant and others knowingly and intentionally agreed to defraud market participants who were trading precious metals futures contracts. The prosecution alleges that the purpose of the commodities fraud conspiracy was for the defendant and his co-**

conspirators to unlawfully enrich themselves and their employer by obtaining illicit training profits and avoiding losses at the expense of other market participants.

The prosecution further alleges that, to achieve this goal, the defendant and his co-conspirators would place large, or "trick," orders for precious metals futures contracts that, at the time the orders were placed, were intended to be canceled before execution. The prosecution alleges that trick orders placed in this manner were designed and intended to deceive other participants in the market for precious metals futures contracts by injecting materially false and misleading information about increased supply or demand in the market.   The prosecution further alleges that, in conjunction with the trick orders, the defendant and his co-conspirators would place one or more smaller, genuine orders on the opposite side of the market as the trick orders in an effort to buy or to sell precious metals futures contracts at prices, quantities, and at times that otherwise would not have been available.  The prosecution further alleges that the large orders placed by the defendant and his co-conspirators frequently induced other market participants to place orders to buy or to sell precious metals futures contracts at prices,

quantities, and at times that they otherwise would not, frequently driving up or down the price of those precious metals futures contracts and causing the defendant and his co-conspirators' genuine orders to be filled.  The prosecution further alleges that, after the large orders successfully caused at least one of the genuine orders placed by the defendant and his co-conspirators to be filled, the defendant and his co-conspirators canceled the large orders in an effort to ensure that they would not be executed in the market.

The prosecution alleges that the defendant demonstrated, explained, and trained at least one co-conspirator at UBS in the process of placing trick orders, placing genuine orders, and canceling the trick orders.

Finally, the prosecution alleges that, between approximately July 2008 and approximately November 2013, the defendant and his co-conspirators placed hundreds of trick orders for precious metals futures contracts in an effort to cause genuine orders placed by the defendant and his co-conspirators to be filled at prices, quantities, and at times that they otherwise would not.

## Proposed Instruction 9

### ELEMENTS OF CONSPIRACY TO COMMIT COMMODITIES FRAUD

To prove **the defendant** guilty of conspiracy to commit **commodities fraud**, the prosecution must prove both of the following elements beyond a reasonable doubt:

1. **First, that a conspiracy existed; and**

2. **Second, that the defendant knowingly and intentionally became a member of that conspiracy.[1]**

You may return a guilty verdict for **Mr. Flotron** on **Count One** only if you find the prosecution has proven both of these elements beyond a

---

[1] *United States v. Mahaffy,* 499 F. Supp. 2d 291, 294 (E.D.N.Y. 2007) (stating that the "trial judge had instructed the jury that in order to convict any defendant of conspiracy to commit securities fraud under this count, they must find that the government proved the following elements of 18 U.S.C. § 1349 beyond a reasonable doubt: *First*: that the conspiracy existed; and *Second*: that the defendant knowingly and intentionally became a member of that conspiracy."), *aff'd*, 693 F.3d 113 (2d Cir. 2012); *see also United States v. Allen*, 788 F.3d 61, 70 (2d Cir. 2016) ("The elements of a conspiracy under [18 U.S.C.] § 371 are: '(1) an agreement between two or more persons to commit an unlawful act; (2) knowingly engaging in the conspiracy intending to commit those offenses that were the objects of the conspiracy; and (3) commission of an "overt act" by one or more members of the conspiracy in furtherance of the conspiracy.'" (quoting *United States v. Reyes*, 302 F.3d 48, 53 (2d Cir. 2002)); *see also United States v. Roy*, 783 F.3d 418, 421 (2d Cir. 2015) (per curiam) ("[P]roof of an overt act is not a required element for a conspiracy conviction under 18 U.S.C. § 1349.").

reasonable doubt.[2]

Let's consider each element in detail.

---

[2] The Government notes that conspiracy law does *not* require that the Government prove that a defendant or co-conspirator knew of the criminality of the object of the agreement. *See Ingram v. United States*, 360 U.S. 672, 678 (1959) (holding that, to convict for conspiracy, "[t]here need not, of course, be proof that the conspirators were aware of the criminality of their objective," but rather, there must only be proof of knowledge of the unlawful conduct). Instead, the level of criminal intent required under § 371 is the same as the statutes that are the object of the offense. *Allen*, 788 F.3d at 70 ("While conspiracy to commit a substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself . . . neither does it require a greater degree of criminal intent than the substantive statute." (internal citations and quotation marks omitted)); *United States v. Feola*, 420 U.S. 671, 692 (1975) ("[W]here a substantive offense embodies only a requirement of mens rea as to each of its elements, the general federal conspiracy statute requires no more."). In other words, a conspiracy charge levies no additional burden on the Government to prove that an individual knew that the object of the conspiracy was in violation of any law, besides what is required by the underlying statute.

**Proposed Instruction 10**

**ELEMENT ONE—EXISTENCE OF A CONSPIRACY**

The first element that the prosecution must prove beyond a reasonable doubt is that a conspiracy or unlawful agreement existed between two or more persons to commit **commodities fraud**.

For the prosecution to satisfy this element—that is, the existence of a conspiracy—you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the prosecution must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.  The prosecution here charges that the **object** of

the conspiracy **was commodities fraud, about which I will instruct you in a few moments**.  Obviously, if the prosecution fails to prove that **commodities fraud** was an objective of the conspiracy, then you must find the **defendant** not guilty on the conspiracy count.

**Proposed Instruction 11**

**ELEMENT TWO—MEMBERSHIP IN A CONSPIRACY**

The second element that the prosecution must prove beyond a reasonable doubt is that **Mr. Flotron knowingly and intentionally became a member of that conspiracy.**

A person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness.[3]

In that regard, in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. While proof of a direct financial interest in the outcome of a scheme is not essential, if you find that the defendant had an interest in the success of the scheme, that's a fact you may properly consider in determining whether or not the defendant was a member of the charged conspiracy.

As I mentioned a moment ago, before any defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

---

[3] Based on instruction given in *Noze*, 6/13/2017 Tr. at 901.

To become a member of the conspiracy, a defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details of or the scope of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme. An equal role is not what the law requires.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish

membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence without actual participation in an unlawful plan is not sufficient. Moreover, that the acts of a defendant, without his knowledge, may merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

You should also bear in mind the possibility that the prosecution may have proven only two or more separate and independent conspiracies rather than one overall conspiracy. In order to prove a single conspiracy, the prosecution must show that each alleged member agreed to participate in what he knew to be a collective measure toward a common goal. The members of a conspiracy need not have agreed on all the details so long as they agreed on the essential nature of the plan.

Multiple conspiracies may exist, in contrast, where there are separate agreements to achieve distinct goals. For the prosecution to prove its case against **Mr. Flotron**, it must prove that **he knowingly and intentionally became a member of** a single conspiracy to commit **commodities fraud**,

and that **he** acted with the intention of aiding in the accomplishment of the unlawful ends of that conspiracy in particular, rather than some other conspiracy.

If you find that the conspiracy charged by the prosecution did not exist, then you must return a verdict of "not guilty" for **Mr. Flotron** on the conspiracy charge. This is so even if you find that there existed some conspiracy other than the one charged by the prosecution, even if the purpose of the other conspiracy may have been the same and involved some of the same participants.

Now, a conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members. So too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until the last act **in** furtherance of the conspiracy unless it's shown that he withdrew and disassociated himself from it.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have **knowingly** engaged, advised, or assisted **in the conspiracy** for the purpose of furthering the illegal undertaking. He thereby becomes a knowing **and intentional participant** in the unlawful agreement.

25

If you conclude that **the** conspiracy that has been alleged by the prosecution **existed**, then you should consider **Mr. Flotron** individually and separately to decide if the prosecution has also proved that he **knowingly and intentionally became a member of** the charged conspiracy. If, and only if, you find the prosecution has proved the elements of conspiracy beyond a reasonable doubt with respect to **Mr. Flotron** may you find **him** guilty of the **charged crime** of conspiracy.

**Proposed Instruction 12**

**DATES**

Now let me talk about dates.  As I mentioned a few minutes ago, the prosecution alleges that the defendant was involved in a conspiracy that began in approximately July 2008 and concluded in approximately November 2013. The prosecution is not required to prove that those were the exact dates of the alleged conspiracy. The law only requires a substantial similarity between the dates alleged and the dates established by the evidence.[4]

---

[4] *See* Hon. Leonard Sand et al., *Modern Federal Jury Instructions—Criminal* § 3.01 (Lexis Advance, updated through Nov. 2017) (Instruction 3-12).

**Proposed Instruction 13**

**CONSPIRACY AFTER MAY 20, 2009[5]**

I also instruct you that, to convict the defendant on Count One, conspiracy to commit commodities fraud, you must find that the conspiracy continued after May 20, 2009. You need not speculate about the special significance of that date, which relates to legal matters that you need not concern yourselves with.

In this case, the conspiracy is alleged to have extended through approximately November 2013.  In determining whether the conspiracy continued after May 20, 2009, you may consider evidence that occurred before May 20, 2009, to show the genesis, purpose, and operation of the conspiracy over time.[6]

---

[5] Section 1348 was amended to include commodities offenses (in addition to securities offenses), effective May 20, 2009.

[6] *United States v. Ghavami*, No. 10 Cr. 1217, 2012 WL 2878126, at *13 (S.D.N.Y. July 13, 2012) ("Where pre-enactment evidence is introduced, limiting instructions are routinely used to mitigate the risk that a jury will convict based solely upon pre-enactment conduct . . . . Therefore, the Court will permit the Government to seek to introduce [] pre-enactment evidence in order to show the alleged conspiracies' geneses, purposes, or operations over time, or the intent and purpose of the conspirators' later acts, and will admit such evidence only pursuant to appropriate limiting instructions. The Court will further instruct the jury that to convict, it must find that the conspiracy continued after July 30, 2002, during the post-enactment periods alleged in the Indictment." (citations omitted)), *aff'd sub nom. United States v. Heinz*, 790 F.3d 365 (2d Cir. 2015); *see also United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) ("When it is shown that a conspiracy straddled the

**Proposed Instruction 14**

**MOTIVE**

**Proof of motive is not a necessary element of the crime with which the defendant is charged.**

**Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty.**

**If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.[7]**

---

enactment of a statute, the government may introduce pre-enactment evidence to demonstrate the conspiracy's genesis, its purpose, and its operation over time. A conviction for a continuing offense straddling enactment of a statute will not run afoul of the Ex Post Facto clause unless it was possible for the jury, following the court's instructions, to convict '*exclusively*' on pre-enactment conduct. Here, the jury was soundly instructed on the proper evidentiary value of pre-enactment conduct, and was reminded of the post-statute date range of the charge. Admission of evidence concerning the [defendants'] pre-statutory conduct was proper." (internal citations omitted)).

[7] *See* Sand § 6.06 (Instruction 6-18).

## Proposed Instruction 15

### COMMODITIES FRAUD

I will now define commodities fraud, which is alleged to be the object of the conspiracy charged in Count One. The relevant statute regarding commodities fraud is 18 U.S.C. § 1348, which provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice . . . to defraud any person in connection with any commodity for future delivery . . . shall be [guilty of a crime].

Mr. Flotron is not charged with commodities fraud itself, but with conspiracy to commit commodities fraud. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any other specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy to commit commodities fraud even though the substantive crime which was the object of the conspiracy was not actually committed.  I will now describe the elements of commodities fraud, as they relate to the conspiracy charged in Count One.[8]

---

[8] 18 U.S.C. § 1348; *see* Sand § 19.01 (Instruction 19-2) (modified).

**Proposed Instruction 16**

**ELEMENTS OF COMMODITIES FRAUD**

Let's consider the basic "elements" of commodities fraud:

1. First, there was a scheme to defraud any person;

2. Second, the defendant knowingly executed the scheme;

3. Third, the defendant acted with the intent to defraud; and

4. Four, the scheme was in connection with any commodity for future delivery. [9]

Now let's consider each of these elements in more detail.

A scheme is a plan or course of action formed with the intent to accomplish some purpose. A scheme to defraud any person [or entity] means a plan or course of action intended to deceive or cheat another. A scheme to defraud need not involve any false statement or misrepresentation of fact. A scheme to defraud [must] be

---

[9] The language containing the four elements of commodities fraud under 18 U.S.C. § 1348(1) is taken from the instruction given by the court in *United States v. Coscia*, No. 14 CR 551 (N.D. Ill., Nov. 3, 2015) (11/3/2015 Tr. at 1582) (attached as Ex. 1); *see also United States v. Mahaffy*, 693 F.3d 113, 125 (2d Cir. 2012) (elements of securities fraud under 18 U.S.C. § 1348(1) are "(1) fraudulent intent, (2) scheme or artifice to defraud, and (3) nexus with a security" (citing *United States v. Motz*, 652 F. Supp. 2d 284, 294 (E.D.N.Y. 2009)).

material, which means it is capable of influencing the decision of the person [or entity] to whom it is addressed.

A scheme to defraud is in connection with any commodity for future delivery if it coincided with or touched upon a commodities transaction.

A person acts with intent to defraud if he acts knowingly, with the intent to deceive or cheat the victim in order to cause a gain of money or property to himself or another or the potential loss of money or property to another.[10]

---

[10] Unless otherwise noted in brackets, the language discussing the four elements of commodities fraud under 18 U.S.C. § 1348(1) in further detail also is taken from the instructions given by the court in *Coscia*, 11/3/2015 Tr. at 1583 (attached as Ex. 1).

With respect to the applicable materiality standard, the Second Circuit has not yet addressed the issue. The Government notes, however, that the legislative history of 18 U.S.C. § 1348 provides that Section 1348 was intended to "supplement the patchwork of existing technical securities law violations with a more general and less technical provision, with elements and intent requirements comparable to current bank fraud and health care fraud statutes." S. Rep. 107-146 107th Cong., 2nd Sess., *available at* 2002 WL 863249 (May 6, 2002). The Second Circuit has stated that the appropriate materiality standard for bank fraud under 18 U.S.C. § 1344 is whether the deceptive conduct or misrepresentation is "capable of influencing a bank's actions." *United States v. Rodriguez*, 140 F.3d 163, 168 (2d Cir. 1998).

The Seventh Circuit, in *United States v. Coscia*, 866 F.3d 782 (7th Cir. 2017), noted that Section 1348 "was modeled on the federal mail and wire fraud statutes." *Id.* at 799. In the context of wire fraud prosecutions, the

**Proposed Instruction 17**

**RELATIONSHIP BETWEEN SUBSTANTIVE STATUTE
AND CONSPIRACY TO COMMIT OFFENSE**

As I mentioned earlier, the prosecution need not prove that Mr. Flotron actually committed commodities fraud, the object of the conspiracy charged in Count One. Rather, I remind you that what the prosecution must prove is each one of the following elements beyond a reasonable doubt:

1. First, that a conspiracy existed; and

2. Second, that the defendant knowingly and intentionally became a member of that conspiracy.

Further, and as I instructed you earlier, you must find that the conspiracy continued after May 20, 2009.

* * *

And that concludes my instructions with respect to **the crime charged in this case and its** elements.

---

Second Circuit has stated that "a false statement is material if it has the natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Corsey*, 723 F.3d 366, 373 (2d Cir. 2013) (citing *Neder v. United States*, 527 U.S. 1, 16 (1999).

**SECTION III: INSTRUCTIONS FOR DELIBERATIONS**

**Proposed Instruction 18**

**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses either on direct examination or cross-examination, **and** the exhibits received in evidence.

The attorneys' questions are not evidence. Answers from the witnesses are evidence. At times, an attorney may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was assumed or contained in the attorney's questions.

At points in the trial, I sustained objections and ordered certain answers from witnesses to be stricken. These answers must not be considered as evidence, and they play no role in your deliberations.

What the attorneys say in their comments, objections, and questions is not evidence. You will soon hear closing arguments from them. What they say in these arguments is intended to help you understand the evidence and to reach your verdict. If your recollection of the facts differs from their claims

or statements in the closing arguments, however, you must rely on your memory, not the facts as stated by the attorneys.

**Proposed Instruction 19**

**WITNESS CREDIBILITY—GENERAL**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You must decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon reason, common sense, and experience.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

So how do you determine truthfulness? You base it on what you've seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear?  What was his

or her demeanor—that is, behavior, manner and appearance—while testifying? Often it's not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she **testified**, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and **its** corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life's experiences.

**Proposed Instruction 20**

**TESTIMONY OF LAW ENFORCEMENT
AND GOVERNMENT OFFICIALS**

Some of the testimony you've heard has been the testimony of law enforcement officers. The testimony of a law enforcement officer or other government official is entitled to no greater and no less weight than any other witness's testimony just because he or she is a law enforcement officer or a government official. A law enforcement officer or other government official who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does. It is quite legitimate for either side to try to attack the credibility of witnesses who are law enforcement officers or other government officials, on the grounds that their testimony may be colored by a personal or professional bias or interest in the outcome of the case. When you consider such testimony, you should use the same tests for truthfulness that you use with other witnesses.

**Proposed Instruction 21**

**INTEREST IN OUTCOME OF THIS TRIAL**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit personally or professionally in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony.

This is certainly not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It's for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**Proposed Instruction 22**

**ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the prosecution charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.[11]

---

[11] *See* Sand § 19.01 (Instruction 19-9).

**Proposed Instruction 23**

**COOPERATING WITNESS TESTIMONY**

You have heard the testimony of witnesses who have been promised that, in exchange for testifying truthfully, completely, and fully, they will not be prosecuted for any crimes that they may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the prosecution.

The prosecution is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the

realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.[12]

---

[12] *See* Sand § 7.01 (Instruction 7-9).

## Proposed Instruction 24

### IMPEACHMENT OF WITNESSES

A witness may be discredited or impeached by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

**Proposed Instruction 25**

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY
[IF THE DEFENDANT DOES NOT TESTIFY]**

**Mr. Flotron did not testify** in this case. Under our Constitution, **he** has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defense. The defendant in a criminal case is never required to prove that he is innocent.

For that reason, you may not attach any significance to the fact that **Mr. Flotron** did not testify. It would be a violation of your oath and of the Constitution if you were to hold it against **him** that **he** did not take the witness chair to explain **himself**. And so you must not hold it against the **defendant** in any way that **he** did not testify. Instead, your focus should solely be on whether the prosecution has carried its burden to prove its case beyond a reasonable doubt.

**Proposed Instruction 26**

**SUMMARY EXHIBITS**

Certain summary charts or tables **(Exhibits ___)** were prepared by the prosecution and shown to you during testimony for the purpose of summarizing the evidence in this case. These exhibits are a compilation based on what the prosecution contends is underlying evidence that has been admitted or would be admissible in this case. You must determine for yourself whether these exhibits fairly and accurately summarize the underlying evidence and whether the related testimony is credible.

## Proposed Instruction 27

### NATURE OF CRIME

It would be improper for you to allow any feelings you might have about the nature of the crime that is charged here to influence your decision-making process. Regardless of the nature of the crime that's been charged in this case, your verdict must be based exclusively on the evidence or the lack of evidence concerning whether **Mr. Flotron is** guilty or not guilty of the **crime** charged against **him**.

**<u>Proposed Instruction 28</u>**

**POSSIBLE PUNISHMENT**

The question of possible punishment of **Mr. Flotron** is of no concern to you and should not enter into or influence your deliberations. In the event that you conclude the prosecution has proved its case beyond a reasonable doubt, the duty of imposing a sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether the prosecution has proven beyond a reasonable doubt that **the defendant is** guilty of the crime charged, solely upon the basis of such evidence.

**<u>Proposed Instruction 29</u>**

**NEGLIGENCE OF VICTIMS IS NOT A DEFENSE**

Criminal laws that protect against fraud are designed to protect all victims regardless of the care that they have exercised in their affairs. Therefore, any negligence on the part of the alleged victims, assuming such negligence occurred at all, in failing to discover a fraudulent scheme is not a defense to criminal conduct by a defendant.

**Proposed Instruction 30**

**RACE AND NATIONAL ORIGIN**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the prosecution sustained its burden of proof, any personal feelings you may have about the race or national origin of **Mr. Flotron** or of any other person that's involved with this case. You should be alert to the possibility of any implicit or subconscious bias that may affect your evaluation of this case.

**Proposed Instruction 31**

**CLOSING ARGUMENTS**

At this point we're going to turn to the closing arguments of counsel.

I'll have just a little more to review with you after we hear from counsel.

***[BREAK FOR CLOSING ARGUMENTS]***

## **Proposed Instruction 32**

## **ATTORNEYS' ARGUMENTS ARE NOT EVIDENCE**

I'll just remind you that what the attorneys have said in terms of their own statements is not evidence. The attorneys have merely presented their arguments about what the evidence has shown, and it's for you to decide what the evidence actually shows.

**Proposed Instruction 33**

**CONCLUSION**

Your verdict must be unanimous and it should represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It's your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

Now, in the course of your discussion, do not hesitate to reexamine your own individual views or to change your opinions if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from other jurors, you are not to yield your conviction simply because you are outnumbered by other jurors.

Remember at all times that you're not biased; rather you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

Now, when you return to the jury room, you should first elect one person to act as your foreperson that will preside over your deliberations and who will be your spokesperson here in court. When you have reached unanimous verdict as to your verdict, you will have your foreperson fill in the verdict **form**, then date and sign the verdict **form**. Although the foreperson is required to sign his or her name to the verdict **form**, please note that the verdict **form** to be filed on the public record will have the foreperson's signature redacted so that it could not be determined the identity of the foreperson.

Only once you have completed the verdict **form** should you inform the court security officer or courtroom deputy that you've reached a verdict. The verdict **form** must be used only in connection with the charge I've given to you. Any terms used in the verdict **form** are discussed in my instructions, and it's these instructions that govern your deliberations.

When you go into the jury room to begin your deliberations, you will have exhibits with you, and I'll say we'll be collecting them as soon as you're dismissed and start your deliberations, collecting the physical exhibits,

checking them through and bringing them back to you. And you'll also have, as I talked to you about earlier, you've got that sort of TV screen in the jury room and you'll have an opportunity to actually review the exhibits in their electronic version. That will shortly be sent electronically to that TV screen. So those exhibits will be arriving very soon after you're dismissed to begin your deliberations.

You will not have a transcript of the witnesses' testimony. If you want any of the testimony read to you by the court reporter, that can be done and will occur back here in open court. I just caution you that reading the testimony may be a time-consuming process, so please be as specific as possible about what you want to hear if you decide to request a reading of portions of the testimony.

Now, any communication with the Court should be made in writing, signed by your foreperson, and then given to the courtroom deputy or to one of the marshals, the court security officers who will be posted outside of the jury deliberation room throughout your deliberations. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the Court you should never reveal the results of any initial vote amongst yourselves or any numerical division amongst yourselves at any time.

It is proper to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done at any point during the trial has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, I'm going to have you proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you're not to leave the jury room without first notifying the marshal or court security officer who will escort you or you make sure that you're okay. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off or airplane mode, whatever it is, during deliberations. You must not research any issue or communicate with each other or with anyone else about this case through the internet, email, texting, et cetera. Further, if at any time a juror is in the bathroom facility or on a cell phone, the other jurors must immediately cease deliberations and may not recommence deliberations until all jurors are present and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you've heard it and apply the law as I've outlined it to you. Render your verdict fairly, uprightly, and without any prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict. Thank you, ladies and gentlemen, for your attention.

Respectfully submitted,

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

s/ Michael J. Rinaldi
Robert Zink
Acting Principal Deputy Chief
Michael J. Rinaldi
Matthew F. Sullivan
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
(202) 616-0429 (telephone)
(202) 616-1660 (facsimile)
robert.zink@usdoj.gov
michael.rinaldi@usdoj.gov
matthew.sullivan2@usdoj.gov

JOHN H. DURHAM
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut  06510
(203) 821-3700 (telephone)
(203) 773-5377 (facsimile)
avi.m.perry@usdoj.gov
Federal Bar No. phv07156

CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, a copy of the Government's Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael J. Rinaldi
MICHAEL J. RINALDI
TRIAL ATTORNEY