UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRE FLOTRON,<br><br>Defendant. | S1 17 Cr. 220 (JAM)<br><br>March 26, 2018 |

## DEFENDANT'S REQUESTS TO CHARGE

GREENBERG TRAURIG, LLP
Marc L. Mukasey (ct29885)
Nathan J. Muyskens (phv09472)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
*Attorneys for Defendant Andre Flotron*

## LIST OF PROPOSED JURY INSTRUCTIONS

PROPOSED JURY INSTRUCTION NO. 1
INTRODUCTION ................................................................................................................1

PROPOSED JURY INSTRUCTION NO. 2
ROLE OF JUDGE AND COURT ......................................................................................2

PROPOSED JURY INSTRUCTION NO. 3
INSTRUCTIONS TO BE CONSIDERED AS A WHOLE ...........................................3

PROPOSED JURY INSTRUCTION NO. 4
ROLE OF COUNSEL.........................................................................................................4

PROPOSED JURY INSTRUCTION NO. 5
ROLE OF THE JURY ........................................................................................................5

PROPOSED JURY INSTRUCTION NO. 6
UNANIMOUS JURY ..........................................................................................................6

PROPOSED JURY INSTRUCTION NO. 7
LARGE SUMS OF MONEY .............................................................................................7

PROPOSED JURY INSTRUCTION NO. 8
ALL PERSONS EQUAL BEFORE THE LAW ..............................................................8

PROPOSED JURY INSTRUCTION NO. 9
BURDEN OF PROOF AND THE REASONABLE DOUBT STANDARD.................9

PROPOSED JURY INSTRUCTION NO. 10
REASON FOR THE REASONABLE DOUBT STANDARD ....................................11

PROPOSED JURY INSTRUCTION NO. 11
OVERVIEW OF THE CHARGE .....................................................................................12

PROPOSED JURY INSTRUCTION NO. 12
SIGNIFICANCE OF THE INDICTMENT ...................................................................13

PROPOSED JURY INSTRUCTION NO. 13
CRIMES DEFINED BY STATUTE ONLY ..................................................................14

PROPOSED JURY INSTRUCTION NO. 14
CONSIDER ONLY THE CHARGE ...............................................................................15

PROPOSED JURY INSTRUCTION NO. 15
CONSPIRACY – ELEMENTS OF THE OFFENSE ...................................................16

PROPOSED JURY INSTRUCTION NO. 16
CONSPIRACY – ELEMENT ONE: EXISTENCE OF THE CONSPIRACY ...........17

PROPOSED JURY INSTRUCTION NO. 17
CONSPIRACY – ELEMENT ONE: MULTIPLE AGREEMENTS............................19

PROPOSED JURY INSTRUCTION NO. 18
CONSPIRACY – ELEMENT TWO: MEMBERSHIP IN THE CONSPIRACY ........20

PROPOSED JURY INSTRUCTION NO. 19
TIME FRAME OF THE CONSPIRACY ........................................................................24

PROPOSED JURY INSTRUCTION NO. 20
COMMODITIES FRAUD: ELEMENTS OF THE OFFENSE ....................................25

PROPOSED JURY INSTRUCTION NO. 21
COMMODITIES FRAUD: FIRST ELEMENT – SCHEME TO DEFRAUD ............26

PROPOSED JURY INSTRUCTION NO. 22
COMMODITIES FRAUD: SECOND ELEMENT – FRAUDULENT INTENT ........30

PROPOSED JURY INSTRUCTION NO. 23
COMMODITIES FRAUD: THIRD ELEMENT – IN CONNECTION WITH ANY
COMMODITY FOR FUTURE DELIVERY ................................................................32

PROPOSED JURY INSTRUCTION NO. 24
GOOD FAITH DOCTRINE ........................................................................................33

PROPOSED JURY INSTRUCTION NO. 25
DEFENSE THEORY OF THE CASE ..........................................................................35

PROPOSED JURY INSTRUCTION NO. 26
WHAT IS AND IS NOT EVIDENCE .........................................................................36

PROPOSED JURY INSTRUCTION NO. 27
KINDS OF EVIDENCE: DIRECT AND CIRCUMSTNATIAL ...............................38

PROPOSED JURY INSTRUCTION NO. 28
NUMBER OF WITNESSES ........................................................................................39

PROPOSED JURY INSTRUCTION NO. 29
WITNESS CREDIBILITY – GENERAL ....................................................................40

PROPOSED JURY INSTRUCTION NO. 30
FALSE IN ONE, FALSE IN ALL ...............................................................................42

PROPOSED JURY INSTRUCTION NO. 31
INFORMAL IMMUNITY ...........................................................................................43

PROPOSED JURY INSTRUCTION NO. 32
TESTIMONY OF LAW ENFORCEMENT AND GOVERNMENT OFFICIALS ....45

PROPOSED JURY INSTRUCTION NO. 33
INTEREST IN OUTCOME .........................................................................................46

PROPOSED JURY INSTRUCTION NO. 34
IMPEACHMENT OF WITNESSES ...........................................................................47

PROPOSED JURY INSTRUCTION NO. 35
EXPERT WITNESSES ................................................................................................48

PROPOSED JURY INSTRUCTION NO. 36
DEFENDANT'S TESTIMONY ..................................................................................49

PROPOSED JURY INSTRUCTION NO. 37
SUMMARY EXHIBITS ..............................................................................................50

PROPOSED JURY INSTRUCTION NO. 38
STIPULATION................................................................................................................51

PROPOSED JURY INSTRUCTION NO. 39
POSSIBLE PUNISHMENT ............................................................................................52

PROPOSED JURY INSTRUCTION NO. 40
NATURE OF CRIME.....................................................................................................53

PROPOSED JURY INSTRUCTION NO. 41
CLOSING ARGUMENTS ..............................................................................................54

PROPOSED JURY INSTRUCTION NO. 42
JUROR NOTES...............................................................................................................55

PROPOSED JURY INSTRUCTION NO. 43
CONCLUSION................................................................................................................56

Defendant Andre Flotron, by and through his counsel, submits the following Requests to Charge. Defendant reserves the right to supplement his requests as evidence is produced at the pre-trial stage and introduced at trial.

## PROPOSED JURY INSTRUCTION NO. 1
## INTRODUCTION

Members of the jury, you now have heard all of the evidence. At this point, I will instruct you about the law that applies to this case. It will take some time for me to read these instructions to you but it is important that you listen carefully to them. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies – you will be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the Court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that has been given to you – namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. When you are done deliberating, you will use the verdict form to report your verdict to the Court and the parties.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 1; *see also* Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 2-2 (2015) (hereinafter "Sand").

**PROPOSED JURY INSTRUCTION NO. 2**
**ROLE OF JUDGE AND COURT**

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now – at the close of evidence – that most of the instructions are given, so please be patient and listen closely. If any of the attorneys state the law differently from the way I am explaining it to you, you must follow my instructions.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 1-2.

## PROPOSED JURY INSTRUCTION NO. 3
## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You should not single out any one part of my instructions and ignore the rest. Instead,

you should consider all of the instructions as a whole and consider each instruction in light of all

the others. I should also point out that, although you have been given a copy of the instructions to

follow as I deliver them, if I say aloud anything at all different from what is written, you must

follow what I say here in court. And, of course, do not read into these instructions, or into

anything I have said or done, any suggestion about what verdict you should return – that is a

matter for you alone to decide.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015),
ECF No. 90, at 2.

## PROPOSED JURY INSTRUCTION NO. 4
## ROLE OF COUNSEL

If you formed an opinion of any kind as to any of the lawyers in the case – favorable or unfavorable, whether you approved or disapproved of their behavior as advocates – that should not enter into your deliberations. The personalities and the conduct of counsel in the courtroom are not in any way at issue.

Please understand that a lawyer has an obligation to object when opposing counsel asks a question of a witness that the lawyer thinks is improper or offers evidence that the lawyer thinks is inadmissible. You are not to concern yourselves with why a lawyer made an objection or why I ruled in the manner I did.

During the course of the trial, I may have had to raise my voice at or reprimand an attorney. You should draw no inference from that. It is the duty of attorneys to offer evidence and press objections on behalf of their clients. A lawyer also has a right to ask for a conference with the judge outside the hearing of the jury. You should not show any prejudice against a party because an objection was made or a conference was requested outside your hearing.

It is my function to cut off counsel from an improper line of argument or questioning or to strike offending remarks when I think it is necessary. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer – the issue is whether or not the government has sustained its burden of proving guilt beyond a reasonable doubt.

Authority: Modified from Sand, Instr. 2-8, 2-9 and charge given in *United States v. Smith*, 12-cr-105 (RNC) (D. Conn. Jan. 13, 2014), ECF No. 1379, at 27-28.

## PROPOSED JURY INSTRUCTION NO. 5
## ROLE OF THE JURY

It is your solemn duty to find the facts from all the evidence in the case. In reaching a

verdict, you must very carefully and wholly impartially consider all of the evidence in the case

and then apply the law as I have explained it to you. You must go into your deliberations with an

open mind, regardless of whether you might think at this point that you tend to favor one side

over another. And you must do your duty as jurors regardless of any personal likes, dislikes,

opinions, prejudices, or sympathies. In other words, you must decide the case solely on the

evidence before you, and you must do so fairly and impartially.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 2 and *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 5.

## PROPOSED JURY INSTRUCTION NO. 6
## UNANIMOUS JURY

The verdict you reach of either "guilty" or "not guilty" must be unanimous – that is, agreed upon by each and every one of you. You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 2-3 and *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 5.

## PROPOSED JURY INSTRUCTION NO. 7
### LARGE SUMS OF MONEY

The testimony and the exhibits in this trial were connected with large financial transactions – but that fact alone has nothing to do with whether or not the government has proven the elements of the charged offense beyond a reasonable doubt.

The fact that the transactions in this case may have involved large sums of money does not mean that the defendant is held to a greater standard of conduct than had the case involved smaller sums of money.

The presumption of innocence applies to every defendant in every case equally without regard to the number of dollars involved in any transaction.

Authority: Modified from the charge given in *United States v. Ghavami et al.*, No. 10-cr-1217 (KMW) (S.D.N.Y. Aug. 29, 2012), ECF No. 278, at 58-59.

## PROPOSED JURY INSTRUCTION NO. 8
## ALL PERSONS EQUAL BEFORE THE LAW

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. That this case is brought in the name of the United States does not mean that the government is entitled to greater consideration than that accorded to Mr. Flotron. By the same token, the government is entitled to no less consideration; rather, both parties, the government and Mr. Flotron, stand as equals under the law and must be treated as equals by the jury.

Moreover, the question before you can never be: Will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: Modified from charge given in *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462, at 33; *see also* Sand, Instr. 2-5.

**PROPOSED JURY INSTRUCTION NO. 9**
**BURDEN OF PROOF AND THE REASONABLE DOUBT STANDARD**

Because this is a criminal case, the prosecution has the burden of proving every element of the crime beyond a reasonable doubt. Although Mr. Flotron has been charged with a crime, you must remember that this charge is only an accusation. The charge is not evidence. Mr. Flotron has pleaded not guilty, and the law presumes Mr. Flotron to be innocent. The burden is on the prosecution to prove the guilt of Mr. Flotron beyond a reasonable doubt. This burden never shifts to Mr. Flotron for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness, testifying, or producing any evidence. For that reason, you must presume that Mr. Flotron is innocent throughout your deliberations until such time, if any or if ever, that you are satisfied that the prosecution has proven his guilt beyond a reasonable doubt. [**IF APPLICABLE**: Although Mr. Flotron has presented evidence in his defense, it is not his burden to prove himself innocent.]

In short, Mr. Flotron began the trial with a clean slate and no evidence against him. This presumption of innocence alone is sufficient to acquit him unless, after careful and impartial consideration of all the evidence in this case, you as jurors are unanimously convinced of his guilt beyond a reasonable doubt.

What is a reasonable doubt? Reasonable doubt is doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The reasonable doubt standard does not require the prosecution to prove Mr. Flotron's guilt beyond all possible doubt, but only beyond a reasonable doubt. A reasonable doubt is not a caprice or whim. It is not speculation or suspicion or sympathy. Reasonable doubt is a doubt

based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or any lack of evidence.

The mosaic of evidence that constitutes the record before you may include both the evidence and the lack of evidence. Any absence of evidence may provide the reasonable doubt upon which a jury decides to find a defendant not guilty.

If, after fair and impartial consideration of all the evidence and any absence of evidence against Mr. Flotron, you have a reasonable doubt on any element of the crime charged against Mr. Flotron, it is your duty to find him not guilty. On the other hand, if after fair and impartial consideration of all the evidence against Mr. Flotron, you are convinced of his guilt beyond a reasonable doubt, you should vote to find him guilty. If you view the evidence in the case as a "toss up" or reasonably permitting either of two conclusions – one of "not guilty" and the other "guilty" – then of course you must find that Mr. Flotron is not guilty.

One more thing: wherever I may say in these instructions that the prosecution must prove an element or that you must find, decide, or determine an element, what I mean is that the prosecution must prove and you must find that element beyond a reasonable doubt.

Authority: Modified from charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 3-4; *see also* Sand, Instr. 4-2; *United States v. O'Shea*, 426 F.3d 475, 482-83 (1st Cir. 2005) (approving the charge that "[a] reasonable doubt may arise not only from the evidence produced, but also from the lack of evidence"); *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) ("[S]pecious inferences are not indulged because it would not satisfy the Constitution to have a jury determine that the defendant is *probably* guilty") (internal citation omitted).

**PROPOSED JURY INSTRUCTION NO. 10**
**REASON FOR THE REASONABLE DOUBT STANDARD**

In applying the reasonable doubt standard, it may be helpful for you to have a proper understanding of its purpose in our criminal justice system. The reasonable doubt standard is said to be the hallmark of our nation's justice system. A person who is convicted of a crime faces the possible loss of liberty and damage to his personal reputation in the community. Our nation and our society value the freedom of every individual, and, therefore, our Constitution mandates that a person should not be condemned for commission of a crime where there is a reasonable doubt as to any element of the alleged crime. That system would lose the respect of the people if it made them wonder whether innocent persons are being convicted. The reasonable doubt standard reinforces the goal of our free society, that every individual going about his or her ordinary affairs can have confidence that the government cannot adjudge an individual guilty of a criminal offense without convincing a proper fact-finding body, such as yourselves, of his guilt beyond a reasonable doubt on the charges presented in the indictment.

Authority: *In re Winship*, 397 U.S. 358, 362 (1970) ("[It is] the duty of the Government to establish . . . guilt beyond a reasonable doubt. This notion – basic in our law and rightly one of the boasts of a free society – is a requirement and a safeguard of due process of law in the historic, procedural content of 'due process'. . . . In a similar vein . . . [g]uilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.") (internal citations omitted); *see also United States v. Birbal*, 62 F.3d 456, 460 (2d Cir. 1995); *Santosky v. Kramer*, 455 U.S. 745, 755 (1982) ("When the State brings a criminal action to deny a defendant liberty or life . . . the interests of the defendant are of such magnitude that historically and without any explicit constitutional requirement they have been protected by standards of proof designed to exclude as nearly as possible the likelihood of an erroneous judgment. The stringency of the 'beyond a reasonable doubt' standard bespeaks the weight and gravity of the private interest affected, society's interest in avoiding erroneous convictions, and a judgment that those interests together require that society impos[e] almost the entire risk of error upon itself.") (internal citations omitted) (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 11
### OVERVIEW OF THE CHARGE

In this case, the prosecution has charged Mr. Flotron with conspiracy to commit

commodities fraud. This is a crime defined by Congress in Section 1349 of Title 18 of the United

States Code.

Authority: Modified from charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn.
Feb. 13, 2017), ECF No. 78, at 7.

**PROPOSED JURY INSTRUCTION NO. 12**
**SIGNIFICANCE OF THE INDICTMENT**

As you know, the charge against Mr. Flotron is contained in an indictment. An indictment is not evidence. It is proof of nothing. It is merely an accusation, a statement of the charge made against a defendant that gives a defendant notice of the charge against him and informs the Court and the public of the nature of the accusation. The defendant has pleaded not guilty and is presumed to be innocent of the charge. Even after this indictment has been returned against him, he begins this trial with absolutely no evidence against him. In fact, even if you find that the government has proven all of the factual allegations it listed in the indictment, after reviewing all the evidence in this case and listening to my instructions on the law, you may decide that a defendant is not guilty of the charge in the indictment.

Authority: Modified from Sand, Instr. 3-1.

13

## PROPOSED JURY INSTRUCTION NO. 13
## CRIMES DEFINED BY STATUTE ONLY

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the conspiracy statute and how it breaks down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, not every instance of unfairness constitutes a crime. Instead, you are required to break the conspiracy count down to the elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict.

Authority: Modified from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931, at 128-29, *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103 and *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462, at 39; *see also United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 14
## CONSIDER ONLY THE CHARGE

[**IF APPLICABLE**]

To that point, the defendant is not charged with committing any crime other than the offense contained in the indictment.

The defendant is charged only with the acts contained in Count One of the indictment, not for any other acts. Do not return a guilty verdict unless the government proves each element of such count beyond a reasonable doubt.

Authority: Modified from Third Circuit Model Criminal Jury Instructions § 2.23 (Oct. 2017); *see also* Sand, Instr. 3-3.

## PROPOSED JURY INSTRUCTION NO. 15
## CONSPIRACY – ELEMENTS OF THE OFFENSE

Let's consider the basic "elements" of the alleged crime – that is, the facts that you would

have to find have been proven by the prosecution beyond a reasonable doubt in order for you to

return a "guilty" verdict against Mr. Flotron:

1.  First, the prosecution must prove that two or more persons entered the unlawful
    agreement charged in Count One.

2.  Second, the prosecution must prove that the defendant knowingly and willfully
    became a member of the alleged conspiracy in which he is charged, that is, he and a
    co-conspirator reached an agreement to cooperate with each other to accomplish the
    unlawful objectives of the charged conspiracy.

You may return a guilty verdict if – and only if – you find the prosecution has proven

both of these elements beyond a reasonable doubt.

Now let's consider each of these elements in more detail.

Authority: Modified from charges given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn.
July 17, 2015), ECF No. 90, at 5-6 and *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn.
Feb. 10, 2017), ECF No. 78, at 7-8.

**PROPOSED JURY INSTRUCTION NO. 16**
**CONSPIRACY – ELEMENT ONE: EXISTENCE OF THE CONSPIRACY**

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in Count One. This means that the government must prove that two or more persons reached an agreement to cooperate with each other to accomplish the unlawful objective of the charged conspiracy. If you do not find that the conspiracy charged in Count One existed, you must acquit the defendant of Count One.

Although the government need not prove the existence of a formal written or oral agreement, it must prove beyond a reasonable doubt that two or more persons came to a mutual understanding to cooperate to accomplish the specific criminal objective charged in Count One. You need not find that the alleged co-conspirators stated, in words or writing, what the scheme was, its objects or purposes, or every precise detail of the scheme or the means by which its purposes were to be accomplished. It is sufficient if two individuals came to an understanding that they would cooperate together to accomplish the illegal object of the alleged conspiracy together. It is not, however, sufficient for the government to show that two individuals merely associated with each other or even that they committed separate crimes during the same period. Instead, you must find that each alleged conspirator agreed to participate in what he knew was a group venture toward the common goal of breaking the law.

The indictment charges that there was one objective, or goal, of the alleged conspiracy: to commit commodities fraud. I will instruct you on the elements of commodities fraud shortly. For now, it is important to understand as to the first element of conspiracy that, to find a defendant guilty of conspiracy, you must find, beyond a reasonable doubt, that there existed a mutual agreement between two or more persons to accomplish each element of commodities fraud.

17

If you conclude that the government has proven beyond a reasonable doubt the existence of such an agreement between two or more persons, then the government has met its burden and you should continue to the second element. If even one juror is not convinced beyond a reasonable doubt that there was an agreed-upon plan to violate the law, then you cannot convict the defendant of conspiracy.

Authority: *See* Sand, Instr. 19-4 (§ 371 conspiracy); *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) (§ 1956(h) conspiracy); *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (§§ 963 and 846 conspiracy); *United State v. Drivas*, 10-cr-771 (NG) (E.D.N.Y. Apr. 5, 2013), ECF No. 589, at 23-28 (§ 1349 conspiracy); *see also United States v. Weeks*, 653 F.3d 1188, 1202 (10th Cir. 2011) ("An agreement with others that certain activities be done, without knowing at the time of the agreement that the activities violate the law, is therefore insufficient to establish conspiracy.").

**PROPOSED JURY INSTRUCTION NO. 17**
**CONSPIRACY – ELEMENT ONE: MULTIPLE AGREEMENTS**

In order to convict the defendant of conspiracy, the government must prove beyond a reasonable doubt the existence of the single alleged conspiracy as charged in Count One. When two or more persons join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple agreements exist when there are separate agreements to achieve distinct or different purposes. Whether a single conspiracy has been proved depends upon your determination of the nature of the agreement.

A single conspiracy does not exist solely because many individuals deal with a common central player. What is required is a shared single criminal objective.

Thus, the question of fact as to whether there existed a single unlawful agreement, or two or more such agreements, or, indeed, no agreement at all, is for you, the jury, to determine. If you find that the government has not proved the existence of the single conspiratorial agreement charged in the indictment beyond a reasonable doubt, then you must acquit the defendant on Count One. This is true even if you find that some agreement or agreements other than the one charged in Count One existed. The defendant would be not guilty if you were to find the existence of an agreement but not the agreement charged in the indictment.

Authority: Modified from Sand, Instr. 19-5 (§ 371 conspiracy); *see also United States v. Aracri*, 968 F.2d 1512, 1520-21 (2d Cir. 1992) (§ 371 conspiracy); *United States v. Heinemann*, 801 F.2d 86, 91-92 (2d Cir. 1986) (§ 371 conspiracy); *United States v. Baldridge*, 559 F.3d 1126, 1136 (10th Cir. 2009) ("A single conspiracy does not exist solely because many individuals deal with a common central player. What is required is a *shared* single criminal objective . . . .") (emphasis in the original) (citation omitted).

## PROPOSED JURY INSTRUCTION NO. 18
## CONSPIRACY – ELEMENT TWO: MEMBERSHIP IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and willfully, that is with the specific intention, joined a conspiracy to commit commodities fraud.

The term "knowingly" means that you must be satisfied beyond a reasonable doubt that in joining the alleged conspiracy, the defendant knew what he was doing. An act is done "knowingly" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of the defendant's conscious decision rather than the product of mistake or accident or some other innocent reason.

An act is done "willfully" if it is done voluntarily and with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and evil motive to disobey or to disregard the law. A defendant's conduct is not willful if it was due to carelessness or negligence, inadvertence, mistake, or was the result of a good faith misunderstanding of the requirements of the law. It is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so. I will instruct you further on the defense of good faith in a moment.

In order to prove that the defendant became a member of the alleged conspiracy to commit commodities fraud, the government must also prove, beyond a reasonable doubt, that the defendant acted with the same unlawful intent that must be proven with respect to that alleged object of the conspiracy. If you find that the government has failed to establish that the defendant acted with the unlawful intent needed to commit commodities fraud, you must find him not guilty with respect to the charge of conspiracy to commit that offense.

Commodities fraud, which is the object of the alleged conspiracy, requires that the government prove beyond a reasonable doubt that the defendant acted knowingly and with the specific intent to defraud. Thus, in order to prove that the defendant became a member of the alleged conspiracy, the government must prove beyond a reasonable doubt, in addition to the other elements of membership that I have described, that that defendant acted knowingly and with the intent to defraud in connection with the alleged commodities fraud scheme. I will instruct you momentarily about what it means to act with "intent to defraud" in the context of commodities fraud.

An individual does not become a member of a conspiracy if he merely had knowledge or approved of a conspirator's unlawful conduct. Nor does he become a member of a conspiracy if he merely associated or worked with individuals engaged in a conspiracy, or if he, without knowledge, happened to further the objectives of the conspiracy. Nor does he become a member of a conspiracy if he, without knowledge, engages in the same conduct as a conspirator at the same time. More is required under the law. In order to find the defendant guilty, you must find that he and a co-conspirator reached an agreement to cooperate with each other to accomplish the unlawful objectives of the charged conspiracy.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements and the reasonable inferences which may be drawn from them. The defendant's knowledge of the unlawful object of the agreement must have existed at the time the defendant is alleged to have joined the conspiracy and continued throughout his participation. The only relevant consideration is what the defendant was thinking at the time.

21

I want to caution you that the defendant's mere association with another member of the alleged conspiracy does not make that defendant a member of the alleged conspiracy. A person may know, work with, or enter into business or friendship with an individual who is committing a crime without being a criminal himself. You may not find that the defendant is a member of a conspiracy merely because of a friendship or business association with alleged co-conspirators. Mere similarity of conduct or the fact that alleged coconspirators may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. Even being present at the place where a crime takes place or is discussed, or knowing about criminal conduct does not, of itself, make someone a member of the conspiracy. Again, intentional participation in the alleged conspiracy – *i.e.*, reaching an agreement to cooperate to accomplish its unlawful objectives – is required.

If you do not unanimously agree that the government has satisfied its burden of proving this element, you may not find the defendant guilty of Count One.

Authority: Modified from Sand, Instrs. 3A-3, 19-6 (§ 371 conspiracy); *see also United States v. Drivas*, 10-cr-771 (NG) (E.D.N.Y. Apr. 5, 2013), ECF No. 589, at 19, 25 ("'Willfully' means to act knowingly and with a bad purpose to disobey the law. 'Knowingly' means to act voluntarily and deliberately rather than mistakenly or inadvertently.") (§ 1349 conspiracy); *United States v. Campos*, 16-cr-395 (S.D.N.Y. June 22, 2016), ECF No. 140, at 27 ("[T] to act knowingly means to act consciously and voluntarily rather than by mistake or accident. To act willfully means to act deliberately and with a purpose to do something the law forbids.") (§ 371 conspiracy); *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 at 67 ("To act knowingly means to act consciously and deliberately rather than mistakenly and inadvertently. To act willfully means to act purposely and with the intent to do something unlawful. Thus, a defendant enters into a conspiracy knowingly and willfully if he joins and participates in the conspiracy with knowledge of and the intent to further its unlawful objectives.") (§ 371 conspiracy); *United States v. Dixon*, 536 F.2d 1388, 1397-98 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the defendant had to have an "evil purpose") (§ 371 conspiracy); *United States v. Dardi*, 330 F.2d 316, 331 (2d Cir. 1964) (affirming lower courts jury instructions about intent, "evil motive" and purpose) (§ 371 conspiracy).

In this case, based on the nature of the government's case and the potential defenses, the jury should be instructed in some level of detail on the legal requirements for finding that

Defendant became a member of a conspiracy. For that reason, Defendant proposes paragraphs 6-8 above, based on prevailing case law defining what constitutes membership in an agreement. *See* Sand, Instr. 19-4 ("What the government must prove is that there was a mutual understanding . . . between two or more people to *cooperate with each other to accomplish an unlawful act*.") (emphasis added); Sand, Instr. 19-6 ("Moreover, the fact that the acts of a defendant, without knowledge, *merely happen to further the purposes or objectives of the conspiracy*, does not make the defendant a member.") (emphasis added); *United States v. Tyson*, 653 F.3d 192, 210 (3d Cir. 2011) ("The evidence certainly does not suggest *coordinated action in support of a common goal*. To constitute coordinated action, there must be some link between the co-conspirators' conduct that suggests integration or unity of purpose. . . . [In this case, the evidence shows], at most, proof of parallel conduct – two individuals attempting to import firearms into the Virgin Islands. A conspiracy prosecution requires more.") (emphasis added); *United States v. Jones*, 371 F.3d 363, 366 (7th Cir. 2004) ("Even if Jones knew of Rock's plan to resell the rifle, *his knowledge or approval of the illegal scheme is insufficient to sustain a conviction*.") (emphasis added); *United States v. Ceballos*, 340 F.3d 115, 124 (2d Cir. 2003) ("There must be something more than mere knowledge, approval of or acquiescence in the object or the purpose of the conspiracy; the defendant's attitude towards the forbidden undertaking must be more positive[,] . . . he must in some sense promote their venture himself, make it his own, have a stake in its outcome, or make an affirmative attempt to further its purposes.") (alterations and internal quotation marks omitted); *id.* at 128 ("The government cites no authority for the proposition that a defendant's mere receipt of payment on a preexisting debt in one unlawful business with knowledge of the fact that the money was generated by a different unlawful enterprise is sufficient to permit an inference that the defendant joined the second enterprise, and we are aware of none. To the contrary, acquiescence by itself is not sufficient."); *see also United States v. Ogando*, 547 F.3d 102, 107 (2d Cir. 2008) ("[I]n order to prove conspiracy . . . it is also true that the Government must show more than evidence of a general cognizance of criminal activity . . . or mere association with others engaged in criminal activity.") (internal quotation marks omitted); *United States v. Knox*, 68 F.3d 990, 995 (7th Cir. 1995) ("Mere association with conspirators, knowledge of a conspiracy, and presence during conspiratorial discussions are not sufficient proof.").

## PROPOSED JURY INSTRUCTION NO. 19
## TIME FRAME OF THE CONSPIRACY

As I have explained, the government has alleged that the defendant engaged in a conspiracy, the object of which was to commit commodities fraud in violation of 18 U.S.C. § 1348. This statute, however, did not take effect for commodities until May 20, 2009. In other words, commodities fraud, as defined in 18 U.S.C. § 1348, was not a crime until May 20, 2009.

This means that, in order for you to find the defendant guilty of engaging in a conspiracy to commit commodities fraud, you must find beyond a reasonable doubt that the alleged conspiracy existed after May 20, 2009, and that the defendant agreed to be a member of the conspiracy after that date. In other words, you must find the defendant not guilty unless you find beyond a reasonable doubt that he and at least one co-conspirator had an agreement to commit commodities fraud that existed after May 20, 2009.

Authority: Modified from charge given in *United States v. Ghavami*, No. 10-cr-01217-KMW (S.D.N.Y. Aug. 29, 2012), ECF No. 278, at 38-39; *see also United States v. Monaco*, 194 F.3d 381, 386-87 (2d Cir. 1999) (upholding a conviction when the evidence showed that the co-conspirators' agreement to engage in illegal conduct continued after the enactment of the relevant statute).

### PROPOSED JURY INSTRUCTION NO. 20
### COMMODITIES FRAUD: ELEMENTS OF THE OFFENSE

The indictment alleges that the objective of the conspiracy is commodities fraud in violation of 18 U.S.C. § 1348. Commodities fraud requires proof beyond a reasonable doubt of the following three elements:

1. There was a scheme to defraud any person as charged in the indictment;

2. The defendant executed the scheme with fraudulent intent; and

3. The scheme was in connection with any commodity for future delivery.

Authority: *United States v. Mahaffy*, 693 F.3d 113, 125 (2d Cir. 2012); modified from charge given in *United State v. Coscia*, 14-cr-551 (N.D. Il. Nov. 3, 2015), ECF No. 85, at 20.

Sand's Modern Federal Jury Instructions do not include an instruction on the elements of commodities fraud. Thus, certain language in Mr. Flotron's proposed instructions regarding commodities fraud has been adapted from pattern instructions and case law on 18. U.S.C. § 1343 (Wire Fraud). *See United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *9 n.6 (S.D.N.Y. Jan. 18, 2017) ("Several courts [within the Second Circuit] have recognized that because the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and wire fraud statutes,' an analysis of Section 1348 'should be guided by the caselaw construing those statutes." (citation omitted)).

**PROPOSED JURY INSTRUCTION NO. 21**
**COMMODITIES FRAUD: FIRST ELEMENT – SCHEME TO DEFRAUD**

The first element of commodities fraud is a scheme to defraud.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive a reasonable investor. Thus, a scheme to defraud is a plan designed to cheat another out of money or property by deception or swindle.

The false or fraudulent representation must relate to a material fact or matter. A "material fact" is an important fact – not a minor, insignificant, or trivial detail – that a reasonable investor would use when deciding whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a reasonable investor's decision.

For the purposes of this case, a "reasonable investor" is an investor in the precious metals futures market. Accordingly, in determining whether the alleged scheme to defraud concerned a material matter, you must consider the matter from the standpoint of such a reasonable investor. To do that, you should consider the evidence relating to the sophistication of the investors in the precious metals futures market, their objectives, the information available to them, the analyses they employed, and the way the market worked.

Authority:

With respect to the "scheme to defraud" element, we respectfully submit that this element should require a false or fraudulent representation or promise. Defendant acknowledges that in denying his motion to dismiss, the Court relied on Second Circuit language in finding that "a scheme to defraud does not necessarily require the prosecution to prove that there were any false statements or explicit misrepresentations." ECF No. 142, at 4 (citing *United States v. Mahaffy*, 693 F.3d 113, 125 (2d Cir. 2012)). Nevertheless, Defendant respectfully submits that the weight of authority supports the requirement of a material misrepresentation or omission. The commodities fraud statute, 18 U.S.C. § 1348, was modeled on the mail and wire fraud statutes. *See United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *9 n.6 (S.D.N.Y. Jan. 18, 2017) ("Several courts [within the Second Circuit] have recognized that because the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and

wire fraud statutes,' an analysis of Section 1348 'should be guided by the caselaw construing those statutes.'" (citation omitted)). "The intent requirements are to be applied consistently with those found in 18 U.S.C. ss1341, 1343, 1344, 1347." 148 Cong. Rec. S7418-01, S7421, 2002 WL 1731002.

Although the wire fraud statute does not explicitly require a material misrepresentation, the Supreme Court has interpreted the statute to call for one.  *Neder v. United States*, 527 U.S. 1, 20-25 (1999) ("hold[ing] that materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes"); *see also Cleveland v. United States*, 531 U.S. 12, 26 (2000) (rejecting government contention that section 1341 contained two independent offenses).  The majority of circuit courts have followed this interpretation of *Neder* in mail and wire fraud cases, requiring a material misrepresentation as an element of the offense or as a component of the "scheme to defraud" element.  *E.g.*, *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018) ("A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property."); *United States v. Weimert*, 819 F.3d 351, 354-55 (7th Cir. 2016) ("The wire fraud statute prohibits schemes to defraud or to obtain money or property by means of 'false or fraudulent pretenses, representations, or promises' . . . .  To prove a scheme to defraud, the government must show that Weimert made a material false statement, misrepresentation, or promise, or concealed a material fact.") (citations omitted); *United States v. Appolon*, 715 F.3d 362, 367-68 (1st Cir. 2013) ("The elements of a wire fraud conviction under 18 U.S.C. § 1343 are: (1) a scheme or artifice to defraud using false or fraudulent pretenses; (2) the defendant's knowing and willing participation in the scheme or artifice with the intent to defraud; and (3) the use of the interstate wires in furtherance of the scheme.  The false or fraudulent representation must be material.") (citations omitted); *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012); *United States v. Radley*, 632 F.3d 177, 185 (5th Cir. 2011) ("Although the language of § 1343 does not require a material misrepresentation, the Supreme Court has interpreted the statute to call for one."); *United States v. Daniel*, 329 F.3d 480, 485-86 (6th Cir. 2003) ("A scheme to defraud includes any plan or course of action by which someone intends to deprive another by deception of money—deprive another by deception of money or property by means of false or fraudulent pretenses, representations, or promises.' . . .  It is clear that as an element of the 'scheme or artifice to defraud' requirement, the government must prove that the defendant said something *materially* false."); *but see United States v. Woods*, 335 F.3d 993, 999 (9th Cir. 2003) ("Defendants essentially contend that a 'falsehood' must be either a specific false statement or a specific omission.  We disagree.  As noted above, *Neder* addressed the materiality of misrepresentation, not the specificity.").

Pattern and model jury instructions similarly require a false representation as an aspect of the scheme to defraud in mail and wire fraud cases.  *See, e.g.*, Sand, Instr. 44-4 ("A scheme to defraud is any plan, device, or course of action to obtain money or property . . .  by means of false or fraudulent pretenses, representations, or promises . . . ."); Third Circuit Model Criminal Jury Instructions § 6.18.1341-1 (Oct. 2017) (same); Seventh Circuit Model Criminal Jury Instructions  - 18 U.S.C. § 1341, 1343 Definition of Scheme to Defraud (2012) (same); Fifth Circuit Model Criminal Jury Instructions § 2.57 (2015) (the government must prove that the scheme to defraud "employed false material representations").

Moreover, the language in *Mahaffy* not requiring a misrepresentation was dicta, as the court noted that the district court's charge was not contested, and the evidence had sufficiently established "either affirmative misrepresentations or violations of an employer-based duty to disclose." 693 F.3d at 125.

***

With respect to the materiality language, in *United States v. Coscia*, 866 F.3d 782 (7th Cir. 2017), Coscia argued that the district court erred in instructing the jury that conduct is material if it is "capable of influencing the decision of the person to whom it is addressed." *Id.* at 789. According to Coscia, the jury should have been instructed that the alleged scheme must have been "reasonably calculated to deceive persons of ordinary prudence" and that "there is a substantial likelihood that a reasonable investor [or trader] would consider [the deceptive conduct] important in making a decision." *Id.* at 798-99. The Seventh Circuit rejected Coscia's argument, finding that the district court had made "an entirely reasonable decision" regarding the materiality instruction. *Id.* at 799. The court did not, however, find that it would have been improper for the district court to have used Coscia's proposed instruction. In fact, the court took the time to analyze the evidence under this standard and concluded that Coscia's conduct "was material even under his own formulation of materiality." *Id.* at 799-800.

Moreover, the Seventh Circuit has also recognized the danger in interpreting the "capable of influencing" standard too literally. In *United States v. Weimert*, 819 F.3d 351 (7th Cir. 2016), the evidence at trial showed that Weimert, a vice president at AnchorBank, "deliberately misled his board and bank officials to believe that the successful buyer [of the bank's share in a real estate development] would not close the deal if he were not included as a minority partner." *Id.* at 353. Ultimately, Weimert was convicted of wire fraud on the theory that his actions amounted to a scheme to obtain money or property by fraud. *Id.* at 353-54. On appeal, the Seventh Circuit recognized that "materiality has been defined in broad and general terms as having a tendency to influence or to be capable of influencing the decision-maker." *Id.* at 355 (quoting *Neder v. United States*, 527 U.S. 1, 16 (1999)). The court also acknowledged that a misrepresentation about one's negotiating position, such as the one made by Weimert, would technically meet this liberal test. *See id.* at 357 ("From strands of case law, it is true, one can piece together a mail or wire fraud case based on such deception about negotiating positions. . . . [I]nformation about a party's negotiating position is surely material in the sense that it is capable of influencing another party's decisions. . . ."). However, despite the fact that Weimert's conduct met the materiality standard in a literal sense, the court reversed his conviction:

> Congress could not have meant to criminalize deceptive misstatements or omissions about a buyer's or seller's negotiating positions. Buyers and sellers negotiate prices and other terms. To state the obvious, they will often try to mislead the other party about the prices and terms they are willing to accept. Such deceptions are not criminal.

*Id.* at 357 (internal citation omitted).

28

The court went on to provide a hypothetical where misrepresentations that would clearly influence the decisions of others would not be criminal:

> To take a simple example based on price, suppose a seller is willing to accept $28,000 for a new car listed for sale at $32,000. A buyer is actually willing to pay $32,000, but he first offers $28,000. When that offer is rejected and the seller demands $32,000, the buyer responds: "I won't pay more than $29,000." The seller replies: "I'll take $31,000 but not a penny less." After another round of offers and demands, each one falsely labeled "my final offer," the parties ultimately agree on a price of $30,000. Each side has gained from deliberately false misrepresentations about its negotiating position. *Each has affected the other side's decisions. If the transaction involves interstate wires, has each committed wire fraud, each defrauding the other of $2,000? Of course not.*

*Id.* at 357-58 (emphasis added).

In the Second Circuit, "[s]everal courts have recognized that 'because the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and wire fraud statutes,' an analysis of Section 1348 'should be guided by the caselaw construing those statutes.'" *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *9 n.6 (S.D.N.Y. Jan. 18, 2017) (citation omitted); *see also United States v. Mahaffy*, No. 05 Cr. 613, 2006 WL 2224518, at *11 (E.D.N.Y. Aug. 2, 2006). Courts in this District have found that a statement is material in the context of mail or wire fraud if there is a "substantial likelihood" that a reasonable investor would find that the statement "significantly alter[ed] the 'total mix' of information made available." *United States v. Ferguson*, 553 F. Supp. 2d 145, 152 (D. Conn. 2008) (quoting *Basic v. Levinson*, 485 U.S. 224, 231 (1988)); *see also* charge given in *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 at 59. Further, courts have found that materiality should be assessed through the lens of the relevant market participants. *See* charge given in *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 at 46; *S.E.C. v. Rorech*, 720 F. Supp. 2d 367, 372 (S.D.N.Y. 2010) ("SEC has failed to prove that either piece of alleged information was material" because "these two pieces of information were not considered material to *reasonable investors in VNU CDSs*," whom the Court noted were "sophisticated high yield bond buyers.") (emphasis added).

Mr. Flotron recognizes that the defendants in *Ferguson* and *Shapiro* were charged with securities fraud in addition to wire fraud, which could have had an effect on the materiality instructions given in those cases. However, given the issues raised in *Weimert*, relating to the literal reading of the "capable of influencing standard," Mr. Flotron requests an instruction that is more descriptive than the overly simplistic charge given in *Coscia*.

**PROPOSED JURY INSTRUCTION NO. 22**
**COMMODITIES FRAUD: SECOND ELEMENT – FRAUDULENT INTENT**

The second element of commodities fraud is that the defendant acted with fraudulent intent. To establish that a defendant acted with fraudulent intent, the government must show that he acted knowingly and with the specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Thus, as you consider the conspiracy charge, you must find the defendant not guilty unless the government has proven beyond a reasonable doubt that the defendant intended to deceive his counterparties and, additionally, intended to harm his counterparties. If you find that the defendant engaged in a scheme to defraud but that the scheme was not capable of affecting a counterparty's understanding of the bargain or influencing its assessment of the value of the items bargained for, you must find the defendant not guilty of conspiracy to commit commodities fraud because the government has failed its burden of proving intent to defraud. Put differently, you may not find intent to harm if you find that the counterparty received the benefit of the bargain it struck.

The question of whether a person acted knowingly and with intent to defraud is a question of fact. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is not always available. Thus, the ultimate facts of knowledge and intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good

faith on the part of a defendant is a complete defense to a charge of commodities fraud. A

defendant, however, has no burden to establish a defense of good faith. The burden is on the

government to prove fraudulent intent and consequent lack of good faith beyond a reasonable

doubt.

Authority: Modified from Sand, Instr. 44-5; *see also United State v. Coscia*, 14-cr-551 (N.D. Il. Nov. 3, 2015), ECF No. 85 at 19, 22; *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 at 47-48, 59-60; Comments to Sand, Instr. 8-1 ("When fraudulent intent is an element of the crime, the prosecution has the burden of proving such intent beyond a reasonable doubt. It follows that, in such cases, the defendant's 'good faith' constitutes an absolute defense to such crimes.").

The above-proposed instruction combines the pattern instruction on intent to harm, *see* Sand, Instr. 44-4, with additional clarification based on governing case law. *See United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1182 (2d Cir. 1970) ("[W]e conclude that the defendants intended to deceive their customers but they did not intend to defraud them, because the falsity of their representations was not shown to be capable of affecting the customer's understanding of the bargain nor of influencing his assessment of the value of the bargain to him, and thus no injury was shown to flow from the deception."); *United States v. Novak*, 443 F.3d 150, 159 (2d Cir. 2006) (holding that intent to defraud was absent where victims "received all they bargained for"); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("Only a showing of intended harm will satisfy the element of fraudulent intent . . . Absent any evidence of an intent to harm the victims . . . we concluded that the evidence was insufficient to demonstrate a fraudulent intent as required by the mail fraud statute"); *United States v. Rybicki*, 354 F.3d 124, 151 (2d Cir. 2003) ("[M]ail and wire fraud do require proof of *mens rea*: a defendant must act or fail to act with the specific intent to harm or defraud the victims of the scheme.") (internal quotation marks omitted).

**PROPOSED JURY INSTRUCTION NO. 23**
**COMMODITIES FRAUD: THIRD ELEMENT – IN CONNECTION WITH ANY**
**COMMODITY FOR FUTURE DELIVERY**

The fourth and final element of commodities fraud is that the scheme was in connection with any commodity for future delivery.

A scheme to defraud is in connection with any commodity for future delivery if it coincided with or touched upon a commodities transaction.

Authority: Modified from charge given in *United State v. Coscia*, 14-cr-551 (N.D. Il. Nov. 3, 2015), ECF No. 85, at 21.

## PROPOSED JURY INSTRUCTION NO. 24
## GOOD FAITH DOCTRINE

The good faith of a defendant is a complete defense to the charge in the indictment because good faith on the part of a defendant is, simply, inconsistent with a finding of fraudulent intent and willfulness.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statute relevant to this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of criminal conduct. Accordingly, a person who acts, or causes another person to act, based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns to be inaccurate, incorrect or wrong.

This law is intended to subject to criminal punishment only those people who knowingly and willfully conspire to defraud. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with the law. Evidence of a defendant's good faith belief can take many forms, including statements, behavior, actions, and even inaction by his supervisors, other supervisors, compliance officers, other traders, counterparties, and other authorities. You can also consider evidence of a defendant's training or lack of training regarding the trading strategies in this case.

If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. A person who believes in good faith that his actions comply with the law cannot be found guilty of a crime.

In determining whether or not the government has proven that the defendant acted in good faith or knowingly and willfully conspired to commit commodities fraud, you must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant knowingly and willfully entered into an agreement to commit commodities fraud. If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted in good faith, the government has not met its burden of proving guilt beyond a reasonable doubt and you must find the defendant not guilty.

Authority: Modified from 2A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 47:16 (6th ed. West 2018) (hereinafter "O'Malley"), Sand, Instr. 8-1.

## PROPOSED JURY INSTRUCTION NO. 25
## DEFENSE THEORY OF THE CASE

*Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Andre Flotron intends to request an instruction on his defense theory of the case. Defendant reserves the right to submit the requests at the close of trial.* See Mathews v. United States*, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.");* United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir. 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").*

35

## PROPOSED JURY INSTRUCTION NO. 26
## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses (either on direct examination or cross-examination) and the exhibits received in evidence.

The attorneys' questions are *not* evidence. Answers from the witnesses *are* evidence. At times, an attorney may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was assumed or contained in the attorney's question.

At points in the trial, I sustained objections and ordered certain answers from witnesses to be stricken. These answers must not be considered as evidence and may play no role in your deliberations.

[**IF APPLICABLE:** During the course of a trial, I occasionally asked questions of the witnesses. Do not assume that I hold any opinion on the matters to which my questions related. A judge is permitted to ask questions to clarify a matter – not to help one side of the case or hurt the other side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.]

What the attorneys said in their comments, objections, and questions is not evidence. You will soon hear closing arguments from them. What they say in these arguments is intended to help you understand the evidence and to reach your verdict. If your recollection of the facts differs from their claims or statements in the closing arguments, however, you must rely on your memory – not the facts as stated by the attorneys.

36

It is for you alone to decide the weight, if any, to be given to the attorneys' arguments, as

well as the testimony you have heard and to the exhibits you have seen.

Authority: Modified from charges given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 9-10 and *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 10-11; *see also* O'Malley § 11:05 (regarding the Court's questions to witnesses).

**PROPOSED JURY INSTRUCTION NO. 27**
**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTNATIAL**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Authority: Charge given *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 11-12.

38

## PROPOSED JURY INSTRUCTION NO. 28
## NUMBER OF WITNESSES

Sometimes jurors wonder if the number of witnesses who testified makes any difference. Your decision on the facts of this case should not be determined by the number of witnesses testifying. The weight of the evidence is not determined by the number of witnesses testifying. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find the testimony of a single witness more credible than the testimony of a number of witnesses. The testimony of a single witness may produce in your minds a reasonable doubt. Indeed, you may find that the government has not met its burden of proof even if a defendant has called no witnesses. You should also remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority: Charge given in *United States v. Zrallack*, No. 10-cr-68 (JCH) (D. Conn. Dec. 1, 2010), ECF. No. 216, at 21.

## PROPOSED JURY INSTRUCTION NO. 29
## WITNESS CREDIBILITY – GENERAL

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor – that is, behavior, manner, and appearance – while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

40

<u>Authority</u>: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 12-13.

## PROPOSED JURY INSTRUCTION NO. 30
## FALSE IN ONE, FALSE IN ALL

If you believe that a witness knowingly testified falsely concerning any matter, you may

distrust the witness's testimony concerning other matters. You may reject all of the testimony or

you may accept such parts of the testimony that you believe are true and give it such weight as

you think it deserves.

Authority: Modified from Third Circuit Model Criminal Jury Instructions § 4.26 (Oct. 2017); *see also* O'Malley § 15:06; *Sims v. Blot*, 354 F. App'x 504, 506 (2d Cir. 2009) (unpublished) ("It was not in error for the judge to give this instruction [*falsus in uno*] to the jury. This Court has never held that giving this instruction constitutes error.") (citing *United States v. James*, 239 F.3d 120, 122 n.2 (2d Cir. 2000)).

### PROPOSED JURY INSTRUCTION NO. 31
### INFORMAL IMMUNITY

[**IF APPLICABLE**]

You have heard the testimony of [**one/several**] witnesses who have been promised that in exchange for testifying, they will not be prosecuted for any conduct related to their testimony. The following witnesses each testified after entering into such an agreement not to be prosecuted by the government: [*list relevant witnesses*]. This was arranged directly between the witness and the government. The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.

You should ask yourself whether these so-called cooperating witnesses would benefit more by lying, or by telling the truth. Was their testimony made up or exaggerated in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witnesses were motivated by hopes of personal gain, was the motivation one that would cause them to lie, or was it one that would cause them to tell the truth? Did this motivation affect their testimony?

The testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is shaded in such a way as to place guilt upon the defendant in order to further the witness's own interests.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Authority: Modified from Sand, Instr. 7-9; *see, e.g.*, charge given in *United States v. Castelin*, 11-cr-183 (JCH) (D. Conn. May 13, 2013), ECF No. 664, at 22-23; *see also United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999) ("[A defendant] is entitled to a charge that identifies the circumstances that may make one or another of the government's witnesses particularly

vulnerable to the prosecution's power and influence, and that specifies the ways (by catalog or example) that a person so situated might be particularly advantaged by promoting the prosecution's case."); *United States v. Bernard*, 625 F.2d 854, 857 (9th Cir. 1980) (noting that "[a]ccomplice testimony is inevitably suspect and unreliable" and that failure to instruct the jury the shortcomings of accomplice testimony constituted reversible error) (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 32
## TESTIMONY OF LAW ENFORCEMENT AND GOVERNMENT OFFICIALS

Some of the testimony that you have heard has been the testimony of law enforcement officers. The testimony of a law enforcement officer or other government official is entitled to no greater and no less weight than any other witness's testimony just because he or she is a law enforcement officer or a government official. A law enforcement officer or other government official who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does. It is quite legitimate for either side to try to attack the credibility of witnesses who are law enforcement officers or other government officials, on the grounds that their testimony may be colored by a personal or professional bias or interest in the outcome of the case. When you consider such testimony, you should use the same tests for truthfulness that you use with other witnesses.

Authority: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 13.; *see also* Sand, Instr. 7-16.

## PROPOSED JURY INSTRUCTION NO. 33
## INTEREST IN OUTCOME

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit personally or professionally in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony.

This is certainly not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 12 and *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 13-14.

## PROPOSED JURY INSTRUCTION NO. 34
## IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015), ECF No. 90, at 12.

## PROPOSED JURY INSTRUCTION NO. 35
## EXPERT WITNESSES

Ordinarily, a witness is limited to testifying about facts and is not permitted to give an opinion. Where, however, scientific, medical, technical or other specialized knowledge will help the jury understand the evidence or to determine a fact in issue, a witness with expertise in a specialized field may render opinions about such matters.

In this case, I have permitted certain expert witnesses to express their opinions about matters that are in issue. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the expert witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.

Authority: Modified from Sand, Instr. 7-21; *see also* N.Y. Crim. Jury Instrs. 2d: Expert Witness ("Ordinarily, a witness is limited to testifying about facts and is not permitted to give an opinion. Where, however, scientific, medical, technical or other specialized knowledge will help the jury understand the evidence or to determine a fact in issue, a witness with expertise in a specialized field may render opinions about such matters.").

## PROPOSED JURY INSTRUCTION NO. 36
## DEFENDANT'S TESTIMONY

**[IF APPLICABLE]** Mr. Flotron did not testify in this case. Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to Mr. Flotron. The defendant in a criminal case is never required to prove that he is innocent.

For that reason, you may not attach any significance to the fact that Mr. Flotron did not testify. It would be a violation of your oath and of the Constitution if you were to hold it against him that he did not take the witness chair to explain himself. And so you must not hold it against Mr. Flotron in any way that he did not testify – instead, your focus should solely be on whether the prosecution has carried its burden to prove its case beyond a reasonable doubt.

**[IF APPLICABLE]** Under our Constitution, Mr. Flotron has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to Mr. Flotron. The defendant in a criminal case is never required to prove that he is innocent.

In this case, Mr. Flotron did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any other witness in the case.

Authority: Modified from charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 15; *see also* Sand, Instr. 5-21.

## PROPOSED JURY INSTRUCTION NO. 37
## SUMMARY EXHIBITS

**[IF APPLICABLE]**

A summary chart with diagrams has been prepared by [*witness*] and was admitted at trial for the purpose of summarizing [*purpose*]. You must determine for yourself whether this exhibit fairly and accurately summarizes the underlying evidence and whether the related testimony of [*witness*] concerning the evidence is credible.

Authority: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 16.

## PROPOSED JURY INSTRUCTION NO. 38
## STIPULATION

**[IF APPLICABLE]**

The attorneys for the prosecution and the defense have entered into a stipulation as to the existence of certain facts. Thus, no further evidence as to those facts was offered. Such stipulation constitutes evidence, and you may regard such stipulation as evidence of facts proved.

Authority: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 16.

**PROPOSED JURY INSTRUCTION NO. 39**
**POSSIBLE PUNISHMENT**

The question of possible punishment of Mr. Flotron is of no concern to you and should

not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence

rests exclusively upon the Court. Your function is to weigh the evidence in the case and to

determine whether the prosecution has proven beyond a reasonable doubt that Mr. Flotron is

guilty of the crime charged, solely upon the basis of such evidence.

Authority: Charge given in *United States v. Perrotti*, 14-cr-215 (JAM) (D. Conn. July 23, 2015),
ECF No. 90, at 14; *see also* Sand, Instr. 9-1.

**PROPOSED JURY INSTRUCTION NO. 40**
**NATURE OF CRIME**

It would be improper for you to allow any feelings you might have about the nature of the

crime that is charged here to influence your decision-making process. Regardless of the nature of

the crime that has been charged in this case, your verdict must be based exclusively upon the

evidence or the lack of evidence concerning whether Mr. Flotron is guilty or not guilty of the

crime that has been charged.

Authority: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13,
2017), ECF No. 78, at 16.

## PROPOSED JURY INSTRUCTION NO. 41
## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel, and then I will conclude the instructions after those summations. Remember, what the attorneys say in their closing arguments is not evidence, but it is merely their arguments about what they think the evidence shows.

### [*BREAK FOR CLOSING ARGUMENTS*]

You have just heard closing arguments of counsel. I want to remind you that what the attorneys have said is not evidence. The attorneys merely presented their arguments about what the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

Authority: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 17-18.

## PROPOSED JURY INSTRUCTION NO. 42
## JUROR NOTES

A number of you have taken notes during the trial. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. Any notes that you may take are not evidence. You may not show your notes to any other juror during your deliberations. If you did not take notes, you must still rely on your own recollection of the proceedings and must not be influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Authority: Modified from Sand, Instr. 1-3 and charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 169.

## PROPOSED JURY INSTRUCTION NO. 43
## CONCLUSION

Your verdict must be unanimous, and it should represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from other jurors, you are not to yield your conviction simply because you are outnumbered by other jurors.

Remember at all times that you are not biased; rather you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and who will be your spokesperson here in court. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the verdict form, then date and sign the verdict form. Although the foreperson is required to sign his or her name to the verdict form, please note that the verdict form to be filed on the public record will have the foreperson's signature redacted.

Only once you have completed the verdict form should you inform the court security officer or courtroom deputy that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. Any terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

When you go into the jury room to begin your deliberations, you will soon have the exhibits brought to you but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur back here in open court. But reading the testimony may be a time-consuming process, so please be as specific as possible about what you want to hear if you decide to request a reading of portions of the testimony.

Any communication with the Court, should be made in writing, signed by your foreperson, and given to the courtroom deputy or a marshal. Ordinarily, I will review any communication you forward to me and I will share it with the parties to seek their guidance how I should respond. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in any of your communications with the Court, if you are divided, you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions or even in the way that I have read to you these instructions – and certainly nothing that I have said or done during any part of the trial – should be understood by you to suggest that I have any opinion whatsoever about what your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first

notifying the marshal or court security officer, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the internet, e-mail, texting, etc. Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must immediately cease deliberations and may not recommence deliberations until all jurors are present and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, with great care and without any prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict. Thank you for your attention.

Authority: Charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 18-20.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
     Marc L. Mukasey (ct29885)
     Nathan J. Muyskens (phv09472)
     200 Park Avenue
     New York, NY 10166
     Telephone: (212) 801-6832
     Facsimile: (212) 801-6400
     *Attorneys for Defendant Andre Flotron*

**AFFIRMATION OF SERVICE**

I hereby certify that on March 26, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Dated: New York, New York
       March 26, 2018

                     /s/ Marc L. Mukasey
                    Marc L. Mukasey
                    Greenberg Traurig, LLP
                    200 Park Avenue
                    New York, NY 10166
                    Telephone: (212) 801-9200
                    Facsimile: (212) 801-6400
                    Email: mukaseym@gtlaw.com