UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17cr220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | March 27, 2018 |

**GOVERNMENT'S MOTION *IN LIMINE* TO
PRECLUDE EVIDENCE OF THE DEFENDANT'S GOOD CONDUCT
AND MISCONDUCT OF NON-COCONSPIRATORS**

On March 23, 2018, the defendant provided the Government with a list of 107 "anticipated statistical exhibits." *See* Ex. A.[1] Certain of these summary exhibits appear to be aimed at establishing that the defendant's allegedly unlawful trades comprised only a fraction of his (or his UBS colleagues') overall trades during the relevant period. *See, e.g.*, DX 1001 – DX 1003, DX 1010 – DX 1011. Other summaries seem to describe specific instances of non-criminal trading activity by the defendant. *See, e.g.*, DX 1046, DX 1048, DX 1052, DX 1056. Still other summaries appear to suggest that manipulative trading activity was prevalent in the market at the time. *See, e.g.*, DX 1041 – DX 1044. None of these types of evidence should be permitted.

---

[1] The Government filed its list of summary exhibits on March 2, 2018. *See* Gov't Ex. List (Doc. No. 95). Neither party has yet turned over its actual summary exhibits. The Government continues to refine its summaries but expects to turn them over to defense counsel at least a week before the start of evidence.

## Argument

**I. Evidence of Non-Criminal Trading Activity by the Defendant Is Not Admissible to Negate His Criminal Intent**

The Superseding Indictment alleges that the defendant engaged in "hundreds" of instances of unlawful trading. *See* Superseding Indictment ¶ 20 (Doc. No. 58). More specifically, the Government has identified 538 trading episodes which it alleges were criminal in nature. These trades are identified in one of the Government's omnibus exhibits (GX 126), and the trade details have been provided to defense counsel.

The defendant should be precluded from offering evidence of specific instances of non-criminal trading activity (outside the 538 episodes identified by the Government). Evidence of his lawful conduct beyond the scope of the charged conspiracy is irrelevant, because acts of honesty do not prove an absence of dishonest acts. *See United States v. Boykoff*, 67 F. App'x 15, 20-21 (2d Cir. 2003) ("[E]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." (citation omitted)); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."). In addition, evidence of the defendant's good conduct on other occasions is inadmissible under Federal Rule of Evidence 404(b) because such evidence "would in effect be an attempt to demonstrate [his] good character by proof of specific good acts." *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978); *see also United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (upholding district court's decision to exclude evidence of prior good acts as inadmissible under Rule 404(b)).

Similarly, statistical evidence that the defendant's criminal trading activity constituted only a small percentage of his total trading activity is irrelevant and should be precluded. *Cf. United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) ("Whether Khan had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent."); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (stating that "evidence that [the defendant] engaged in certain legal trades is generally irrelevant to the issue of whether he knew of other illegal trades").

Finally, under Federal Rule of Evidence 403, evidence of a defendant's good acts may be excluded if "any minimal probative value of such evidence is outweighed by the likelihood of jury confusion and the risk of jury nullification." *United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015); *see also Al Kassar*, 660 F.3d at 124 ("[T]he trial judge was rightly concerned that, to the extent any of the evidence [of prior good acts] could be construed to relate to the charged conspiracies, the jury would find it extremely confusing, if not incomprehensible."). Here, there is significant risk that evidence of lawful trading activity outside the charged conspiracy—whether by way of specific examples or statistical analysis—will confuse the jury by making the trial about the defendant's overall trading practices.

The defendant also appears to be openly courting nullification by presenting evidence that his allegedly criminal activity was a mere fraction of his total trading activity during the relevant period. Defense counsel has already stated that one of its

3

strategies will be to characterize the 538 episodes identified by the Government as a "snippet that you're seeing from the government . . . just a grain of sand on a beach of trading activity." *See* Mar. 12, 2018 Hearing Tr. at 33:15-20 (Doc. No. 131). That type of evidence, which necessarily invites a statistical comparison of the volume of lawful and unlawful trades, is irrelevant and should be precluded.

## II. The Defendant Should Be Precluded from Presenting Evidence that Manipulative Trading Activity Was Pervasive in the Industry

The defendant also should be precluded from presenting evidence that manipulative trading activity of the type he is alleged to have engaged in was pervasive in the precious metals futures market at the time. Whether or not precious metals traders other than the defendant's alleged coconspirators engaged in criminal conduct is irrelevant to the issue of whether the defendant participated in a conspiracy to engage in commodities fraud. *See United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (finding testimony properly excluded that was "an attempt to establish an 'everybody-is-doing-it defense'" and noting "the fact that others may have been the beneficiaries of improper conduct does nothing to excuse [the defendant]"); *United States v. Thomas*, No. 3:13cr4(JBA), 2013 WL 6073581, at *2 (D. Conn. Nov. 18, 2013) ("[E]vidence that other members of the Tribal Council used their American Express cards for personal expenditures cannot be offered to show [the defendant]'s state of mind regarding the Tribe's policy regarding personal use of these credit cards." (citing *Oldbear*, 568 F.3d at 821)); *Cf. United States v. Al Fawwaz*, No. S7 98-CR-1023 (LAK), 2015 WL 13484498, at *2 (S.D.N.Y. Feb. 17, 2015) (excluding as irrelevant the "fact that some Saudis do legitimate business in East Africa"

4

because it "would not make it more or less likely that defendant engaged in the charged conduct" and it risks "confusing the issues and inviting the jury to base its verdict on whether defendant acted similarly to other Saudi Arabians"). Again, evidence of this sort presents a significant risk of confusion and jury nullification, and should be precluded. *See* Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion *in limine* and preclude the defendant from offering evidence of (a) his own lawful trading activity outside the scope of the charged conspiracy (whether by way of specific examples or statistical analysis) and (b) the prevalence of manipulative trading activity in the precious metals futures market.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 (telephone)
(203) 773-5377 (fax)
avi.m.perry@usdoj.gov
Federal Bar No. phv07156

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

Robert Zink
Acting Principal Deputy Chief
Michael J. Rinaldi
Matthew F. Sullivan
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 616-0429 (telephone)
(202) 616-1660 (fax)
robert.zink@usdoj.gov
michael.rinaldi@usdoj.gov
matthew.sullivan2@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on March 27, 2018, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY