

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*      *(203) 821-3700*
*157 Church Street, 25th Floor*      *Fax (203) 773-5376*
*New Haven, Connecticut 06510*      *www.justice.gov/usao-ct*

March 30, 2018

The Honorable Jeffrey Alker Meyer
Richard C. Lee United States Court House
141 Church Street
New Haven, Connecticut 06510

    Re:    *United States v. Andre Flotron*, 3:17cr220(JAM)

Dear Judge Meyer:

    In connection with oral argument yesterday in this case, the government respectfully submits this letter to supplement its response to the Court's inquiries regarding the applicable law concerning "straddle" conspiracies. In the Superseding Indictment, the government alleges that the defendant participated in a conspiracy to engage in commodities fraud, in violation of 18 U.S.C. § 1348, beginning in approximately July 2008 and continuing through approximately November 2013. Superseding Indictment ¶ 12. The amendment to Section 1348 that added commodities fraud offenses became effective on May 20, 2009, and the conspiracy alleged in this case, therefore, includes conduct that occurred prior to this amendment.

    The Second Circuit has stated that "[i]t is well-settled that when a statute is concerned with a continuing offense, the *Ex Post Facto* clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of the statute." *United States v. Harris*, 79 F.3d 223, 229 (2d Cir. 1996) (internal quotation marks and alterations omitted); *see also United States v. Duncan*, 42 F.3d 97, 104 (2d Cir. 1994) ("[A]ccording to our precedents, continuing offenses such as conspiracy and bank fraud do not run afoul of the *Ex Post Facto* Clause if the criminal offenses continue after the relevant statute becomes effective").

    Accordingly, the Second Circuit has affirmed convictions where the conduct in a conspiracy occurred during a time period both before and after the enactment of the

relevant criminal statute. *See, e.g., Duncan*, 42 F.3d at 104-105 (finding no *ex post facto* violation and affirming bank fraud conspiracy conviction for bank directors that agreed, prior to the bank fraud statute's enactment, to secretly purchase two properties and sell them back to bank for a profit, but sold the second property to the bank and distributed the profits after the statute's enactment); *United States v. Smith*, 464 F.2d 1129, 1133-36 (2d Cir. 1972) (affirming conviction for conspiracy to violate the federal loan-sharking statute where the threats to collect a loan were made before the statute's enactment, but the post-enactment payments on the loan were motivated by the initial threats and demonstrated a continuing criminal partnership).

Relatedly, the government is permitted to offer evidence regarding pre-enactment conduct "to demonstrate the conspiracy's genesis, its purpose, and its operation over time." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999); *see also United States v. Flores*, 538 F.2d 939, 943-44 (2d Cir. 1976) ("[A]lthough our Constitution's *ex post facto* clause prohibits prosecution for an act that was not a criminal offense when committed, the government in a conspiracy prosecution may introduce evidence of acts antedating the enactment of a criminal statute as bearing on the existence and purpose of the conspiracy and the significance of later behavior, and to show the existence and purpose of the conspiracy, as well as to prove the intent and purpose of the conspirators later acts.") (quotation marks and citations omitted); *Smith*, 464 F.2d at 1133 ("The reason [pre-enactment behavior of the conspirators] was admitted was to assist the trier of the fact to determine the existence and purpose of the conspiracy and to illumine the intent and purpose of the post-enactment behavior.").

Where evidence of pre-enactment conduct is introduced, "limiting instructions are routinely used to mitigate the risk that a jury will convict based solely upon pre-enactment conduct." *United States v. Ghavami*, No. 10 Cr. 1217, 2012 WL 2878126, at *13 (S.D.N.Y. July 13, 2012). A conviction for an offense straddling the enactment of a statute, therefore, does not "run afoul of the *Ex Post Facto* clause unless it was possible for the jury, following the court's instructions, to convict *exclusively* on pre-enactment conduct." *Monaco*, 194 F.3d at 386 (quotation marks omitted). To address this concern, the government's Proposed Instruction 13 states that:

> I also instruct you that, to convict the defendant on Count One, conspiracy to commit commodities fraud, you must find that the conspiracy continued after May 20, 2009. You need not speculate about the special significance of that date, which relates to legal matters that you need not concern yourselves with.
>
> In this case, the conspiracy is alleged to have extended through approximately November 2013. In

>determining whether the conspiracy continued after May 20, 2009, you may consider evidence that occurred before May 20, 2009, to show the genesis, purpose, and operation of the conspiracy over time.

Government's Proposed Jury Instructions, at 28 (Doc. No. 166); *see also Monaco*, 194 F.3d at 386 ("Here, the jury was soundly instructed on the proper evidentiary value of pre-enactment conduct, and was reminded of the post-statute date range of the charge."); *Harris*, 79 F.3d at 229 (concluding there was "no possibility" that the jury relied solely on conduct prior to enactment because the district court's instruction expressly required the jury to find that the defendant engaged in a series of acts that necessarily encompassed post-enactment conduct).

>Respectfully submitted,
>
>JOHN H. DURHAM
>UNITED STATES ATTORNEY
>
>AVI M. PERRY
>ASSISTANT UNITED STATES ATTORNEY
>United States Attorney's Office
>157 Church Street, 25th Floor
>New Haven, CT 06510
>(203) 821-3700 (telephone)
>(203) 773-5377 (fax)
>avi.m.perry@usdoj.gov
>Federal Bar No. phv07156
>
>
>SANDRA MOSER
>Acting Chief, Fraud Section
>U.S. Department of Justice
>
>/s/ Matthew F. Sullivan
>Robert A. Zink
>Acting Principal Deputy Chief
>Michael J. Rinaldi
>Matthew F. Sullivan
>Trial Attorneys
>U.S. Department of Justice
>1400 New York Ave., N.W.
>Washington, D.C. 20530
>(202) 514-2000 (telephone)

(202) 514-0152 (facsimile)
robert.zink@usdoj.gov
michael.rinaldi@usdoj.gov
matthew.sullivan2@usdoj.gov

CERTIFICATE OF SERVICE

      This is to certify that on March 30, 2018, a copy of the foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Matthew F. Sullivan
      MATTHEW F. SULLIVAN
      TRIAL ATTORNEY