# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>ANDRE FLOTRON,<br>*Defendant*. | No. 3:17-cr-00220 (JAM) |

## ORDERS RE PRETRIAL MOTIONS

The Court held a pretrial conference with the parties on March 29, 2018, and heard argument on the parties' motions *in limine*. The Court issued the following rulings:

The Court DENIED defendant's motion *in limine* to preclude evidence of his annual compensation at UBS (Doc. #92) because the evidence is relevant to defendant's motive and any prejudice does not substantially outweigh the probative value of the evidence. The Court will give a limiting instruction upon request to the jury as to its consideration of this evidence.

The Court DENIED without prejudice to renewal at trial defendant's motion *in limine* to preclude the use of certain terms to describe defendant's trading activity (Doc. #112).

The Court GRANTED defendant's motion *in limine* to preclude evidence of alleged front-running trading activity (Doc. #140) for substantially the reasons stated in defendant's papers and by counsel at oral argument. The prejudicial effect of this evidence concerning separate wrongful activity substantially outweighs its probative value, especially in view of the fact that the evidence of the alleged conduct does not factually overlap with the charged offense. The grant of this motion is without prejudice to the Government's introduction of such evidence or questioning re front-running trading activity in the event that defendant opens the door to such evidence at trial.

1

The Court TAKES UNDER ADVISEMENT defendant's motion *in limine* to preclude expert testimony by Special Agent Luca (Doc. #108). The Government shall provide a revised summary of Agent Luca's anticipated expert testimony by Monday, April 9, 2018, and, if Agent Luca is to be dually called as a fact witness, shall identify the scope of and what exhibits he will testify to as a fact witness. The Court will then consider any objection defendant may have to Agent Luca's testimony in light of the Government's revised disclosure.

The Court TAKES UNDER ADVISEMENT defendant's motion *in limine* to preclude testimony from undisclosed expert witnesses (Doc. #110). At the hearing, defendant narrowed the issue to whether the testimony of Lisa Pinheiro—which will include analysis of summary trading data—constitutes expert testimony. The Government, however, has not yet produced the summary trading data exhibits to defendant. The Government shall produce to defendant by Monday, April 9, 2018, the relevant summary trading data exhibits. The Court will then consider any remaining objection defendant has to the testimony of Lisa Pinheiro.

The Court TAKES UNDER ADVISEMENT defendant's motion *in limine* to preclude evidence regarding UBS compliance codes (Doc. #114) and in light of defendant's response to the Government's revised disclosure (Doc. #177).

The Court TAKES UNDER ADVISEMENT the Government's motion *in limine* seeking to admit evidence of defendant's trading activity that occurred prior to the time period of the alleged conspiracy (Doc. #107). The Government indicated that a new cooperating witness will testify to pre-conspiracy activity, but it is not currently clear to defendant or the Court what the scope and nature of this witness's testimony will be. Therefore, the Government, as soon as practicable, shall produce information related to this witness to defendant. The Court will then consider defendant's objection to the proposed testimony.

The Court TAKES UNDER ADVISEMENT the Government's motion *in limine* to preclude evidence of defendant's good conduct and misconduct of non-coconspirators. (Doc. #169). The Court is unable to rule on this motion in the absence of defendant's summary exhibits. Defendant shall produce to the Government its summary exhibits by Friday, April 13, 2018.

It is so ordered.

Dated at New Haven this 3d day of April 2018.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge