UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:17cr220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | |
| | : | April 8, 2018 |

GOVERNMENT'S MOTION *IN LIMINE* TO PLECLUDE
EVIDENCE RELATED TO THE ENACTMENT OF THE
DODD-FRANK ACT, ISSUANCE OF CFTC GUIDANCE, AND
THE CME GROUP'S PUBLICATION OF AN ANTI-SPOOFING RULE

**I.      INTRODUCTION**

The only issue in this case is whether Mr. Flotron committed the charged offense of conspiracy to commit commodities fraud, in violation of 18 U.S.C. § 1349. Despite this, Mr. Flotron argues (in a letter filed with the Court last week) that evidence of the following events "is relevant and should be admitted at trial": (i) the July 2010 enactment of the Dodd-Frank Title 7 anti-spoofing provision, which, the defendant contends, "vaguely defines" spoofing; (ii) the process by which the CFTC, after the passage of Dodd-Frank, issued interpretative guidance of the anti-spoofing provision; and (iii) the August 2014 publication, by the CME Group Inc., of its own anti-spoofing rule. *See* Apr. 3, 2018 Letter from Def. Counsel at 6 (Doc. No. 180) (hereinafter, "April 3 Letter").

The Government can conceive of a few ways in which Mr. Flotron could attempt to offer this evidence, including:

1. during cross-examination of one or more of the Government's counterparty witnesses;

2. by way of one of Mr. Flotron's expert witnesses; or

3. through Mr. Flotron's own testimony, should he decide to testify.

With respect to the first two possibilities, the evidence in question is categorically inadmissible as irrelevant and hearsay. With respect to the third possibility, the evidence is inadmissible unless the defendant chooses to testify and can lay a proper foundation.[1]

## II. BACKGROUND

In the April 3 Letter, the defendant argues that evidence of the July 2010 enactment of the Dodd-Frank anti-spoofing provision (including its supposedly vague terms), what various industry players said about Dodd-Frank during the CFTC's subsequent rulemaking process, and the "efforts by the CFTC and CME to define [spoofing's] contours" is relevant to his good faith. April 3 Letter at 5–6. Mr. Flotron further argues that the Title 7 anti-spoofing provision:

> if taken literally, would capture vast amounts of bona fide and normal trading activity that could not be considered criminal, or the type of conduct intended to be encompassed by the statute. That is because cancellation of orders, particularly in the futures market, is entirely permissible and routine. In other words, traders frequently place orders into the market with the expectation that there is a high likelihood that they may be cancelled if no counterparty executes against them.

---

[1] The Government respectfully requests that the Court issue a briefing schedule on this motion that would allow for the filing of responsive and reply briefing in advance of the telephone conference with the Court set for Thursday, April 12.

April 3 Letter at 5.[2]

### III. LEGAL STANDARD

Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. However, under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by a danger" of, among other things, "unfair prejudice, confusing the issues," or "misleading the jury." Fed. R. Evid. 403.

### IV. ARGUMENT

This issue arose in *United States v. Coscia*. There, as here, "the Government [sought] to exclude rules and regulations relating to spoofing from certain financial markets, the [CFTC], and the Financial Conduct Authority . . . [and] argue[d] that this evidence is irrelevant, confuses the issues, and presents questions of law that are not for the jury to decide." *United States v. Coscia*, No. 14 CR 551, 2015 WL 6153602, at *1 (N.D. Ill. Oct. 19, 2015). Unlike here, however, the defendant in *Coscia* agreed not to seek to admit these types of evidence, and the court concluded that the evidence would not be admissible: "It is a basic premise of our legal system that juries are the triers of fact only; it is for the judge, not the jury, to interpret the law. Thus, industry rules and regulations that attempt to define spoofing for the jury are irrelevant and likely to cause confusion." *Id.* (quotation marks and citation omitted).

---

[2] The Dodd-Frank anti-spoofing provision defines "spoofing" as "bidding or offering with the intent to cancel the bid or offer before execution." 7 U.S.C. § 6c(a)(5)(C).

3

The same is true here. The evidence that Mr. Flotron seeks to introduce is irrelevant, improperly intrudes on the province of the Court, and is likely to create confusion. This conclusion is all the more apt here given that Mr. Flotron (unlike Mr. Coscia) is not even being tried for alleged violations of the anti-spoofing statute.

### A. Cross-Examination of the Government's Counterparty Witnesses About the Dodd-Frank Anti-Spoofing Statute Would Be Irrelevant and Beyond the Scope of Direct Examination

Mr. Flotron should be precluded from cross-examining the Government's counterparty witnesses about the definition of spoofing prior to the enactment of the Dodd-Frank anti-spoofing statute or the statute's purported vagueness. In general, evidence about a law's purported vagueness has no place in a jury trial. *See, e.g.*, *United States v. Ingredient Tech. Corp.*, 698 F.2d 88, 97 (2d Cir. 1983). The role of the jury is to resolve issues of fact, not law, and "it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide." *Id.* Thus, the views of the Government's counterparty witnesses about the anti-spoofing statute, including whether it is vague or what they thought about the state of the law during the period of the charged conspiracy, is irrelevant and would serve to confuse the jury about the proper scope of its role. The irrelevance of this line of inquiry is compounded here because Mr. Flotron is not even being tried on charges under the Dodd-Frank anti-spoofing statute.

Nor can Mr. Flotron get to his desired result by asking the counterparty witnesses what *others* thought about the anti-spoofing statute—or by seeking the

4

admission of documents that do the same. Among the proposed defense exhibits are portions of the *Federal Register* that cite to excerpts of statements, by various industry participants, regarding the anti-spoofing statute and the CFTC's proposed interpretive guidance. For instance, in one proposed exhibit, a participant in a CFTC roundtable is quoted as saying, "I'm not sure the definition of spoofing can be agreed upon by the ten people around this table," and "[t]his [the Dodd-Frank anti-spoofing provision] is an incredibly vague provision." Ex. 1 (Proposed Def. Ex. 193). But the view of this (or any) industry participant about the purported vagueness of a Dodd-Frank provision is irrelevant for the reasons stated above. And any attempt to put those opinions (or excerpts thereof) into evidence by way of documents would also run afoul of the hearsay rule. *See* Fed. R. Evid. 802.[3]

Finally, the Government expects that questions about Dodd-Frank's enactment and the subsequent CFTC and CME rulemaking processes will be well outside the scope of the Government's direct examination and, thus, improper. *See* Fed. R. Evid. 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.").

---

[3] Nor would the statements be admissible under the public records exception of Rule 803(8), because, among other things, they are not "factual findings from a legally authorized investigation." *See, e.g., United States v. Corr*, 543 F.2d 1042, 1051 (2d Cir. 1976) (precluding evidence of SEC release as inadmissible hearsay in that "the release was not a determination of facts obtained after administrative proceedings"); *Kibler v. Gen. Motors Corp.*, No. C94-1494R, 1996 WL 767417, at *2 (W.D. Wash. July 9, 1996) (precluding evidence of *Federal Register* notice under hearsay rule, where "[c]ounsel for defendant indicated that defendant did not intend to call as witnesses the author(s) of either the report or the Federal Register notice and thus cross-examination on the contents of those documents would not be possible at trial.").

### B. Mr. Flotron Cannot Admit the Disputed Evidence Through His Retained Experts

Nor should Mr. Flotron be permitted to introduce the disputed evidence through one or more of his retained experts. Again, experts' opinions about the state of the law are irrelevant, would intrude upon the Court's role in instructing the jury as to legal issues, would serve to confuse the jury, and—to the extent they are a conduit to introduce others' views of purported legal ambiguities—constitute inadmissible hearsay. Even setting that aside, the disputed evidence suffers from another infirmity as to Mr. Flotron's experts: it was never disclosed as a subject of possible expert testimony under Federal Rule of Criminal Procedure 16(b)(1)(C). It would contravene the Court's scheduling order, and be fundamentally unfair, to permit this undisclosed expert evidence to come in at this late date.[4]

### C. Should Mr. Flotron Decide to Testify, He Cannot Testify to the Anti-Spoofing Statute's Vagueness or About Others' Views of the State of the Law

For substantially the same reasons, if Mr. Flotron elects to testify, he cannot offer hearsay testimony regarding what others thought about the definition of spoofing, the anti-spoofing statute, the statute's supposed vagueness, or what opinions others expressed about spoofing during rulemakings.

---

[4] The Government notes that, last month, defense counsel moved to preclude undisclosed expert testimony by Government witnesses. *See* Def.'s Mot. *in Limine* to Preclude Undisclosed Expert Testimony (Doc. No. 110). The defendant should be held to the same standard.

6

Concededly, it would be a closer case if Mr. Flotron elects to testify about his *own* knowledge at the relevant time about the anti-spoofing statute (and rules regulations), can lay a proper foundation (*e.g.*, that he was closely following developments in the law and viewed whatever documents he may seek to admit as exhibits), and seeks to admit the disputed evidence to establish his lack of fraudulent intent. In *Coscia*, the defendant was permitted to testify as to "certain rules and regulations to show that he did not act with the requisite intent to defraud or cancel orders before execution." *Coscia*, 2015 WL 6153602, at *1. But it is far from clear that the rationale in *Coscia* would apply here, since Mr. Flotron (unlike Mr. Coscia) is not being tried on anti-spoofing charges. Hence, evidence as to his knowledge of legal developments surrounding the anti-spoofing statute may be susceptible to exclusion on relevancy grounds. That said, it is not yet clear whether or not Mr. Flotron will choose to testify, so the Government respectfully suggests that the Court defer resolution of this issue.

## V. <u>CONCLUSION</u>

For all of the foregoing reasons, the Government respectfully requests that the Court preclude the defendant from offering, through cross-examination of the Government's witnesses or through the defendant's own expert witnesses, evidence related to the enactment of the Dodd-Frank Act, issuance of CFTC guidance, and the CME Group's publication of an anti-spoofing rule. The Government further requests that the Court defer any decision on whether, if the defendant chooses to testify, he

should be permitted to offer such evidence to establish his lack of fraudulent extent as to the charged offense.

        Respectfully submitted,

        SANDRA MOSER
        Acting Chief, Fraud Section
        U.S. Department of Justice

By:  s/ Michael J. Rinaldi
       Robert Zink
       Acting Principal Deputy Chief
       Michael J. Rinaldi
       Matthew F. Sullivan
       Trial Attorneys
       Criminal Division, Fraud Section
       U.S. Department of Justice
       1400 New York Ave., N.W.
       Washington, D.C. 20530
       (202) 514-2000 (telephone)
       (202) 514-0152 (facsimile)
       Robert.Zink@usdoj.gov
       Michael.Rinaldi@usdoj.gov
       Matthew.Sullivan2@usdoj.gov

       JOHN H. DURHAM
       U.S. Attorney

       Avi M. Perry
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Connecticut Financial Center
       157 Church St., Floor 25
       New Haven, Connecticut  06510
       (203) 821-3700 (telephone)
       (203) 773-5377 (facsimile)
       Avi.M.Perry@usdoj.gov
       Federal Bar No. phv07156

CERTIFICATE OF SERVICE

    I hereby certify that on April 8, 2018, a copy of the Government's Motion *in Limine* to Preclude Evidence Related to the Enactment of the Dodd-Frank Act, Issuance of CFTC Guidance, and the CME Group's Publication of an Anti-Spoofing Rule was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  s/ Michael J. Rinaldi
                                                  MICHAEL J. RINALDI
                                                  TRIAL ATTORNEY