UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17CR220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | April 9, 2018 |

**GOVERNMENT'S REPLY BRIEF RE: FRONT-RUNNING EVIDENCE**

The Government respectfully submits this reply to the defendant's Memorandum in Further Support of the Defendant's Motion *in Limine* to Preclude Evidence of Alleged Front-Running Activity (Doc. No. 186). To be clear, consistent with the Court's order, the Government will not seek to introduce evidence of front-running activity by the defendant as part of the Government's case-in-chef. Nor is the Government seeking to foreclose any lines of cross-examination by the defendant. But if the defendant opens the door by impeaching a witness for the prosecution, Kar-Hoe ("Mike") Chan, about Mr. Chan's own front-running activity, the Government absolutely should be permitted on re-direct examination to elicit testimony that Mr. Chan was schooled in front-running by the defendant.[1]

The Government expects Mr. Chan to testify that the defendant trained him as a precious metals trader between the summer of 2008 and April 2009. During that period, Mr. Chan and the defendant were the only precious metals (spot) traders based at UBS's office in Stamford, Connecticut. Mr. Chan's training encompassed

---

[1] For purposes of this brief, and consistent with what the Government expects its evidence would be at trial, "front-running" refers to the practice of using confidential client information to trade in advance of the client's order for the trader's (as opposed to the client's) benefit.

1

both legitimate and illegitimate trading practices, including spoofing. In April 2009, Mr. Chan transferred to UBS's Singapore office. He returned to Stamford in April 2011, and remained there until he was fired from UBS in October 2012. Throughout this period, the defendant was head of the precious metals desk and Mr. Chan's supervisor.

Mr. Chan will readily admit that he principally engaged in two categories of illegal conduct at UBS: (1) spoofing, which deceived other market participants, and (2) front-running, which deceived UBS's clients. In court on April 6, 2018, counsel for the defendant indicated that he intends to argue that Mr. Chan's front-running activity (primarily in Singapore) undermines the notion that the defendant taught Mr. Chan to spoof (in Stamford). But this reasoning ignores that the defendant *taught* Mr. Chan about front-running and at times directed Mr. Chan's front-running activities, including while Mr. Chan was in Singapore. For example, on April 30, 2009 (at the outset of Mr. Chan's stint in Singapore), the defendant sent him detailed, step-by-step instructions about how to "bid hard . . . in front of" a client's order. *See* Ex. 1. The defendant also had Mr. Chan email him client order information every day, so that the defendant could trade on this information ahead of the daily silver fixing. *See* Ex. 2. As the defendant explained to Mr. Chan: "the aim is to find out in advance what they do next day." *Id.* at 21. And the defendant and Mr. Chan discussed who

else at UBS was trading ahead of the silver fixing, with the defendant expressing concern to Mr. Chan that "way too many people know abt this." *See* Ex. 3.[2]

The fact that the defendant taught Mr. Chan about front-running is important corroboration of Mr. Chan's account that the defendant also taught him how to spoof. But more crucially, if defense counsel is permitted to impeach Mr. Chan about trading in a manner that exploited client information (whether or not defense counsel uses the term "front-running"), the Government should be permitted to elicit the complete story, namely that Mr. Chan learned how to trade in that manner from the defendant. Otherwise, the jury will come away with the (false) impression that Mr. Chan was a "rogue" actor who was capable of devising at least one manipulative trading strategy (*i.e.*, front-running) without the defendant's instruction, leading to the (equally false) inference that Mr. Chan therefore also could have engaged in spoofing on his own.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Avi Perry*

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 (telephone)
(203) 773-5377 (fax)
avi.m.perry@usdoj.gov
Federal Bar No. phv07156

---

[2] The Government understands "pa" to mean "personal account" and thus to signal the defendant's knowledge that another UBS trader (whose name has been redacted) was trading on client information in his personal account.

3

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

<u>/s/ Robert Zink</u>
Robert Zink
Acting Principal Deputy Chief, Fraud Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 616-0429 (telephone)
(202) 616-1660 (fax)
robert.zink@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on April 9, 2018, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY