UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:17cr220(JAM) |
| | : | |
| v. | : | |
| | : | |
| ANDRE FLOTRON | : | April 11, 2018 |

## GOVERNMENT'S MEMORANDUM REGARDING PROPOSED FRE 1006 SUMMARY EXHIBITS

Pursuant to this Court's April 6, 2018 order, the Government respectfully submits that the Government exhibits referenced below are admissible under Rule 1006 of the Federal Rules of Evidence as summaries of voluminous records.

### I. Background

The Government seeks to admit the following exhibits as Rule 1006 summary charts in its case-in-chief (collectively, the "Government's Summaries"). The Government's Summaries can be grouped into the following three general categories:

1. Flotron Trading Episodes: GX 126 and its subsets (GX 102(a); GX 103(a); GX 104(a); GX 105(a); GX 106(a); GX 126A, GX 126AA, GX 126B, GX 126BB, GX 126C, GX 126CC, GX 126D, GX 126DD, GX 126E, and GX 126F);

2. Chan Trading Episodes: GX 127[1] and its subsets (GX 107(a) and GX 108(a)); and

3. Statistical Summaries: GX 130 through GX 147.

### II. Legal Standard

Rule 1006 of the Federal Rules of Evidence provides:

The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot

---
[1] The Government notes that it has removed Episode 152 (page 152) from GX 127.

conveniently be examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.

There are four requirements that must be satisfied in order for summaries to be admissible under Rule 1006. *First*, the summarized material must be voluminous and not conveniently subject to examination in court. *See United States v. Yousef*, 327 F.3d 56, 157-58 (2d Cir. 2003) ("[T]he Government was . . . entirely within its rights to use charts to draw the jurors' attention to particular evidence culled from a voluminous set of records."); *United States v. Jasper*, No. 00 CR. 825(PKL), 2003 WL 221740, at *2 (S.D.N.Y. Jan. 31, 2003) (noting that "[t]he Second Circuit has long approved the use of summary charts for assistance in complex matters"). *Second*, the summary, chart, or calculation must be an accurate compilation of the voluminous records. *See United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) ("The proponent must show that the voluminous source materials are what the proponent claims them to be and that the summary accurately summarizes the source materials."); *United States v. Koskerides*, 877 F.2d 1129, 1134 (2d Cir. 1989) ("Summary charts may be admitted upon a proper foundation connecting the numbers on the chart with the underlying evidence."). *Third*, the underlying records that are summarized must themselves be admissible into evidence. *See United States v. Peirce*, 357 F. Appx. 319, 322 (2d Cir. 2009) ("This Court has held that summary charts are admissible where all of the evidence contained in the charts is supported by evidence already admitted."). And *fourth*, the underlying documents must be made

available to the opposing party for examination and copying. Fed. R. Evid. 1006; *see also United States v. Ging-Hwang Tsoa*, No. 1:13CR137 JCC, 2013 WL 6145664, at *4 (E.D. Va. Nov. 20, 2013) ("[T]he following elements must be satisfied to permit admission under Rule 1006: (1) the summarized material must be 'voluminous' and not conveniently subject to examination in court; (2) the summary or chart must be an accurate compilation of the voluminous records; (3) the records summarized must be otherwise admissible into evidence; and (4) the underlying documents must be made available to the opposing party for examination and copying.").

### III. The Government's Summaries Are Admissible

#### A. The Government's Summaries Are Based on Voluminous Data That Is Not Conveniently Subject to Examination in Court

*First*, the Government's Summaries are based on voluminous data. Specifically, the Flotron Trading Episodes, the Chan Trading Episodes, and the Statistical Summaries are each based on data contained in GX 001 through GX 006. Collectively, these six exhibits contain more than one terabyte of data.

GX 001 and GX 006 together contain six years' (2008-2013) of order and trade data—containing information on individual order placement, modification, execution, and cancellation—for precious metals futures contracts traded on the CME Group's Commodity Exchange, Inc. ("COMEX").[2] GX 002 contains six years' of market depth

---

[2] The Government obtained certain COMEX data from the CME Group directly (*i.e.*, GX 001 and 002), while the Government received other COMEX data from UBS (*i.e.*, GX 006) who had obtained it originally from the CME Group.

data—containing a snapshot of the "order book" at certain points in time—for precious metals futures contracts traded on COMEX. GX 003 contains order and trade data for Flotron and Chan from UBS's proprietary trading system ("SwisKey"). GX 004 contains information relating to the "Tag50" identifiers assigned to Flotron and Chan, and GX 005 consists of data dictionaries that explain the various data fields contained in GX 001-GX 002 and GX 006.

Defense counsel, by his own admission, has conceded that the data contained in GX 001-GX 006 is voluminous. *See* Def.'s Letter Regarding Adjournment of Trial Date at 1 (Doc. No. 158) (seeking an adjournment because, among other things, "it will allow the defense to analyze the voluminous trade data related to the trades the government may introduce at trial"); *see also* Nov. 6, 2017 Hearing Tr. at 22 ("We have received I think three productions totaling over 100 gigabytes of data, including Excel files and data and 302s. So right now we're sitting on a giant haystack of data."); Dec. 4, 2017 Hearing Tr. at 4, 17 (noting the "millions of lines of data" and "zillions of lines of data"); Mar. 12, 2018 Hearing Tr. at 30, 32-33 ("And the amount of data here is phenomenally ginormous"; "There's reams and reams and reams of pages"; "And again, this comes from giga-, tera-, whatever is more, -bytes of data").

*Second*, the information contained in GX 001-GX 006 cannot be conveniently examined in court during trial because they consist of millions of lines of data for trading activity over a six-year period and represent over one terabyte (*i.e.*, over 1,000 gigabytes) of data.

### B. The Government's Summaries Are Accurate

During testimony from Lisa Pinheiro of Analysis Group, Inc., the Government will demonstrate that the Government's Summaries are accurate. Specifically, Ms. Pinheiro will testify regarding the robust processes and protocols utilized by her and her team to (1) accurately compile the underlying data contained in GX 001-GX 006, (2) accurately analyze the data, (3) accurately create the summaries, and (4) ensure the summaries accurately depict the contents of the voluminous information contained in GX 001-GX 006. *See United States v. Citron*, 783 F.2d 307, 317 (2d Cir. 1986) ("All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before."); *Peirce*, 357 F. Appx. at 322 ("[W]e have reasoned that the party seeking to introduce the charts need not provide detailed testimony stating the basis of each calculation . . . . All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it." (quotation marks and citation omitted)).

### C. The Government's Summaries Are Based on Admissible Evidence

As noted above, the Government's Summaries are based on voluminous data contained in GX 001-GX 006. Each of these exhibits, in turn, is comprised of business records admissible under Rule 803(6) of the Federal Rules of Evidence. Attached to this filing are business records certifications for GX 001-GX 006 executed by qualified custodians of business records. *See* Ex. A. In addition, defense counsel, during a

5

March 28, 2018 call with the Government to discuss the admissibility of trial exhibits, expressly stipulated to the admissibility of GX 001-GX 006.

### D. The Government Previously Produced the Data Underlying the Government's Summaries

The records and data contained on GX 001-GX 006 were provided by the Government to defense counsel during discovery in the case and have long been in defense counsel's possession. Specifically, the Government first provided the defense with materials contained in GX 001-GX 006 in October 2017 and completed its production of the remaining materials contained in GX 001-GX 006 on March 8, 2018. (The information produced in March 2018 was obtained by the Government at the request of the defendant).

## IV. <u>Conclusion</u>

For the foregoing reasons, the Government's Summaries should be admitted into evidence under Rule 1006 of the Federal Rules of Evidence.

        Respectfully submitted,

        SANDRA MOSER
        Acting Chief, Fraud Section
        U.S. Department of Justice

By:  <u>s/ Michael J. Rinaldi</u>
      Robert Zink
      Acting Principal Deputy Chief
      Michael J. Rinaldi
      Matthew F. Sullivan
      Trial Attorneys
      Criminal Division, Fraud Section
      U.S. Department of Justice
      1400 New York Ave., N.W.
      Washington, D.C. 20530
      (202) 514-2000 (telephone)
      (202) 514-0152 (facsimile)
      Robert.Zink@usdoj.gov
      Michael.Rinaldi@usdoj.gov
      Matthew.Sullivan2@usdoj.gov

      JOHN H. DURHAM
      U.S. Attorney

      Avi M. Perry
      Assistant U.S. Attorney
      U.S. Attorney's Office
      Connecticut Financial Center
      157 Church St., Floor 25
      New Haven, Connecticut  06510
      (203) 821-3700 (telephone)
      (203) 773-5377 (facsimile)
      Avi.M.Perry@usdoj.gov
      Federal Bar No. phv07156

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on April 11, 2018, a copy of the Government's Memorandum Regarding Proposed FRE 1006 Summary Exhibits was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      <u>s/ Michael J. Rinaldi</u>
                                      MICHAEL J. RINALDI
                                      TRIAL ATTORNEY