

United States Department of Justice

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut  06510* | *www.justice.gov/usao-ct* |

April 12, 2018

The Honorable Jeffrey Alker Meyer
Richard C. Lee, United States Courthouse
141 Church Street
New Haven, Connecticut 06510

    Re: *United States v. Andre Flotron*, 3:17cr220(JAM)

Dear Judge Meyer:

    Per the Court's April 12, 2008 order, the Government respectfully submits this letter addressing *United States v. Phillips*, 599 F.2d 134 (6th Cir. 1978). In *Phillips*, a cooperating witness (Woods) testified that he was involved in a bank robbery with the defendant. 599 F.2d at 135. Defense counsel attempted to show on cross-examination that the witness had a motive to falsely implicate the defendant. *Id*. On re-direct examination, the prosecution elicited testimony from the witness that he had participated in three other bank robberies with the defendant. *Id*. Reversing the defendant's conviction, the Sixth Circuit held that this evidence should have been excluded under Federal Rule of Evidence 404(b). *Id*. at 137. The court explained:

> [T]he testimony [does not] rebut the inference that Wood had a motive to accuse the defendant falsely. The challenged testimony is not logically relevant to this line of questioning. Wood's testimony implicating Phillips in bank robberies other than the robbery for which Phillips was on trial was apparently offered as an attempt to "rehabilitate" Wood after his motive for testifying had been attacked. Questions on redirect designed to rehabilitate a witness by showing that the defendant had a general readiness or propensity to rob banks are just as objectionable under Rule 404(b) as such questions on direct.

*Id.*

    In the instant case, defense counsel seeks to impeach a Government witness, Kar-Hoe ("Mike") Chan with evidence of Mr. Chan's front-running (albeit without

using that term). If left uncorrected, the inference for the jury will be that Mr. Chan engaged in this deceptive conduct on his own, without instruction from the defendant. In turn, that inference will strongly undercut Mr. Chan's expected testimony that the defendant taught him how to spoof. After all, if Mr. Chan learned to front-run on his own, perhaps he also learned to spoof on his own (or in any event, from someone other than the defendant).

The Government must be permitted to rebut this incorrect inference. Unlike in *Phillips*, evidence that Mr. Flotron taught Mr. Chan to front-run *directly* rebuts the inference that Mr. Chan was a rogue trader who commited crimes on his own. Hence, in contrast to *Phillips*, the testimony the Government seeks to elicit on re-direct examination here *is* relevant. Indeed, it is crucial to the jury's understanding of the dynamic between Mr. Chan (a junior trader) and the defendant (his supervisor).

As to the language in *Phillips* that "[q]uestions on redirect designed to rehabilitate a witness by showing that the defendant had a general readiness or propensity to rob banks are just as objectionable under Rule 404(b) as such questions on direct," *id.*, the Government notes that this Court's order excluding evidence of front-running rested on a finding that, on direct examination, such evidence was more prejudicial than probative:

> The prejudicial effect of this evidence concerning separate wrongful activity substantially outweighs its probative value, especially in view of the fact that the evidence of the alleged conduct does not factually overlap with the charged offense. The grant of this motion is without prejudice to the Government's introduction of such evidence or questioning re front-running trading activity in the event that defendant opens the door to such evidence at trial.

Apr. 3, 2018 Order (Doc. No. 178).  But as the Court anticipated, that analysis is subject to change if the defendant opens the door. *See United States v. Martinez*, 775 F.2d 31, 37 (2d Cir. 1985) ("Evidence whose probative value might not be thought to outweigh its prejudicial effect if offered on direct examination may well be admitted during redirect examination for the purpose of rebutting the false impression which resulted from cross examination.").

At this point, the Court is well aware of the parameters of this issue. After Mr. Chan's cross-examination is complete, the Government will notify the Court if the Government believes the door has been opened, so the Court is able to provide guidance as to the permitted scope of re-direct examination. Further, to the extent that the Government *is* permitted to offer evidence on re-direct examination of Mr. Flotron teaching Mr. Chan to commit crimes other than spoofing, the Government respectfully suggests that (unlike in *Phillips*) a limiting instruction should be provided.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700 (telephone)
(203) 773-5377 (fax)
avi.m.perry@usdoj.gov
Federal Bar No. phv07156

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice

/s/ Robert Zink
Robert Zink
Acting Principal Deputy Chief, Fraud Section
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 616-0429 (telephone)
(202) 616-1660 (fax)
robert.zink@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on April 12, 2018, a copy of the foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY